**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Nikola Corp., *et al.*,[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 25-10258 (___)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER AUTHORIZING REDACTION OF CERTAIN
PERSONAL IDENTIFYING INFORMATION WITHIN THE
CONSOLIDATED LIST OF CREDITORS AND OTHER FILINGS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to redact certain personal identifying information within the consolidated list of creditors (the "Consolidated Creditor Matrix") and any other filing within these cases that may contain personal identifying information.[2] In support of this motion (this "Motion"), the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2] Concurrently with this Motion, the Debtors filed an application with the Court seeking to appoint Epiq Corporate Restructuring, LLC as claims and noticing agent in these cases. As allowed by Local Rule 1007-2, which provides that "[i]n jointly administered cases with a claims and noticing agent, the lists required by Fed. R. Bankr. P. 1007(a)(1) and (d) may be consolidated for the debtors," the Debtors filed a consolidated creditor matrix and consolidated list of the Debtors' 30 largest unsecured creditors (the "Consolidated Top 30 Creditors List").

*of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these cases is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 1007 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-1, 1007-2, 2002-1, and 9013-1(m).

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of this Motion, no trustee, examiner or statutory committee of creditors is appointed in these cases.

5. The Debtors are global leaders in zero-emissions commercial transportation, including the design and manufacture of battery-electric and hydrogen fuel cell electric trucks and the development of infrastructure for hydrogen fueling solutions. Founded in 2015, the Debtors are headquartered in Phoenix, Arizona and employ more than 900 employees.

6. Additional information about the Debtors, including their business operations, corporate and capital structure, and the events leading to the filing of these cases is detailed in the *Declaration of Stephen J. Girsky in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

7. Pursuant to sections 105(a), 107(c), and 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 9018, and Local Rules 1001-1(c), 1007-1, 1007-2, 2002-1, and 9013-1(m), the Debtors seek permission to redact certain personal identifying information in the Consolidated Creditor Matrix, the Consolidated Top 30 Creditors List, the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), affidavits of service, and any other filing filed by the Debtors in these cases that may contain personal identifying information.

## BASIS FOR RELIEF

**I. Certain Personal Identifying Information in the Consolidated Creditor Matrix and Other Filings Should be Redacted.**

8. Although the public has a common law "right of access to judicial proceedings and records," *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. 11 U.S.C. § 107(c); *see also Cendant*, 260 F.3d at 194 (noting the public's right of access "is not absolute") (citation and internal quotation marks omitted); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched,

so also is the correlative principle that the right is not absolute.") (citation and internal quotation marks omitted).

9. Specifically, section 107 of the Bankruptcy Code enables a court to issue orders that protect parties from the potential harm that could result from disclosing confidential information. Section 107(b) of the Bankruptcy Code provides, in pertinent part, as follows:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]

11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 (same).

10. Additionally, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

11. The Debtors should be permitted to redact from any paper filed or to be filed with the Court in these cases the personal identifying information—including e-mail and home addresses—of any of the Debtors' individual equity security holders and creditors—including the Debtors' board members and current and former employees—to the extent applicable, because such information could be used by third parties to, among other things, perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking who have otherwise taken steps to conceal their whereabouts. This risk is not merely speculative. In at least one recent chapter 11

case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[3]

12. The disclosure of the unredacted home addresses of individual creditors is not necessary for the purpose of the relevant parties reviewing the amounts owed to those individuals as part of the chapter 11 process, and redaction would be a less intrusive way of achieving this purpose. The right of individual creditors not to have their unredacted home addresses disclosed would also override the legitimate interest of disclosing them to assist with these cases.

13. The Debtors propose to provide an unredacted version of the Consolidated Creditor Matrix and any other redacted, applicable filings to this Court, the Office of the United States Trustee (the "U.S. Trustee"), counsel to any statutory committee appointed in these cases, and other parties in interest upon reasonable request (e-mail being sufficient) to the Debtors or this Court that is reasonably related to these cases or as otherwise ordered by the Court.

14. Courts in this district have stressed the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In overruling an objection by the U.S. Trustee in *Art Van Furniture* to relief similar to that which is being requested herein, the Court noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7,[4] *In re Art Van Furniture, LLC*, No.

---

[3] The incident, which took place during the first Charming Charlie chapter 11 case in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) [Docket No. 4].

[4] Because of the voluminous nature of the transcripts cited herein, copies of transcripts have not been attached to this Motion, but are available upon request to the Debtors' proposed counsel.

5

20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) [Docket No. 82].[5] The Court found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id.* at 25:13-16. Similarly, in *Clover Technologies*, the Court overruled the U.S. Trustee's objection, noting that:

> To me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [Docket No. 146]. And, in *Forever 21*, in overruling the U.S. Trustee's objection, the Court found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [Docket No. 605]; *see also* Hr'g Tr. at 28:1–29:20, *In re 2U, Inc.*, No. 24-11279 (MEW) (Bankr. S.D.N.Y. July 26, 2024) [Docket No. 58] (stating that "the United States, in particular some of these provisions of the Bankruptcy Code, is woefully behind the rest of the universe in terms of the protection of personally identifiable information," and noting that the Court has inherent authority under Bankruptcy Rule 9037(a) and the E-Government Act of 2002 to order the

---

[5] Similarly, the Court previously overruled the U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon to be 2020—to put as little information out as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) [Docket No. 112]. The Court acknowledged that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of information becoming public." *See* Hr'g Tr. at 45:25-46:2, 47:22–24. The Debtors reserve the right to supplement the record with respect to such risks insofar as they are not self-evident in this instance.

redaction of personally identifiable information to protect individuals); *Bloomberg L.P. v. FTX Trading Ltd. (In re FTX Trading Ltd.)*, Civ. No. 23-682-CFC, 2024 WL4948827 (D. Del. Dec. 3, 2024) (affirming the bankruptcy court's order allowing the debtors to redact individuals' names to protect against the threat of being victimized).

15. Courts in this district routinely grant the relief requested in this Motion. *See, e.g.*, *In re Biolase, Inc.*, No. 24-12245 (KBO) (Bankr. D. Del. Oct. 3, 2024) (authorizing the debtor to redact the email and home addresses of individual creditors and interest holders on its creditor matrix and any other papers filed with the court); *In re Supply Source Enterprises, Inc.*, No. 24-11054 (BLS) (Bankr. D. Del. May 23, 2024) (same); *In re Ambri, Inc.*, No. 24-10952 (LSS) (Bankr. D. Del May 7, 2024) (same); *In re Restoration Forest Prods. Group, LLC*, No. 24-10120 (KBO) (Bankr. D. Del. Feb. 22, 2024) (same); *In re Humanigen, Inc.*, No. 24-10003 (BLS) (Bankr. D. Del. Jan. 29, 2024) (same); *In re DeCurtis Holdings LLC*, No. 23-10548 (JKS) (Bankr. D. Del. May 2, 2023) (same).

16. For these reasons, cause exists to authorize the Debtors to seal, pursuant to 11 U.S.C. § 107(c)(1), personal identifying information—including e-mail and home addresses—in respect of individuals who are listed on the Consolidated Creditor Matrix, Consolidated Top 30 Creditors List, Schedules or any other document filed with this Court by the Debtors. Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals by publishing their home addresses.

## COMPLIANCE WITH LOCAL RULE 9018-1(D)(II)

17. Under the circumstances, and given the nature of the relief requested, the Debtors have not been able to confer with the individuals whose information is requested to be sealed and,

accordingly, the Debtors submit that there is cause to excuse the Debtors from the meet and confer obligations under Local Rule 9018-1(d).

### NOTICE

18. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the Debtors' thirty largest unsecured creditors; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; (g) the DIP lender, if any; (h) Bank of America, N.A.; (i) Citibank, N.A.; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within forty-eight hours of the entry of an order granting this Motion, the Debtors will serve copies of this Motion and the order as required by Local Rule 9013-1(m). The Debtors submit that no further notice is necessary.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court grant (i) the relief requested in this Motion by entering the proposed order, substantially in the form attached as **Exhibit A**, and (ii) such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: February 19, 2025<br>Wilmington, Delaware | Respectfully submitted, |
| | */s/ Maria Kotsiras* |
| Joshua D. Morse, Esq.<br>Jonathan R. Doolittle, Esq.<br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, California 94111-5998<br>Telephone: (415) 983-1000<br>Facsimile: (415) 983-1200<br>Email: joshua.morse@pillsburylaw.com<br>jonathan.doolittle@pillsburylaw.com | M. Blake Cleary (No. 3614)<br>Brett M. Haywood (No. 6166)<br>Maria Kotsiras (No. 6840)<br>Shannon A. Forshay (No. 7293)<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: bcleary@potteranderson.com<br>bhaywood@potteranderson.com<br>mkotsiras@potteranderson.com<br>sforshay@potteranderson.com |
| -and- | |
| Andrew V. Alfano, Esq.<br>Caroline Tart, Esq.<br>Chazz C. Coleman, Esq.<br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>31 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 858-1000<br>Facsimile: (212) 858-1500<br>Email: andrew.alfano@pillsburylaw.com<br>caroline.tart@pillsburylaw.com<br>chazz.coleman@pillsburylaw.com | |

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (___) |
| Debtors. | (Joint Administration Requested) |
| | Re: Docket No. ___ |

## ORDER AUTHORIZING REDACTION OF CERTAIN PERSONAL IDENTIFYING INFORMATION IN THE CONSOLIDATED LIST OF CREDITORS AND OTHER FILINGS

Upon the motion (the "'Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), for authority to redact certain personal identifying information in the Consolidated Creditor Matrix, Consolidated Top 30 Creditors List, Schedules, and other filings of the Debtors within these cases, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases is proper pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

    1.      The Motion is GRANTED as set forth herein.

    2.      The Debtors are authorized to redact the e-mail addresses and home addresses, but not the names, of the Debtors' employees, equity holders, customers, board members, and creditors who are individual persons from the Consolidated Creditor Matrix, Consolidated Top 30 Creditors List, Schedules, affidavits of service, or any other document filed by the Debtors with this Court in these cases; *provided, that* the Debtors shall file unredacted versions of the Consolidated Creditor Matrix, Schedules and Statements, and other documents filed by the Debtors under seal with the Court, within three (3) business days of the date of such filing and shall provide an unredacted version of the Consolidated Creditor Matrix, Schedules, and (if requested) affidavits of service to the U.S. Trustee, any official committee of unsecured creditors appointed in these cases, the Debtors' court-appointed claims and noticing agent, any subsequently appointed trustee, and any party in interest upon the execution of an appropriate confidentiality agreement reasonably acceptable to the Debtors or if ordered by the Court.

    3.      When serving any notice in these cases on the Debtors' employees, equity holders, customers, board members, and creditors who are individual persons, the Debtors' claims and noticing agent, and, where applicable, the Clerk of the Court, shall use the home address or such

address that the Debtors have on file for such individual, which address shall not be the Debtors' general mailing addresses.

4.     Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's personally identifiable information is sealed or redacted pursuant to this Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service.  The Debtors shall provide the personally identifiable information to any party in interest upon the execution of an appropriate confidentiality agreement reasonably acceptable to the Debtors or entry of an order granting a written motion to the Court that indicates the reason such information is needed (*e.g.*, to serve the employees with notice).  Alternatively, the Debtors are authorized to facilitate service of process through the Debtors' claims and noticing agent for any party in interest required to serve a creditor whose information has been redacted pursuant to this Order and arrange for reimbursement of expenses on account of such service with such party in interest.

5.     Nothing in this Order authorizes the redaction of any information required to be provided on the Consolidated Top 30 Creditors List.

6.     Nothing in this Order shall abrogate the rights, duties, and obligations found under or pursuant to 11 U.S.C. § 107(c)(3).

7.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

4

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

11768815v.2