**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM**
**AND FINAL ORDERS (I) APPROVING FORM OF ADEQUATE**
**ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING**
**PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES,**
**(III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING,**
**OR DISCONTINUING SERVICES, AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "Proposed Interim Order") and **Exhibit B** (the "Proposed Final Order"), (i) approving the proposed form of adequate assurance of payment to the Debtors' utility providers ("Utility Companies," and individually, a "Utility Company"), (ii) establishing procedures for resolving objections by Utility Companies relating to the Debtors' proposed adequate assurance, (iii) prohibiting Utility Companies from altering, refusing, or discontinuing services, and (iv) granting related relief. In support of this motion (this "Motion"), the Debtors respectfully state as follows:

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these cases is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory bases for the relief requested herein are sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

## BACKGROUND

4.      On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of this Motion, no trustee, examiner or statutory committee of creditors is appointed in these cases.

5.      The Debtors are global leaders in zero-emissions commercial transportation, including the design and manufacture of battery-electric and hydrogen fuel cell electric trucks and

the development of infrastructure for hydrogen fueling solutions.  Founded in 2015, the Debtors

are headquartered in Phoenix, Arizona and employ more than 850 employees.

6.      Additional information about the Debtors, including their business operations,

corporate and capital structure, and the events leading to the filing of these cases is detailed in the

*Declaration of Stephen J. Girsky in Support of Chapter 11 Petitions and First Day Motions* (the

"First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

7.      In connection with the normal operations of the Debtors' business, the Debtors use

water, electric, gas, internet, telecommunications, waste, recycling, and other utility services

(collectively, the "Utility Services").  While the Debtors pay for most of their Utility Services

directly, some are billed to the Debtors' landlords and passed through to the Debtors under the

applicable lease agreements.[2]  A non-exclusive list of Utility Companies that the Debtors pay

directly (the "Utility Company List") is attached hereto as **Exhibit C**.

8.      To the best of the Debtors' knowledge, there are no defaults or arrearages with

respect to the undisputed invoices for prepetition Utility Services.  In the aggregate, the Debtors'

monthly expenditure for all Utility Services from the Utility Companies is approximately

$354,491.81, calculated as a historical monthly average during the six-month period before the

Petition Date.

9.      Uninterrupted Utility Services are essential to preserving the Debtors' ongoing

business operations as a going concern and, hence, the overall success of the Debtors' sale process

and these cases.  Should any Utility Company refuse or discontinue service, even for a brief period,

the Debtors' business operations would be disrupted.  The relief sought in this Motion is thus

---

[2]      Notwithstanding any current or future nonpayment, deferral, waiver, or other compromise of rent, the Debtors
submit that their landlords should be required to continue to pay for Utility Services in the ordinary course unless
the Debtors reject the applicable lease agreement.

necessary to ensure that the Debtors maintain continued services from these Utility Companies to allow the Debtors to continue operating in the normal course during these cases.

## RELIEF REQUESTED

10.     Pursuant to sections 105(a) and 366 of the Bankruptcy Code, the Debtors seek entry of interim and final orders: (i) approving the amount of the Adequate Assurance Deposit (defined below), (ii) establishing procedures for resolving Additional Assurance Requests (defined below), (iii) prohibiting Utility Companies from altering, refusing, or discontinuing services, and (iv) granting related relief.  The Debtors also request that the Court schedule a hearing to approve the relief requested in this Motion on a final basis.

## PROPOSED ADEQUATE ASSURANCE PROCEDURES

### A.     The Proposed Adequate Assurance of Payment.

11.     The Debtors intend to pay all undisputed postpetition obligations owed to the Utility Companies in the ordinary course of business and in a timely manner.  Nevertheless, as additional adequate assurance for future utility services, the Debtors propose to deposit an amount equal to the aggregate two-week cost of Utility Services paid directly by the Debtors plus a 20% contingency (the "Adequate Assurance Deposit").  The Adequate Assurance Deposit—in the amount of $212,695.09 —will be held in a segregated account (the "Adequate Assurance Account") for the benefit of the Utility Companies for the duration of these cases.  Should the Debtors default on their payment obligation to a Utility Company, such Utility Company shall have a right to the Adequate Assurance Deposit in the amount set forth in **Exhibit C**, subject to the Debtors' rights to terminate or discontinue the applicable Utility Service.

12.     The Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course (together, the "Proposed Adequate Assurance") constitutes adequate assurance of payment in satisfaction of section 366 of the Bankruptcy Code.

**B.     Procedures for Requesting Additional Adequate Assurances of Payment.**

13.     Notwithstanding the foregoing, the Debtors seek to establish reasonable procedures by which a Utility Company may request additional assurance of payment.  Upon the Court's approval, the Debtors propose that the following procedures apply to Utility Companies that wish to request additional assurances of payment (the "Adequate Assurance Procedures"):

a)     Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional adequate assurance (an "Additional Assurance Request") so that it is actually received by the Notice Parties (as defined in the Proposed Interim Order).

b)     An Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; and (iv) set forth why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

c)     Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will have 14 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request; *provided that*, the Debtors and the Utility Company may extend the Resolution Period by mutual agreement.

d)     The Debtors may, without further order of the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Company and, the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, prepayments, and other forms of security if the Debtors believe such additional assurance is reasonable.

e)     If the Debtors determine in their business judgment that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, then the

Debtors, during or immediately after the Resolution Period, will request a hearing (the "<u>Determination Hearing</u>") before the Court to determine the adequacy of assurances of payment with respect to that Utility Company pursuant to section 366(c)(3) of the Bankruptcy Code. The Determination Hearing shall be held at the next regularly-scheduled omnibus hearing in these cases unless the Court orders otherwise.

f)      Pending resolution of a dispute scheduled for a Determination Hearing or entry of a final order granting this Motion, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

g)      All utility providers that have received notice, and for whose benefit Adequate Assurance Deposits are being made, are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures unless and until (i) the Debtors agree in writing to (A) an Additional Assurance Request, or (B) a form of alternative adequate assurance with the Utility Company during the Resolution Period; or (ii) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

h)      The portion of the Adequate Assurance Deposit attributable to each Utility Company (including any additional amount deposited upon request of any applicable Utility Company), or any portion thereof, shall revert to the Debtors less any amounts owed on account of unpaid, postpetition Utility Services, by no later than 5 business days following the earlier of (i) the date upon which the Debtors reconcile and pay the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company; (ii) the effective date of any chapter 11 plan confirmed in these cases; or (iii) the date these cases are closed.

14.     Absent compliance with the Adequate Assurance Procedures, the Debtors request that the Utility Companies, including those subsequently added to the Utility Company List, be prohibited from altering, refusing, or discontinuing service or requiring additional assurance of payment other than the Proposed Adequate Assurance.

**C.**     **Modifications to the Utility Company List and Procedures for Subsequently Identified Utility Companies.**

15.     Although the Debtors made a good-faith effort to identify all providers of Utility Services, certain Utility Companies may have been inadvertently omitted.  Consequently, the Debtors seek authority to amend or supplement the Utility Company List to add inadvertently omitted Utility Companies.  The Debtors will file any amendments or supplement, and serve copies of this Motion, the Proposed Interim Order or the Proposed Final Order (as applicable), and the amended Utility Company List, on any newly-identified Utility Companies.

16.     The Debtors request that the terms of any order granting this Motion and Adequate Assurance Procedures apply to any subsequently identified Utility Company; *provided*, *however*, that if a Utility Company is added to the Utility Company List, the Debtors will, within 10 days of adding the Utility Company to the Utility Company List, increase the amount of the Adequate Assurance Deposit by an amount equal to the two-week expenditure for the Utility Services provided by such Utility Company, calculated as a historical average during the six-month period before the Petition Date.

**D.**     **Prohibition on Altering, Refusing, or Discontinuing Service.**

17.     The Debtors request that after entry of the Proposed Interim Order and Proposed Final Order, and pending resolution of any Additional Assurance Request, the Utility Companies, regardless of when they were added to the Utility Company List, be prohibited from (i) discriminating against the Debtors; (ii) altering, refusing, or discontinuing service to the Debtors; or (iii) requiring payment of a deposit or other security for postpetition Utility Services, other than the Adequate Assurance Deposit, as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices.

**BASIS FOR RELIEF**

**I.      The Proposed Adequate Assurance Provides Utility Companies with Adequate Assurance of Payment.**

18.      Section 366 of the Bankruptcy Code protects a debtor, after the petition date, from the immediate termination or alteration of utility services.  *See* 11 U.S.C. § 366. The policy underlying section 366 ensures that a debtor will receive uninterrupted utility services after filing a bankruptcy case, so long as the utility company receives adequate assurance that the debtor will pay for postpetition services.  *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306; *see also Jones v. Boston Gas Co. (In re Jones)*, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) ("The purpose of § 366 is 'to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid.'") (quoting *Begley v. Philadelphia Elec. Co.*, 760 F.2d 46, 49 (3d Cir. 1985)).  The relief requested in this Motion is consistent with the policy underlying section 366 of the Bankruptcy Code.

19.      To avail itself of the protections of section 366 of the Bankruptcy Code, a debtor must furnish adequate assurance of payment within 20 days after the entry of the order for relief in the form of a deposit or other security for postpetition service.  11 U.S.C. § 366(b). Section 366(c)(1)(A) of the Bankruptcy Code defines "assurance of payment" to include, among other things, "a cash deposit."  *Id.* § 366(c)(1)(A)(i).  While the form of "adequate assurance" of payment can vary, it must be "satisfactory" to the utility provider.  *Id.* § 366(c)(2).  When determining whether assurance of payment is "adequate" or "satisfactory," courts look to the totality of the circumstances to make an informed decision regarding whether the utility provider will be subject to an unreasonable risk of nonpayment.  *See Massachusetts Elec. Co. v. Keydata Corp. (In re Keydata Corp.)*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1

8

B.R. 330 (Bankr. E.D. Va. 1979)); *In re Adelphia Bus. Sols., Inc.*, 280 B.R. 63, 82–83 (Bankr. S.D.N.Y. 2002) (finding that "the heart of the inquiry . . . is the examination of the totality of the circumstances to make an informed judgment as to whether or not the utilities would be subject to an unreasonable risk of payment"). The right to "adequate assurance," however, does not constitute an absolute guarantee of a debtors' ability to pay. *See, e.g.*, *Long Island Lighting Co. v. Great Atl. & Pac. Tea Co. (In re Great Atl. & Pac. Tea Co.)*, No. 11–CV–1338 (CS), 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full") (citations omitted).

20.     Here, the Debtors propose to place a deposit into the Adequate Assurance Account, for the benefit of the Utility Companies, in an amount equal to the Debtors' aggregate two-week cost of Utility Services for all of the Utility Companies on the Utility Company List, calculated from a historical monthly average during the six-month period before the Petition Date. Accordingly, the Proposed Adequate Assurance provides the Utility Companies with adequate assurance of payment consistent with the requirements of section 366 of the Bankruptcy Code.

**II.      The Debtors' Proposed Adequate Assurance Procedures Properly Balance the Interests of the Utility Companies and Those of the Debtors and Their Estates.**

21.     The Court should also approve the Debtors' proposed Adequate Assurance Procedures because they appropriately balance the Utility Companies' need for a fair and orderly process for seeking modifications of the Proposed Adequate Assurance, while allowing the Debtors to address Additional Assurance Requests in an organized manner at a critical juncture in these cases.

22.     Courts are permitted to fashion reasonable procedures, such as the proposed Adequate Assurance Procedures, to implement the protections afforded by section 366 of the

Bankruptcy Code. *See, e.g.*, *In re Circuit City Stores, Inc.*, No. 08–35653, 2009 WL 484553, at \*5 (Bankr. E.D. Va. Jan. 14, 2009) (stating that "[t]he plain language of § 366 of the Bankruptcy Code allows the Court to adopt the Procedures set forth in the Utility Order"). Such procedures are important because, without them, debtors "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize." *Id*. Here, notwithstanding the Debtors' belief that the Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Companies believe they have under sections 366(b) and (c)(2) of the Bankruptcy Code are preserved under the Adequate Assurance Procedures. The Utility Companies may still request modification of the Proposed Adequate Assurance in accordance with the Adequate Assurance Procedures.

23.    Because the Adequate Assurance Procedures are reasonable and consistent with the purposes of section 366 of the Bankruptcy Code, the Court should grant this Motion. Indeed, similar procedures have been approved by courts in this district. *See, e.g.*, *In re Zurvita Holdings, Inc.*, Case No. 24-12823 (MFW) (Bankr. D. Del. Jan. 16, 2025) (approving adequate assurance deposit equal to one-half of the debtors' monthly utility expenses); *In re Biolase, Inc.*, No. 24-12245 (KBO) (Bankr. D. Del. Oct. 25, 2024) (same); *In re Restoration Forest Prods. Grp., LLC*, No. 24-10120 (KBO) (Bankr. D. Del. Mar. 4, 2024) (same); *In re AN Glob. LLC*, No. 23-11294 (JKS) (Bankr. D. Del. Oct. 3, 2023) (same); *In re The Rockport Co., LLC*, No. 23-10774 (BLS) (Bankr. D. Del. July 10, 2023) (same); *In re DeCurtis Holdings LLC*, No. 23-10548 (JKS) (Bankr. D. Del. May 23, 2023) (same); *In re Tritek Int'l Inc.*, No. 23-10520 (TMH) (Bankr. D. Del. May 22, 2023) (same).

24.    Finally, under section 105(a) of the Bankruptcy Code, the Court has the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of this title." 11 U.S.C. § 105(a).  The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366.  Accordingly, the Court should exercise its powers under sections 366 and 105(a) of the Bankruptcy Code and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

## RESERVATION OF RIGHTS

25.     Nothing in this Motion is (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors or rights of setoff asserted against the Debtors; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought in this Motion, any payment made pursuant to the Court's order is not an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute any claim.

## DEBTORS SATISFY REQUIREMENTS OF BANKRUPTCY RULE 6003

26.     Bankruptcy Rule 6003(a) empowers a court to grant certain relief within the first twenty-one days after the filing of the petition if such "relief is needed to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(a).  The Third Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions.  In that context, the Third Circuit has instructed that irreparable harm is that which "cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989).  The Debtors submit that, for the reasons set forth above, the relief

requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

### REQUEST FOR WAIVER OF STAY IMPOSED BY BANKRUPTCY RULE 6004

27.     The Debtors also request that this Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[u]nless the court orders otherwise, an order authorizing the use, sale, or lease of property (other than cash collateral) is stayed for 14 days after the order is entered." Fed. R. Bankr. P. 6004(h).  As described above, the relief requested in this Motion is necessary for the Debtors to operate without interruption and to preserve value for their estates. Accordingly, the Debtors respectfully request that this Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable, as the exigent nature of the relief requested herein justifies immediate relief.

### NOTICE

28.     Notice of this Motion will be provided to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the Debtors' thirty largest unsecured creditors; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; (g) the DIP lender, if any; (h) Bank of America, N.A.; (i) Citibank, N.A.; (j) the Utility Companies; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Given that this Motion seeks "first day" relief, within forty-eight hours of the entry of an order granting this Motion, the Debtors will serve copies of this Motion and the order as required by Local Rule 9013-1(m).  The Debtors submit that no further notice is necessary.

<u>**CONCLUSION**</u>

WHEREFORE, the Debtors respectfully request that this Court grant (i) the relief requested in this Motion by entering the Proposed Interim Order and the Proposed Final Order, substantially in the forms attached as **<u>Exhibit A</u>** and **<u>Exhibit B</u>**, and (ii) such other and further relief as this Court deems just and proper.

Dated: February 19, 2025
      Wilmington, Delaware

Joshua D. Morse, Esq.
Jonathan R. Doolittle, Esq.
**PILLSBURY WINTHROP SHAW
PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, California 94111-5998
Telephone: (415) 983-1000
Facsimile:  (415) 983-1200
Email: joshua.morse@pillsburylaw.com
      jonathan.doolittle@pillsburylaw.com

-and-

 Andrew V. Alfano, Esq.
 Caroline Tart, Esq.
 Chazz C. Coleman, Esq.
**PILLSBURY WINTHROP SHAW
PITTMAN LLP**
31 West 52nd Street
New York, New York 10019
Telephone: (212) 858-1000
Facsimile:  (212) 858-1500
Email: andrew.alfano@pillsburylaw.com
     caroline.tart@pillsburylaw.com
     chazz.coleman@pillsburylaw.com

Respectfully submitted,

*/s/ Maria Kotsiras*

M. Blake Cleary (No. 3614)
Brett M. Haywood (No. 6166)
Maria Kotsiras (No. 6840)
Shannon A. Forshay (No. 7293)
Sarah R. Gladieux (No. 7404)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: bcleary@potteranderson.com
     bhaywood@potteranderson.com
     mkotsiras@potteranderson.com
     sforshay@potteranderson.com
     sgladieux@potteranderson.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (___) |
| Debtors. | (Joint Administration Requested) |
| | Re: Docket No. |

**INTERIM ORDER (I) APPROVING DEBTORS'**
**PROPOSED FORM OF ADEQUATE ASSURANCE OF**
**PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING**
**PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES,**
**(III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING**
**OR DISCONTINUING SERVICES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "'Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (i) approving the proposed form of adequate assurance of payment to the Utility Companies, (ii) establishing procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance, (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing services, and (iv) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A).   The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing on the Motion shall be held on **March __, 2025, at__:__ _.m.**, prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be **received** by the following parties, **by no later than 4:00 p.m., prevailing Eastern Time, on March __, 2025**: (i) proposed counsel to the Debtors, (a) Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998 (Attn: Joshua D. Morse (joshua.morse@pillsburylaw.com), Jonathan R. Doolittle (jonathan.doolittle@pillsburylaw.com), and Andrew Alfano (andrew.alfano@pillsburylaw.com)), and (b) Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: M. Blake Cleary (bcleary@potteranderson.com), Brett M. Haywood (bhaywood@potteranderson.com), Maria Kotsiras (mkotsiras@potteranderson.com), and Shannon A. Forshay (sforshay@potteranderson.com)); (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801

(Attn: Timothy J. Fox, Jr. (Timothy.Fox@usdoj.gov)); (iv) the DIP lender, if any; and (v) if any statutory committee has been appointed in these cases, counsel to such committee (collectively, the "Notice Parties").

3.      The Debtors shall cause a copy of the Motion and this Interim Order to be served on each Utility Company listed on the Utility Company List no later than 2 business days after the date this Interim Order is entered.

4.      During the interim period, absent compliance with the Adequate Assurance Procedures and further order of the Court each Utility is restrained from altering, refusing, terminating, or discontinuing utility service to, or discriminating against, the Debtors on the bases of the commencement of these chapter 11 cases or on account of outstanding prepetition invoices.

5.      Within 10 days after entry of this Interim Order, the Debtors shall place a deposit in the amount of $212,695.09 (the "Adequate Assurance Deposit") into an interest-bearing, segregated account (the "Adequate Assurance Account"); *provided, however*, that to the extent any Utility Company receives any other value from the Debtors as adequate assurance of payment, the Debtors may, with the consent of the Utility Company, reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account on account of such Utility Company by the amount of such other value.  Notwithstanding anything to the contrary in any other order of this Court, including any debtor in possession ("DIP") financing order, no creditor, including the DIP lender, if any, shall have any interest in or lien on the Adequate Assurance Deposit.

6.      The Adequate Assurance Deposit shall be held for the purpose of providing adequate assurance of payment to each Utility Company for its postpetition Utility Services to the Debtors.

7.      The following Adequate Assurance Procedures are approved on an interim basis:

3

a)      Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional adequate assurance (an "Additional Assurance Request") so that it is actually received by the Notice Parties.

b)      An Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; and (iv) set forth why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

c)      Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will have 14 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request; *provided that*, the Debtors and the Utility Company may extend the Resolution Period by mutual agreement.

d)      The Debtors may, without further order of the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Company and, the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, prepayments, and other forms of security if the Debtors believe such additional assurance is reasonable.

e)      If the Debtors determine in their business judgment that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, then the Debtors, during or immediately after the Resolution Period, will request a hearing (the "Determination Hearing") before the Court to determine the adequacy of assurances of payment with respect to that Utility Company pursuant to section 366(c)(3) of the Bankruptcy Code. The Determination Hearing shall be held at the next regularly-scheduled omnibus hearing in these cases unless the Court orders otherwise.

f)      Pending resolution of a dispute scheduled for a Determination Hearing or entry of a final order granting this Motion, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

g)      All utility providers that have received notice, and for whose benefit Adequate Assurance Deposits are being made, are prohibited from requiring

4

additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures unless and until (i) the Debtors agree in writing to (A) an Additional Assurance Request, or (B) a form of alternative adequate assurance with the Utility Company during the Resolution Period; or (ii) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

h) The portion of the Adequate Assurance Deposit attributable to each Utility Company (including any additional amount deposited upon request of any applicable Utility Company), or any portion thereof, shall revert to the Debtors less any amounts owed on account of unpaid, postpetition Utility Services, by no later than 5 business days following the earlier of (i) the date upon which the Debtors reconcile and pay the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company; (ii) the effective date of any chapter 11 plan confirmed in these cases; or (iii) the date these cases are closed.

8. Absent further order of this Court, all Utility Companies, including any subsequently added Utility Company who have received service of the Motion and this Interim Order, are prohibited from altering, refusing, discontinuing service to, or discriminating against, the Debtors on account of any unpaid prepetition charges, the commencement of these cases, or any perceived inadequacy of the Adequate Assurance Deposit, and from requiring the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than in accordance with the Adequate Assurance Procedures in the Motion. The Utility Companies are also prohibited from drawing upon any existing security deposit, surety bond, or other form of security to secure future payment for Utility Services, other than as agreed to by the Debtors in accordance with the Adequate Assurance Procedures or as permitted by section 366(c)(4) of the Bankruptcy Code with respect to a security deposit provided prepetition.

9. The Utility Company List shall not be deemed an admission by the Debtors that any entity listed is a utility within the meaning of section 366 of the Bankruptcy Code.

5

10.     The Debtors may, subject to the terms of this Interim Order, amend or supplement the Utility Company List to add any Utility Company.  The Debtors shall file any such amended or supplemental Utility Company List with the Court, and serve a copy of the Motion, this Interim Order, and the amended Utility Company List on any Utility Company that is added to the Utility Company List.  Within 10 days from the time a Utility Company is added to the Utility Company List, the Debtors shall increase the Adequate Assurance Deposit in an amount equal to the Debtors' average two-week cost of Utility Services provided by such Utility Company added to the Utility Company List, calculated as a historical average during the six-month period before the Petition Date.  Any Utility Company added to the Utility Company List shall be permitted to make an Additional Assurance Request according to the Adequate Assurance Procedures.

11.     The Debtors may remove a Utility Company from the Utility Company List by filing with the Court a notice of an amended Utility Company List identifying the Utility Company to be removed, and serving a copy of such notice of amended Utility Company List on the Utility Company to be removed.  The Utility Company shall have 14 days after service of the notice of amended Utility Company List upon such Utility Company to object to its removal from the Utility Company List.  If the Utility Company does not timely object to its removal from the Utility Company List, the Utility Company's removal from the Utility Company List shall be immediately and automatically effective.  If a Utility Company timely objects to its removal from the Utility Company List, the Debtors may request a hearing before this Court at the next omnibus hearing date in these cases, not less than 14 days after the objection is filed, or such other date that the Debtors and the Utility Company may agree, and the Utility Company's removal from the Utility Company List shall not be effective until such objection has been resolved either consensually or by order of this Court.  The Debtors shall not deduct from the Adequate Assurance Deposit the

6

amount set aside for any Utility Company that the Debtors seek to terminate or delete from the Utility Company List unless and until: (i) the Utility Company has failed to timely object to its removal from the Utility Company List in accordance with this paragraph; or (ii) the Utility Company has timely objected, and such objection has been resolved consensually or by order of the Court.

12.     In the event a Utility Company is removed from the Utility Company List pursuant to the terms of this Interim Order, (i) the Debtors are authorized to reduce the amount of the Adequate Assurance Deposit by the amount that was attributable to the removed Utility Company, and (ii) if the removed Utility Company received any additional amount of adequate assurance from the Debtors, the removed Utility Company shall promptly return such amounts to the Debtors (but in no event later than 5 business days after the Utility Company is removed from the Utility Company List).

13.     Subject to any further order of the Court, this Interim Order and the Adequate Assurance Procedures shall be binding on all Utility Companies and any Utility Company subsequently added to the Utility Company List, *provided, however,* that this Interim Order is not binding on any Utility Company that has not been served with the Motion and this Interim Order. This Interim Order is without prejudice to any party's rights to contest any amount owed to a Utility Company.  Nothing in this Interim Order or the Motion shall be deemed to constitute postpetition assumption of any agreement under section 365 of the Bankruptcy Code.

14.     In accordance with this Interim Order and any other order of this Court, each financial institution at which the Debtors maintain their accounts relating to the provision of payment of adequate assurance as provided in this Interim Order is authorized to honor checks and electronic payment requests presented for the provision of adequate assurance as provided in this

Interim Order and all funds transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

15.     Nothing in the Motion shall be construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (iv) a promise to pay any claim; (v) a concession by the Debtors that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to this Interim Order are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved); (vi) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code; (vii) a waiver of the obligation of any party in interest to file a proof of claim; or (viii) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Any payment made pursuant to this Interim Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

16.     This Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the interim relief requested is necessary to avoid immediate and irreparable harm.

17.     The notice requirement of Bankruptcy Rule 6004(a) is waived.

18.     This Interim Order shall be immediately effective and enforceable upon its entry. The 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

19.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

20.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

# **EXHIBIT B**

## **Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (___) |
| Debtors. | (Joint Administration Requested) |
| | **Re: Docket Nos.** |

**FINAL ORDER (I) APPROVING DEBTORS'**
**PROPOSED FORM OF ADEQUATE ASSURANCE OF**
**PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING**
**PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES,**
**(III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING**
**OR DISCONTINUING SERVICES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Final Order") (i) approving the Debtors' proposed form of adequate assurance of postpetition payment to the Utility Companies; (ii) establishing procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance; and (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing services; and (iv) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Proposed Adequate Assurance constitutes "adequate assurance of payment" for purposes of section 366 of the Bankruptcy Code, on a final basis.

3.      The Adequate Assurance Deposit shall be held for the purpose of providing adequate assurance of payment to each Utility Company for its postpetition Utility Services to the Debtors as required under section 366 of the Bankruptcy Code; *provided, however*, that to the extent any Utility Company receives any other value from the Debtors as adequate assurance of payment, the Debtors may, with the consent of the Utility Company, reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account on account of such Utility Company by the amount of such other value.

4.      Notwithstanding anything to the contrary in any other order of this Court, including any DIP financing order, if any, no creditor, including the DIP lender, if any, shall have any interest in or lien on the Adequate Assurance Deposit.

5.      The following "Adequate Assurance Procedures" are hereby approved on a final

basis:

(a)     Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional adequate assurance (an "Additional Assurance Request") on the Notice Parties.

(b)     An Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; and (iv) set forth why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

(c)     Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will have 14 days from the receipt of such Additional Assurance Request (the "Resolution Period"), to negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request; *provided that*, the Debtors and the Utility Company may extend the Resolution Period by mutual agreement.

(d)     The Debtors may, without further order of the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Company and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

(e)     If the Debtors determine in their business judgment that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, then the Debtors, during or immediately after the Resolution Period, will request a hearing (the "Determination Hearing") before the Court to determine the adequacy of assurances of payment with respect to that Utility Company pursuant to section 366(c)(3) of the Bankruptcy Code.  The Determination Hearing shall be held at the next regularly-scheduled omnibus hearing in these cases, unless the Court orders otherwise.

(f)     Pending resolution of a dispute scheduled for a Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) pending Additional Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

3

(g)    All utility providers that have received notice, and for whose benefit Adequate Assurance Deposits are being made, are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures unless and until (i) the Debtors agree in writing to (A) an Additional Assurance Request, or (B) a form of alternative adequate assurance with the Utility Company during the Resolution Period; or (ii) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

(h)    The portion of the Adequate Assurance Deposit attributable to each Utility Company (including any additional amount deposited upon request of any applicable Utility Company), or any portion thereof, shall revert to the Debtors less any amounts owed on account of unpaid, postpetition Utility Services, by no later than 5 business days following the earlier of (i) the date upon which the Debtors reconcile and pay the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company; (ii) the effective date of any chapter 11 plan confirmed in these cases; or (iii) the date of closure of these cases.

6.    Absent further order of this Court, all Utility Companies, including any subsequently added Utility Company who have received service of the Motion and this Final Order, are prohibited from altering, refusing, discontinuing service to, or discriminating against, the Debtors on account of any unpaid prepetition charges, the commencement of these cases, or any perceived inadequacy of the Adequate Assurance Deposit, and from requiring the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than in accordance with the Adequate Assurance Procedures in the Motion.  The Utility Companies are also prohibited from drawing upon any existing security deposit, surety bond, or other form of security to secure future payment for Utility Services, other than as agreed to by the Debtors in accordance with the Adequate Assurance Procedures or as permitted by section 366(c)(4) of the Bankruptcy Code with respect to a security deposit provided prepetition.

7.    The Utility Company List shall not be deemed an admission by the Debtors that any entity listed is a utility within the meaning of section 366 of the Bankruptcy Code.

8.    The Debtors may, subject to the terms of this Final Order, amend or supplement the Utility Company List to add any Utility Company.  The Debtors shall file any such amended or supplemental Utility Company List with the Court, and serve a copy of the Motion, this Final Order, and the amended Utility Company List on any Utility Company that is added to the Utility Company List.  Within 10 days from the time a Utility Company is added to the Utility Company List, the Debtors shall increase the Adequate Assurance Deposit in an amount equal to the Debtors' average two-week cost of Utility Services provided by such Utility Company added to the Utility Company List, calculated as a historical average over the six-month period before the Petition Date.  A Utility Company added to the Utility Company List shall be permitted to make an Additional Assurance Request according to the Adequate Assurance Procedures.

9.    The Debtors may remove a Utility Company from the Utility Company List by filing with the Court a notice of an amended Utility Company List identifying the Utility Company to be removed, and serving a copy of such notice of amended Utility Company List on the Utility Company to be removed.  The Utility Company shall have 14 days after service of the notice of amended Utility Company List upon such Utility Company to object to its removal from the Utility Company List.  If the Utility Company does not timely object to its removal from the Utility Company List, the Utility Company's removal from the Utility Company List shall be immediately and automatically effective.  If a Utility Company timely objects to its removal from the Utility Company List, the Debtors may request a hearing before this Court at the next omnibus hearing date in these cases, not less than 14 days after the objection is filed, or such other date that the Debtors and the Utility Company may agree, and the Utility Company's removal from the Utility Company List shall not be effective until such objection has been resolved either consensually or by order of this Court.  The Debtors shall not deduct from the Adequate Assurance Deposit the

5

amount set aside for any Utility Company that the Debtors seek to terminate or delete from the

Utility Company List unless and until: (i) the Utility Company has failed to timely object to its

removal from the Utility Company List in accordance with this paragraph; or (ii) the Utility

Company has timely objected, and such objection has been resolved consensually or by order of

the Court.

10.     In the event a Utility Company is removed from the Utility Company List pursuant

to the terms of this Final Order, (i) the Debtors are authorized to reduce the amount of the Adequate

Assurance Deposit by the amount that was attributable to the removed Utility Company, and (ii)

if the removed Utility Company received any adequate assurance amounts from the Debtors, the

removed Utility Company shall promptly return such amounts to the Debtors (but in no event later

than 5 business days after the Utility Company is removed from the Utility Company List).

11.     This Final Order shall be binding on all Utility Companies, regardless of when a

Utility Company was added to the Utility Company List, *provided, however,* that this Final Order

is not binding on any Utility Company that has not been served with the Motion and this Final

Order.

12.     This Final Order is without prejudice to any party's rights to contest any amount

owed to a Utility Company.  Nothing in this Final Order or the Motion shall be deemed to

constitute postpetition assumption of any agreement under section 365 of the Bankruptcy Code.

13.     In accordance with this Final Order and any other order of this Court, each financial

institution at which the Debtors maintain their accounts relating to the provision of payment of

adequate assurance as provided in this Final Order is authorized to honor checks and electronic

payment requests presented for the provision of adequate assurance as provided in this Final Order

and all funds transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

14.     Nothing in the Motion shall be construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (iv) a promise to pay any claim; (v) a concession by the Debtors that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to this Final Order are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved); (vi) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code; (vii) a waiver of the obligation of any party in interest to file a proof of claim; or (viii) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Any payment made pursuant to this Final Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

15.     All objections to entry of this Final Order, to the extent not withdrawn or settled, are overruled.

16.     This Final Order shall be immediately effective and enforceable upon its entry.  The 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

18.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**<u>Exhibit C</u>**

**Utility Company List**

9

| Utility Company | Utility Provider Address[1] | Service Type | Proposed Adequate Assurance |
|---|---|---|---|
| ABM Industries Incorporated | 600 Harrison St., Suite 600 San Francisco, CA 94107 | Janitorial Services | $24,223.03 |
| Amerigas – 523 | P.O. BOX 7155 Pasadena, CA 91109 | Gas Provider (R&D Only) | $327.74 |
| Arizona Public Service Company | P.O. BOX 37812 Boone, IA 50037-0812 | Electric | $69,780.95 |
| Berrett Pest Control AZ Inc. | P.O. BOX 80065 City of Industry, CA 91716-8065 | Pest Control | $2,404.58 |
| Casa Grande Pumping Service, Inc. | 7324 S Linda Lou Rd. Eloy, AZ 85131 | Septic Tank Services | $7,742.51 |
| City of Phoenix | P.O. BOX 29100 Phoenix, AZ 85038-9100 | Water/Sewage | $3,612.52 |
| Cox Business | P.O. BOX 53249 Phoenix, AZ 85072 | IT Vendor/Internet | $2,977.28 |
| Dawson Enterprises, Inc. | 17251 E Shea Blvd. Fountain Hills, AZ 85268 | Propane | $262.20 |
| Gila Local Exchange Carrier | 7065 W Allison Rd. Chandler, AZ 85226 | IT Vendor/Internet | $3,222.72 |
| Picacho Cove Water Company, Inc. | 21410 N 19th Ave. Phoenix, AZ 85027 | Water | $22,906.69 |
| Republic Services, Inc. | P.O. BOX 78829 Phoenix, AZ 85062-8829 | Waste Disposal | $19,652.00 |
| Salt River Project | P.O. BOX 2951 Phoenix, AZ 85062-2951 | Electric | $53,562.98 |
| Southwest Gas Corporation | P.O. BOX 24531 Oakland, CA 94623-1531 | Natural Gas | $973.81 |
| Waste Management of Arizona, Inc. | P.O. Box 7400, Pasadena, CA 91109 | Waste Disposal | $1,046.07 |

---

[1]    Where applicable, the Debtors served the Utility Companies notice of the Debtors' first day agenda to non-PO box addresses.