**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND
FINAL ORDERS (I) AUTHORIZING MAINTENANCE,
ADMINISTRATION, AND CONTINUATION OF DEBTORS'
CUSTOMER PROGRAMS, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (i) authorizing, but not directing, the Debtors to maintain and administer certain customer-related warranty programs in the ordinary course of business and in a manner consistent with past practice as described herein (collectively, the "Customer Programs"), (ii) authorizing, but not directing, the Debtors to continue, replace, implement, modify, and/or terminate one or more of the Customer Programs, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business, without further Court order, and (iii) granting related relief. In addition, the Debtors request that the Court (as defined herein) schedule a final hearing to consider approval of this Motion on a final basis. In support of this motion (this "Motion"), the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these cases is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2.  Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.  Venue of these cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are sections 105(a), 363, 364(c), 1107, and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 4001(c), 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

**BACKGROUND**

5.  On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date of this Motion, no trustee, examiner or statutory committee of creditors has been appointed in these chapter 11 cases.

6.  The Debtors are global leaders in zero-emissions commercial transportation, including the design and manufacture of battery-electric and hydrogen fuel cell electric trucks and

2

the development of infrastructure for hydrogen fueling solutions. Founded in 2015, the Debtors are headquartered in Phoenix, Arizona and employ more than 850 employees.

7.  Additional information about the Debtors, including their business operations, corporate and capital structure, and the events leading to the filing of these cases is detailed in the *Declaration of Stephen J. Girsky in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## The Customer Programs

8.  In the ordinary course of business, the Debtors provide new vehicle limited warranty programs to accompany sold BEV trucks and FCEV trucks. These warranties, as part of the Debtors' general approach toward providing their customers with excellent dependable product support, and are a critical component of the promotion, sale, and customer acceptance of the Debtors' trucks.

9.  For the 2024/2025 FCEV trucks, the limited warranty programs cover the following:

**Nikola Tre FCEV New Vehicle Limited Warranty**
**Model Year 2024**

| Warranty Item Category | Months | Miles/KM |
|---|---|---|
| Base Warranty | 24 | 200,000/ 320,000 |
| Propulsion System | 60 | 500,000/ 800,000 |
| Hydrogen System[1] | 60 | 500,000/ 800,000 |
| Structural Frame | 60 | 500,000/ 800,000 |
| Greenhouse Gas (GHG) | 60 | 500,000/ 800,000 |
| Tires[2] | 24 | 24,000/ 38,000 |

10.     For the 2022/2023/2024 BEV trucks, the limited warranty programs cover the following:

**Nikola Tre BEV New Vehicle Limited Warranty**
**Model Year 2024**

| Warranty Item Category | Time (Months from warranty start date) | Miles |
|---|---|---|
| Base Warranty | 24 | 200,000 |
| Greenhouse Gas (GHG) | 60 | 300,000 |
| Structural Frame | 60 | 300,000 |
| E-Axle | 60 | 300,000 |
| HV System | 60 | 300,000 |
| HV Batteries | 60 | 300,000 |
| Tires[1] | 24 | 24,000 |

11.     The Debtors reserve a warranty liability on their balance sheet for these obligations, which includes, among other things, costs for parts and services purchased to satisfy such obligations, as well as an allocation for labor provided by the Debtors' employees to service the warranty obligations. Accordingly, warranty claims are satisfied both through employee labor and existing parts, which may not impose an incremental cost on the Debtors, as well as through expenditures made to third parties, including for the acquisition of additional or replacement parts and services.

12.     By this Motion, the Debtors request authority, in their sole discretion, to honor only limited postpetition obligations associated with the Customer Programs and to maintain and continue honoring the warranty obligations constituting the Customer Programs in the ordinary course of business, or modify the Customer Programs as the Debtors deem appropriate in their business judgment and in the ordinary course of business. Specifically, the Debtors request the authority, but not direction, to pay postpetition costs associated with the Customer Programs in an

4

amount not to exceed the aggregate amount of $75,000 during the first 30 days of these cases (the "Interim Period") and the aggregate amount of $150,000 on a final basis.

13. As of the Petition Date, the Debtors have approximately $193,583.42 in outstanding warranty claims related to BEV trucks and FCEV trucks.[2] As of December 31, 2024, the Debtors had recorded approximately $66,360,000 in warranty reserves, which consists of projected but unrealized warranty claims with respect to BEV trucks and FCEV trucks sold by the Debtors.

### RELIEF REQUESTED

14. The Debtors seek entry of the proposed interim order and the proposed final order (i) authorizing, but not directing, the Debtors to maintain and administer the Customer Programs in the ordinary course of business and in a manner consistent with past practice as described herein up to the aggregate amount of $150,000, of which the aggregate amount of $75,000 may come due during the Interim Period, (ii) authorizing, but not directing, the Debtors to continue, replace, implement, modify, and/or terminate one or more of the Customer Programs, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business, without further Court order, and (iii) granting related relief.

15. The Customer Programs allow the Debtors to meet competitive pressures, ensure customer satisfaction, and generate customer goodwill, thereby enhancing the likelihood of the Debtors' sale process culminating in a sale maximizing transaction. For the reasons set forth herein, the Debtors submit that the relief requested is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, and should, therefore, be granted.

16. Finally, the Debtors request that the Court schedule a final hearing to approve the relief requested in this Motion on a final basis.

---

[2] To be clear, the Debtors are not seeking authorization to satisfy any prepetition warranty claim obligations pursuant to this Motion.

## BASIS FOR RELIEF

**I.    Maintaining and Honoring Customer Programs Is Warranted Under Section 363(b)(1) of the Bankruptcy Code and the Doctrine of Necessity.**

17.    The Court may grant the relief requested herein pursuant to sections 363 and 105(a) of the Bankruptcy Code.  Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Under section 363(b) of the Bankruptcy Code, a court may authorize a debtor to pay certain prepetition claims if a sound business purpose exists for doing so.  *See In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (internal citations omitted) (requiring that debtor show a "sound business purpose" to justify its actions under section 363 of Bankruptcy Code); *see also In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (Bankr. D. Del. 1987).  Moreover, if "the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task").

18.    In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a); *see In re Ionosphere Clubs*, *Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (applying section 105(a) to justify an order authorizing the payment of certain

prepetition wages, salaries, medical benefits, and business expense claims to debtor's employees). Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "protect and preserve the estate, including an operating business' going-concern value," on behalf of a debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232-33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee."). Courts have consistently permitted payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See*, *e.g.*, *In re Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that "if payment of a claim which arose prior to reorganization is essential to the continued operation of the . . . [business] during reorganization, payment may be authorized even if it is made out of [the] corpus").

19. The Court may also authorize the payment of prepetition claims in appropriate circumstances under section 105(a) of the Bankruptcy Code and the doctrine of necessity, when such payment is essential to the continued operation of a debtor's business. *See*, *e.g.*, *In re Just for Feet*, *Inc*., 242 B.R. 821, 824-25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code provides a statutory basis for payment of prepetition claims under the doctrine of necessity and noting that "[t]he Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11"); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92

(Bankr. D. Del. 1994) (confirming that the doctrine of necessity is standard in the Third Circuit for enabling a court to authorize payment of prepetition claims prior to confirmation of a plan).

20. Accordingly, the Court has authority to authorize the Debtors to continue the Customer Programs, pursuant to sections 363(b) and 105(a) of the Bankruptcy Code.

21. Further, the Customer Programs are standard in the Debtors' industry. They allow the Debtors to meet competitive pressures, ensure customer satisfaction, and generate customer goodwill, thereby enhancing the likelihood of the Debtors' sale process culminating in a sale maximizing transaction.

22. The Debtors submit that the substantial benefit conferred on the Debtors' estates by the Customer Programs substantially outweighs the costs associated therewith. Accordingly, the Debtors respectfully request the authority to continue the Customer Programs, all in the Debtors' sole discretion, in the ordinary course of business, and in a manner consistent with past practice up to the aggregate amount of $150,000, of which the aggregate amount of $75,000 may come due during the Interim Period. In addition, the Debtors respectfully request authority to continue, replace, implement, modify, and/or terminate one or more of the Customer Programs, in each case, as the Debtors deem appropriate in their business judgment and in the ordinary course of business, without further Court order.

23. The importance of satisfying obligations related to a debtor's customers has been repeatedly recognized by courts in this District, and such courts have granted relief similar to the relief requested herein. *See, e.g.*, *In re The Rockport Company, LLC*, No. 23-10774 (KBO) (Bankr. D. Del. July 10, 2023) (authorizing the debtors to honor customer-related obligations in the ordinary course of business and to honor prepetition obligations related to same); *In re Tritek Int'l*

*Inc.*, No. 23-10520 (TMH) (Bankr. D. Del. May 22, 2023) (same); *In re Clarus Therapeutics Holdings, Inc.* No. 22-10845 (MFW) (Bankr. D. Del. Sept. 29, 2022) (same).

### DEBTORS SATISFY REQUIREMENTS OF BANKRUPTCY RULE 6003

24. Bankruptcy Rule 6003(a) empowers a court to grant certain relief within the first twenty-one days after the filing of the petition to the extent that "relief is needed to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. The Third Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions. In that context, the Third Circuit has instructed that irreparable harm is that which "cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801-02 (3d Cir. 1989). The Debtors submit that, for the reasons set forth above, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

### REQUEST FOR WAIVER OF STAY IMPOSED BY BANKRUPTCY RULE 6004

25. The Debtors also request that this Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "an order authorizing the use, sale, or lease of property (other than cash collateral) is stayed for 14 days after the order is entered." Fed. R. Bankr. P. 6004(h). As described above, the relief requested in this Motion is necessary for the Debtors to operate without interruption and to preserve value for their estates. Accordingly, the Debtors respectfully request that this Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable, as the exigent nature of the relief requested herein justifies immediate relief.

### RESERVATION OF RIGHTS

26. Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the

Debtors or rights of setoff asserted against the Debtors; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

### NOTICE

27. Notice of this Motion will be provided to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the Debtors' thirty largest unsecured creditors; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; (g) the DIP lender, if any; (h) Bank of America, N.A.; (i) Citibank, N.A.; (j) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (k) all applicable state insurance commissioners.  Given that this Motion seeks "first day" relief, within forty-eight hours of the entry of an order granting this Motion, the Debtors will serve copies of this Motion and the order as required by Local Rule 9013-1(m).  The Debtors submit that no further notice is necessary.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court grant (i) the relief requested in this Motion by entering the proposed interim and final orders, substantially in the forms attached as **Exhibit A** and **Exhibit B**, and (ii) such other and further relief as this Court deems just and proper.


| | |
|---|---|
| Dated: February 19, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Maria Kotsiras* |

Joshua D. Morse, Esq.
Jonathan R. Doolittle, Esq.
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, California 94111-5998
Telephone: (415) 983-1000
Facsimile:  (415) 983-1200
Email: joshua.morse@pillsburylaw.com
         jonathan.doolittle@pillsburylaw.com

-and-

Andrew V. Alfano, Esq.
Caroline Tart, Esq.
Chazz C. Coleman, Esq.
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
31 West 52nd Street
New York, New York 10019
Telephone: (212) 858-1000
Facsimile:  (212) 858-1500
Email: andrew.alfano@pillsburylaw.com
         caroline.tart@pillsburylaw.com
         chazz.coleman@pillsburylaw.com

M. Blake Cleary (No. 3614)
Brett M. Haywood (No. 6166)
Maria Kotsiras (No. 6840)
Shannon A. Forshay (No. 7293)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: bcleary@potteranderson.com
         bhaywood@potteranderson.com
         mkotsiras@potteranderson.com
         sforshay@potteranderson.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (___) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No.**__ |

## INTERIM ORDER (I) AUTHORIZING MAINTENANCE, ADMINISTRATION, AND CONTINUATION OF CERTAIN OF DEBTORS' CUSTOMER PROGRAMS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order"), (i) authorizing, but not directing, the Debtors to maintain and administer certain customer-related warranty programs in the ordinary course of business and in a manner consistent with past practice as described herein (collectively, the "Customer Programs") up to the aggregate amount of $150,000, of which the aggregate amount of $75,000 may come due during the Interim Period (as defined below), (ii) authorizing, but not directing, the Debtors to continue, replace, implement, modify, and/or terminate one or more of the Customer Programs, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business, without further Court

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

order, and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on March __, 2025, at__:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be **received** by the following parties, **by no later than 4:00 p.m., prevailing Eastern Time, on March __, 2025**: (i) proposed counsel to the Debtors, Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111 (Attn: Joshua D. Morse (joshua.morse@pillsburylaw.com), Jonathan R. Doolittle (jonathan.doolittle@pillsburylaw.com), Andrew Alfano (Andrew.Alfano@pillsburylaw.com), Caroline Tart (caroline.tart@pillsburylaw.com), and Chazz C. Coleman (chazz.coleman@pillsburylaw.com)),

and (b) Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: M. Blake Cleary (bcleary@potteranderson.com), Brett M. Haywood (bhaywood@potteranderson.com), Maria Kotsiras (mkotsiras@potteranderson.com), and Shannon A. Forshay (sforshay@potteranderson.com)); (ii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Timothy J. Fox, Jr. (Timothy.Fox@usdoj.gov )); (iii) counsel to the proposed DIP lender, if any (Attn: ____ ____ (____@___.com)); and (iv) counsel to any statutory committee appointed in these chapter 11 cases.

3.  The Debtors are authorized, but not directed, to maintain and administer, in the ordinary course of business and in a manner consistent with past practice up to the aggregate amount of $75,000 during the Interim Period, the Customer Programs and to honor the obligations thereunder in the ordinary course of business and in a manner consistent with past practice or as set forth in the Motion.

4.  Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security

interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

5. This Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the interim relief requested is necessary to avoid immediate and irreparable harm.

6. The notice requirement of Bankruptcy Rule 6004(a) is waived.

7. This Interim Order shall be immediately effective and enforceable upon its entry. The fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Exhibit B**

**Proposed Final Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (___) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos.__** |

## FINAL ORDER (I) AUTHORIZING MAINTENANCE, ADMINISTRATION, AND CONTINUATION OF CERTAIN OF DEBTORS' CUSTOMER PROGRAMS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Final Order"), (i) authorizing, but not directing, the Debtors to maintain and administer certain customer-related warranty programs in the ordinary course of business and in a manner consistent with past practice as described herein (collectively, the "Customer Programs"), (ii) authorizing, but not directing, the Debtors to continue, replace, implement, modify, and/or terminate one or more of the Customer Programs, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business, without further Court order, and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1.  The Motion is GRANTED on a final basis as set forth herein.

2.  All objections to entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3.  The Debtors are authorized, but not directed, to maintain and administer, in the ordinary course of business and in a manner consistent with past practice up to the aggregate amount of $150,000, the Customer Programs and to honor the obligations thereunder in the ordinary course of business and in a manner consistent with past practice or as set forth in the Motion.

4.  Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable

nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

6. This Final Order shall be immediately effective and enforceable upon its entry. The fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

7. The Debtors are authorized to take all actions necessary to implement the relief granted in this Final Order.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.