# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Nikola Corp., *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10258 (TMH)<br><br>(Joint Administration Requested)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: March 5, 2025 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION TO REJECT
### INVESTMENT BANKER AGREEMENTS *NUNC PRO TUNC*

The above-captioned debtors and debtors in possession (collectively, the "Debtors") seek entry of an order, substantially in the form attached hereto as **Exhibit A**, rejecting the investment banker agreements listed on **Exhibit B** hereto. In support of this motion (this "Motion"), the Debtors respectfully state as follows:

#### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these cases is proper in this district under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

2. Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date of this Motion, no trustee, examiner or statutory committee of creditors has been appointed in these cases.

5. The Debtors are global leaders in zero-emissions commercial transportation, including the design and manufacture of battery-electric and hydrogen fuel cell electric trucks and the development of infrastructure for hydrogen fueling solutions. Founded in 2015, the Debtors are headquartered in Phoenix, Arizona and employ more than 850 employees.

6. In connection with prepetition sale and fundraising efforts, the Debtors engaged several financial advisory and investment banking firms under separate non-exclusive engagement agreements to assist the Debtors in locating potential purchasers for a Debtor affiliate, proposed common stock and convertible notes public offerings, and proposed private offerings, issue and sale of equity or convertible or hybrid securities. Specifically, the Debtors retained Citigroup

Global Markets Inc., BTIG, LLC, and Goldman Sachs & Co., LLC (collectively, the "Prepetition Investment Bankers"), pursuant to separate engagement agreements. The Debtors will be filing an application to employ and retain Houlihan Lokey Capital, Inc. ("HL"), to assist the Debtors in marketing and soliciting potential purchasers for a post-petition sale of their business assets.

7. Additional information about the Debtors, including their business operations, corporate and capital structure, and the events leading to the filing of these cases is detailed in the *Declaration of Stephen J. Girsky in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

8. While the Debtors do not believe that the Prepetition Investment Bankers will be owed money pursuant to the Agreements (defined below) when the Debtors' assets are sold, they file this Motion in an abundance of caution to confirm that they have no further obligations under the Agreements.

## RELIEF REQUESTED

9. Pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, the Debtors seek entry of an order authorizing them to reject, effective as of the Petition Date, the engagement agreements for the Prepetition Investment Bankers, including any amendments, supplements, or modifications thereto, listed on **Exhibit B** hereto (collectively, the "Agreements").

## BASIS FOR RELIEF

10. Subject to court approval, a debtor in possession is entitled to reject any executory contract of the debtor. *See* 11 U.S.C. § 365(a). An executory contract is a contract where each party has a duty to perform. *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 40 (3rd. Cir. 1989). A debtor's decision to reject an executory contract is determined by its reasonable business judgment. *See, e.g.*, *id*. at 39-40; *Comput. Sales Int'l, Inc. v. Fed. Mogul* (*In re Fed.*

*Mogul Glob., Inc.)*, 293 B.R. 124, 126 (D. Del. 2003). A debtor in possession is entitled to reject an executory contract at any time before confirmation of a plan. *See* 11 U.S.C. § 365(d)(2).

11. Courts generally will not second-guess a debtor's business judgment concerning the rejection of an executory contract or unexpired lease. *See In re Trans World Airlines*, 261 B.R. 103, 121 (Bankr. D. Del. 2003). The "business judgment" test merely requires a showing that rejection of the executory contract or unexpired lease will benefit the debtor's estate. *Id.* ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'") (quoting *Wheeling-Pittsburgh Steel Corp. v. W. Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 849-50 (Bankr. W.D. Pa. 1987))*; In re Trans World Airlines, Inc.*, No. 01-0056, 2001 WL 1820019, at *2 (Bankr. D. Del. Mar. 16, 2001) (noting that the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate).

12. The rejection of an executory contract constitutes a prepetition breach that entitles the non-debtor party to a claim against the debtor's bankruptcy estate. *See* 11 U.S.C. §§ 365(g)(l) and 502(g) (2009); *see generally Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d at 41. A claim is "a right to payment, whether or not such right is...liquidated, unliquidated, fixed, [or] contingent." 11 U.S.C. § 101(5)(A).

13. Here, the Agreements will be considered executory contracts if the Court concludes that each party has unperformed duties related to the sale of the Debtors' business. The Debtors, in their reasonable business judgment, believe that rejection of the Agreements is in the best interests of their estates, creditors and parties-in-interest. HL was retained to market and solicit potential purchasers for a post-petition sale of the Debtors' business assets and the Debtors will not sell equity or convertible notes after the Petition Date. The Agreements are therefore not

necessary for a successful post-petition sale of the Debtors' assets. Consequently, the Debtors submit that rejection of the Agreements is appropriate.

## **NOTICE**

14. Notice of this Motion will be provided to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the Debtors' thirty largest unsecured creditors; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; (g) the DIP lender, if any; (h) the Investment Bankers; (i) Bank of America, N.A.; (j) Citibank, N.A.; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. Given that this Motion seeks "first day" relief, within forty-eight hours of the entry of an order granting this Motion, the Debtors will serve copies of this Motion and the order as required by Local Rule 9013-1(m). The Debtors submit that no further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court grant (i) the relief requested in this Motion by entering the proposed order, substantially in the form attached as **Exhibit A**, and (ii) such other and further relief as this Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: February 19, 2025
       Wilmington, Delaware

Joshua D. Morse, Esq.
Jonathan R. Doolittle, Esq.
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, California 94111-5998
Telephone: (415) 983-1000
Facsimile:  (415) 983-1200
Email: joshua.morse@pillsburylaw.com
      jonathan.doolittle@pillsburylaw.com

-and-

Andrew V. Alfano, Esq.
Caroline Tart, Esq.
Chazz C. Coleman, Esq.
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
31 West 52nd Street
New York, New York 10019
Telephone: (212) 858-1000
Facsimile:  (212) 858-1500
Email: andrew.alfano@pillsburylaw.com
      caroline.tart@pillsburylaw.com
      chazz.coleman@pillsburylaw.com

Respectfully submitted,

*/s/ Maria Kotsiras*
M. Blake Cleary (No. 3614)
Brett M. Haywood (No. 6166)
Maria Kotsiras (No. 6840)
Shannon A. Forshay (No. 7293)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: bcleary@potteranderson.com
      bhaywood@potteranderson.com
      mkotsiras@potteranderson.com
      sforshay@potteranderson.com

*Proposed Counsel to the Debtors and Debtors in Possession*