**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 10** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO
(A) PAY PREPETITION WAGES, COMPENSATION, EMPLOYEE
BENEFITS, AND OTHER EMPLOYEE OBLIGATIONS AND
(B) CONTINUE CERTAIN EMPLOYEE BENEFIT PROGRAMS
IN THE ORDINARY COURSE; (II) AUTHORIZING ALL BANKS TO
HONOR PREPETITION CHECKS FOR PAYMENT OF PREPETITION
EMPLOYEE OBLIGATIONS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "'<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an interim order (this "<u>Interim Order</u>"), (i) authorizing the Debtors to (a) pay prepetition wages, compensation, employee benefits, and other employee obligations, and (b) continue certain employee benefit programs in the ordinary course; (ii) authorizing all banks to honor prepetition checks for payment of prepetition employee obligations; and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on March 20, 2025 at 2:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be **received** by the following parties, **by no later than 4:00 p.m., prevailing Eastern Time, on March 13, 2025**: (i) proposed counsel to the Debtors, (a) Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998 (Attn: Joshua D. Morse (joshua.morse@pillsburylaw.com), Jonathan Doolittle (jonathan.doolittle@pillsburylaw.com), and Andrew V. Alfano (andrew.alfano@pillsburylaw.com)), and (b) Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington, DE 19801-6108 (Attn: M. Blake Cleary (bcleary@potteranderson.com), Brett M. Haywood (bhaywood@potteranderson.com), Maria Kotsiras (mkotsiras@potteranderson.com), and Shannon A. Forshay (sforshay@potteranderson.com)); (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Timothy J. Fox,

Jr. (Timothy.Fox@usdoj.gov)); (iv) counsel for the proposed DIP lender, if any; and (v) counsel to any statutory committee appointed in these cases, if any.

3. The Debtors are authorized, but not directed, to pay and honor in their discretion, all prepetition Employee Obligations, including processing and administrative fees, during the Interim Period, in aggregate amounts not to exceed the following:

| **Employee Obligations** | **Interim Amount** |
|---|---|
| Wages | $65,000.00 |
| Payroll Processor Fees | $33,000.00 |
| Withholdings | - |
| 401(K) Plan | $13,518.92 |
| Contractor Obligations | $351,461.90 |
| PTO Program | - |
| Reimbursable Expenses | $10,000.00 |
| Health Insurance Plans | $61,569.89 |
| Disability and Life and AD&D Programs | $67,689.13 |
| Legal and Identity Theft Coverage | $5,589.15 |
| Workers' Compensation Program | - |
| Total: | **$607,828.99** |

4. Notwithstanding the foregoing, payments made on account of the prepetition Employee Obligations during the Interim Period shall be limited by 11 U.S.C. §§ 507(a)(4) or 507(a)(5), unless applicable state law requires payments upon termination of an Employee that, in combination with the other payments authorized by this Interim Order, would exceed the limits of §§ 507(a)(4) and 507(a)(5).

5. The Debtors are authorized, but not directed, in their discretion, to honor and continue the Employee Programs that were in effect as of the Petition Date; *provided*, *however*,

that such relief shall not constitute or be deemed an assumption or an authorization to assume any of such Employee Programs under section 365(a) of the Bankruptcy Code.

6.     Nothing herein shall be deemed to authorize the payment of any amounts that would violate or implicate section 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any obligations to or on behalf of any "insider" (as defined by section 101(31) of the Bankruptcy Code).

7.     The Debtors shall not make any cash-out payments to Employees on account of the PTO Program during the Interim Period unless the Debtors determine such payments are required by applicable state law, *provided*, *however*, the Debtors will continue to honor the PTO Program in the ordinary course.

8.     The Debtors' banks and other financial institutions shall be and hereby are authorized to receive, process, honor, and pay all prepetition and postpetition checks and fund transfers on account of the Employee Obligations that had not been honored and paid as of the Petition Date, up to the amounts authorized to be paid pursuant to this Interim Order, *provided that* sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition funds transfers on account of the Employee Obligations to replace any prepetition checks or funds transfer requests that may be dishonored or rejected.

9.     Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is modified solely to the extent necessary to allow Employees to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum, and Employees are authorized to so proceed. The Debtors are authorized, but not directed, to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course of

business. The modification of the automatic stay set forth in this paragraph pertains solely to claims under the Workers' Compensation Program.

10. The Debtors may pay any and all Withholdings, including social security, FICA, federal and state income taxes, garnishments, health care payments, retirement fund withholding, and other types of withholdings, whether these relate to the period prior to Petition Date or subsequent thereto.

11. The Debtors are authorized, but not directed, to pay all processing fees associated with, and all costs incident to, the foregoing, including but not limited to, the Payroll Processor Fees.

12. Nothing contained herein is or should be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a promise to pay any claim, (v) a concession by the Debtors that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to this Interim Order are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved), (vi) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code, (vii) a waiver of the obligation of any party in interest to file a proof of claim, or (viii) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Interim Order is not an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute any claim.

13. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied, and that the interim relief requested is necessary to avoid immediate and irreparable harm.

14. The notice requirement of Bankruptcy Rule 6004(a) is waived.

15. This Interim Order shall be immediately effective and enforceable upon its entry. The fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

16. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

17. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: February 20th, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**