IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 11** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT
SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS
RELATED THERETO, AND (C) MAINTAIN EXISTING BUSINESS
FORMS; (II) AUTHORIZING THE DEBTORS' BANKS TO HONOR ALL
RELATED PAYMENT REQUESTS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) continue operating the Cash Management System, (ii) honor certain prepetition obligations related thereto, and (iii) maintain existing business forms in the ordinary course of business; (b) authorizing the Banks to honor all related payment requests; (c) setting a Final Hearing; and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1. The Motion is GRANTED on an interim basis as set forth herein. The Final Hearing on the Motion shall be held on March 20, 2025 at 2:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be **received** by the following parties, **by no later than 4:00 p.m., prevailing Eastern Time, on March 13, 2025**: (i) proposed counsel to the Debtors, (a) Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111 (Attn: Joshua D. Morse (joshua.morse@pillsburylaw.com), Jonathan Doolittle (jonathan.doolittle@pillsburylaw.com), Andrew V. Alfano (Andrew.Alfano@pillsburylaw.com), Caroline Tart (caroline.tart@pillsburylaw.com), and Chazz C. Coleman (chazz.coleman@pillsburylaw.com)), and (b) Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: M. Blake Cleary (bcleary@potteranderson.com), Brett M. Haywood (bhaywood@potteranderson.com), Maria Kotsiras (mkotsiras@potteranderson.com), and Shannon A. Forshay (sforshay@potteranderson.com)); (ii) Office of the United States Trustee, J. Caleb Boggs Federal

Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Timothy J. Fox, Jr. (Timothy.Fox@usdoj.gov )); (iii) counsel to the DIP lender, if any; and (iv) counsel to any statutory committee appointed in these chapter 11 cases.

2. The Debtors are authorized, but not directed, to: (a) continue operating the Cash Management System, as described in the Motion; (b) honor their prepetition obligations related thereto; and (c) maintain existing business forms in the ordinary course of business, subject to the limitations set forth in this Interim Order.

3. Subject to the immediately preceding paragraph, the Debtors are further authorized, in their discretion, to: (a) continue to use the Bank Accounts in existence as of the Petition Date; (b) use all correspondence and business forms, including letterhead, invoices, checks and other documents related to the Bank Accounts existing immediately before the Petition Date without reference to the Debtors' status as debtors in possession; *provided, however*, that once the Debtors' existing check stock has been used, the Debtors shall, when reordering checks, add the designation "Debtor in Possession" and the jointly administered case number of these chapter 11 cases on all checks; *provided*, *further*, that, with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend and the jointly administered case number of these chapter 11 cases on such checks within ten days of the entry of this Interim Order; (c) treat the Bank Accounts for all purposes as debtor in possession accounts; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; and (e) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts and otherwise perform their obligations under the documents governing the Bank Accounts.

4. The Debtors are authorized to pay their Banks and service providers, including Bank of America, N.A. and Citibank N.A., in the ordinary course of business for any Fees arising before or during the Interim Period, *provided, however*, that amount shall not exceed $5,000.00

5. Each of the Banks is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof before the Petition Date; (ii) all checks or other items deposited in one of Debtors' accounts with such Bank before the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items before the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System; *provided that*, in addition to the requirements thereof, any checks, drafts, wires, or ACH Transfers drawn or issued by the Debtors before the Petition Date shall be timely honored by the Banks to the extent necessary to comply with any order of this Court authorizing payment of certain prepetition claims, subject to the availability of funds, unless the Banks are instructed by the Debtors to stop payment on or otherwise dishonor such check, draft, wire, or ACH Transfer.

6. Those certain existing deposit agreements between the Debtors and their existing Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all the provisions of such agreements, including the termination and fee provisions, shall remain in full force and effect, without the need for further order from this Court. In addition, either the Debtors or the Banks may, without further order of this Court, but upon notice to the U.S. Trustee, and any statutory committee, implement non-material changes to the

Cash Management System and procedures in the ordinary course of business *provided that*, such changes shall not be inconsistent with this Interim Order.

7. The Banks shall not honor or pay any bank payments drawn on the Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issued stop payment orders in accordance with the documents governing the Banks, as applicable.

8. In the course of providing cash management services to the Debtors, the Banks are authorized, without further order of this Court, to deduct the undisputed Bank Fees, whether arising prepetition or postpetition from the appropriate accounts of the Debtors, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

9. Subject to the terms set forth herein, the Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors before the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

10. The Banks are further authorized to (a) honor the Debtors' directions with respect to the opening and closing of any Bank Account (subject to all the other terms of this Interim Order), and (b) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided*, *however*, that the Banks shall not have any liability to any party for relying on such directions or representations.

5

11.     If the Banks honor a prepetition check or other item drawn on any account that is the subject of this Interim Order at the direction of the Debtors to honor such prepetition check or item, the Banks shall not be deemed to be, nor shall be liable to, the Debtors or the estates or otherwise in violation of this Interim Order.

12.     The Debtors, are authorized to open any new bank accounts or close any existing Bank Accounts; *provided*, *that*, in the event that the Debtors open any bank accounts or close any existing Bank Accounts, such opening or closing shall be timely indicated on the Debtors' monthly operating reports and advance notice of such opening or closing shall be provided to the U.S. Trustee, and counsel to the official committee of unsecured creditors, if any, at least 15 days before such opening or closing; *provided*, *further*, that the Debtors shall only open such new bank account(s) at banks that have executed a Uniform Depository Agreement with the U.S. Trustee's Office, or at such banks that are willing to execute such an agreement; and *provided*, *further*, that any such new bank accounts opened by the Debtors shall be subject to the terms of this Interim Order.

13.     For all Banks at which the Debtors maintain a Bank Account that are party to a Uniform Depository Agreement with the U.S. Trustee's Office, the Debtors shall, as soon as practicable after entry of this Interim Order, (a) contact the Banks, (b) provide the Debtors' employer identification numbers, and (c) identify the Bank Accounts at the Banks as being held by a debtor in possession in a bankruptcy case. The Debtors shall serve a copy of this Interim Order on each of the Banks.

14.     With respect to Banks that are not a party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall have 30 days (or such additional time as the U.S. Trustee may agree to) from the date of the entry of this Interim Order within which to either come into

compliance with section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed to by the U.S. Trustee, and that such extension is without prejudice to the Debtors' rights to request a further extension or suspension of the requirements of section 345(b) of the Bankruptcy Code as to cash management banks that are not party to a Uniform Depository Agreement with the U.S. Trustee.  The U.S. Trustee's rights to seek further relief from this Court on notice in the event that such Banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

15.     Notwithstanding use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity makes those disbursements.

16.     Nothing in the Motion or this Interim Order: (i) is an admission as to the validity of any claim against the Debtors; (ii) is a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) is a waiver of any claims or causes of action that may exist against any creditor or interest holder; (iv) is a promise to pay any claim; (v) is a concession by the Debtors that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to the Motion are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved); (vi) is an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code; (vii) is a waiver of the obligation of any party in interest to file a proof of claim; or (viii) affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Any payment made pursuant to this Interim Order is not an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute any claim.

17. This Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied, and that the interim relief requested is necessary to avoid immediate and irreparable harm.

18. This Interim Order shall be immediately effective and enforceable upon its entry. The fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

20. The notice requirement of Bankruptcy Rule 6004(a) is waived.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

22. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: February 20th, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**