**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 22 |

**ORDER AUTHORIZING THE DEBTORS TO EMPLOY**
**AND RETAIN EPIQ CORPORATE RESTRUCTURING, LLC**
**AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") authorizing the employment of Epiq Corporate Restructuring, LLC ("**Epiq**") as claims and noticing agent in the above-captioned cases (the "**Claims and Noticing Agent**") effective as of the Petition Date, all as more fully set forth in the Application; and upon the First Day Declaration and the Warso Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A).  The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1.      The Application is GRANTED as set forth herein.

2.      The Debtors are authorized, pursuant to 28 U.S.C. § 156(c) and Local Rule 2002-1(e), to retain Epiq, and Epiq is appointed as the Claims and Noticing Agent in these cases, effective as of the Petition Date, under the terms of the Services Agreement.  Notwithstanding any terms of the Services Agreement, the Application is approved solely as set forth in this Order.

3.      Epiq, as the Claims and Noticing Agent, is directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these cases (if any), and all related tasks, all as described in the Application (collectively, the "Claims and Noticing Services").

4.      Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these cases (if any) and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5.      Epiq is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim (if necessary).

2

Epiq shall provide public access to the claims register, including proofs of claim with attachments, if any, without charge.

6.      Epiq is authorized to take such other action to comply with all duties set forth in the Application and this Order.

7.      The Debtors are authorized to compensate and reimburse Epiq in accordance with the terms of the Services Agreement upon receipt of reasonably detailed invoices setting forth the Claims and Noticing Services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek this Court's approval for the compensation of its Claims and Noticing Services and the reimbursement of related expenses.

8.      If the Debtors wish to expand the scope of Epiq's services beyond the Claims and Noticing Services set forth in the Application, then the Debtors are required to seek further approval from this Court.

9.      Epiq shall maintain records of all services performed, showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the (a) Debtors and their counsel, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these cases, and (d) any party in interest that specifically requests service of the monthly invoices.

10.     The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Services Agreement or monthly invoices, and may seek resolution of such matter from this Court if they are unable to consensually resolve the matter.

11.     Without further order of the Court, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtors' estates.

12.     Epiq may first apply its retainer to all prepetition invoices and, thereafter, may have the retainer replenished to the original retainer amount and, thereafter, may hold the retainer under the Services Agreement during these cases as security for the payment of fees and expenses incurred under the Services Agreement.

13.     The Debtors shall indemnify the Indemnified Parties under the terms of the Services Agreement, as modified by this Order.

14.     The Indemnified Parties shall not be entitled to indemnification, contribution, or reimbursement under the Services Agreement for services other than the Claims and Noticing Services, as provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefore is approved by this Court.

15.     Notwithstanding anything to the contrary in the Services Agreement, the Debtors have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any losses, claims, damages, judgments, liabilities or expense that are: (a) judicially determined (the determination having become final) to have arisen from the Indemnified Parties' gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of the Indemnified Parties' contractual obligations, if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *United Artists Theatre Co. v. Walton* (*In re United Artists Theatre Co.*), 315 F.3d 217 (3d Cir. 2003); or (c) settled before a judicial determination under subsection (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which the

Indemnified Party should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order.

16.     Before the earlier of: (a) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal); and (b) the entry of an order closing these cases, if the Indemnified Party believe that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Services Agreement (as modified by this Order), including the advancement of defense costs, then the Indemnified Party must file an application in this Court, and the Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving such application and the payment requested therein.  This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties.  All parties in interest retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, or reimbursement.

17.     If Epiq is unable to provide the Claims and Noticing Services, then Epiq will immediately notify the Clerk and the Debtors' attorney and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' attorney.

18.     After entry of an order terminating Epiq's services, upon the closing of these cases, or for any other reason, Epiq shall be responsible for transmitting to the Clerk all claims in an electronic format, a digital version of all claims, and the creditor mailing matrix as of the date

immediately before the close of these cases, if applicable, and shall be compensated by the Debtors in connection therewith.

19.     The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code or any applicable law, for work that is to be performed by Epiq but is not specifically authorized by this Order.

20.     Notwithstanding anything to the contrary, section 9 of the Services Agreement regarding limitation of liability shall be given no effect during these cases.

21.     Epiq shall not cease providing claims processing services during these cases for any reason, including nonpayment, without an order of this Court.

22.     The Debtors and Epiq are authorized to take all steps necessary or appropriate to carry out this Order.

23.     In the event of any inconsistency between the Services Agreement, the Application, and this Order, the terms of this Order shall govern.

24.     The Debtors and Epiq are authorized to take all action necessary to effectuate the relief granted in this Order.

25.     Notwithstanding any term in the Services Agreement to the contrary, this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


**Dated: February 20th, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

12058036v.1