**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 13 |

**INTERIM ORDER (I) AUTHORIZING MAINTENANCE,**
**ADMINISTRATION, AND CONTINUATION OF CERTAIN OF DEBTORS'**
**CUSTOMER PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order"), (i) authorizing, but not directing, the Debtors to maintain and administer certain customer-related warranty programs in the ordinary course of business and in a manner consistent with past practice as described herein (collectively, the "Customer Programs") up to the aggregate amount of $150,000, of which the aggregate amount of $75,000 may come due during the Interim Period (as defined below), (ii) authorizing, but not directing, the Debtors to continue, replace, implement, modify, and/or terminate one or more of the Customer Programs, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business, without further Court order, and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

§§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1.     The Motion is GRANTED on an interim basis as set forth herein.

2.     The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on March 20, 2025 at 2:00 p.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be **received** by the following parties, **by no later than 4:00 p.m., prevailing Eastern Time, on March 13, 2025**: (i) proposed counsel to the Debtors, Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111 (Attn: Joshua D. Morse (joshua.morse@pillsburylaw.com), Jonathan R. Doolittle (jonathan.doolittle@pillsburylaw.com), Andrew Alfano (Andrew.Alfano@pillsburylaw.com), Caroline Tart (caroline.tart@pillsburylaw.com), and Chazz C. Coleman (chazz.coleman@pillsburylaw.com)), and (b) Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: M. Blake Cleary (bcleary@potteranderson.com), Brett M. Haywood

2

(bhaywood@potteranderson.com), Maria Kotsiras (mkotsiras@potteranderson.com), and Shannon A. Forshay (sforshay@potteranderson.com)); (ii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Timothy J. Fox, Jr. (Timothy.Fox@usdoj.gov )); (iii) counsel to the proposed DIP lender, if any; and (iv) counsel to any statutory committee appointed in these chapter 11 cases.

3. The Debtors are authorized, but not directed, to maintain and administer, in the ordinary course of business and in a manner consistent with past practice up to the aggregate amount of $75,000 during the Interim Period, the Customer Programs and to honor the obligations thereunder in the ordinary course of business and in a manner consistent with past practice or as set forth in the Motion.

4. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law,

statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

5.      This Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the interim relief requested is necessary to avoid immediate and irreparable harm.

6.      The notice requirement of Bankruptcy Rule 6004(a) is waived.

7.      This Interim Order shall be immediately effective and enforceable upon its entry. The fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

8.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

9.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

*Thomas M. Horan*

**Dated: February 20th, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

4

12058129v.1