**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 14 |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO PAY CERTAIN PREPETITION CLAIMS OF TRADE CLAIMANTS,
LIENHOLDER CLAIMS, AND 503(b)(9) CLAIMS; (II) AUTHORIZING
BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER
REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order"), (i) authorizing, but not directing, the Debtors, in their discretion, to pay certain Trade Claims in the ordinary course of business, (ii) authorizing banks and other financial institutions to honor and process checks and electronic transfer requests related thereto, and (iii) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A).  The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Constitution; and this Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1.      The Motion is GRANTED, on an interim basis as set forth herein.

2.      The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on March 20, 2025 at 2:00 p.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be **received** by the following parties, **by no later than 4:00 p.m., prevailing Eastern Time, on March 13, 2025**: (i) proposed counsel to the Debtors, (a) Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998 (Attn: Joshua D. Morse (joshua.morse@pillsburylaw.com), Jonathan Doolittle (jonathan.doolittle@pillsburylaw.com), and Andrew V. Alfano (andrew.alfano@pillsburylaw.com)), and (b) Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington, DE 19801-6108 (Attn: M. Blake Cleary (bcleary@potteranderson.com), Brett M. Haywood (bhaywood@potteranderson.com), Maria Kotsiras (mkotsiras@potteranderson.com), and Shannon A. Forshay (sforshay@potteranderson.com)); (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Timothy J. Fox,

Jr. (Timothy.Fox@usdoj.gov)); (iv) counsel for the proposed DIP lender, if any; and (v) counsel to any statutory committee appointed in these cases, if any.

3.      The Debtors are authorized, but not directed, to pay, in their discretion, the Trade Claims up to the aggregate amount of $1,100,000 during the Interim Period.

4.      The Debtors are authorized, but not directed, in their reasonable business judgment, to condition payment of the Trade Claims upon such Trade Claimant's agreement to continue supplying goods or services to the Debtors on terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, availability, and other programs) that were in place in the 120 days immediately prior to the Petition Date, or on such terms that are otherwise acceptable to the Debtors in light of Customary Trade Terms.  The Debtors shall provide a copy of this Interim Order to the applicable party prior to such party's acceptance of any payment hereunder.  Any party that accepts payment from the Debtors on account of a Trade Claim shall be deemed to have agreed to the terms and provisions of this Interim Order, conditioned upon the Debtors providing actual notice of the Interim Order to such party, and if such party accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with Customary Trade Terms after agreeing to do so, then the Debtors reserve the right to seek any appropriate remedy.

5.      Nothing contained herein is intended or shall be construed as (i) an admission as to the validity, priority, or amount of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, validity, or priority of any claim against the Debtors; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (iv) an approval, assumption, adoption, or rejection of any

agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code; or (v) a promise to pay a claim.

6.      The banks on which checks are drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

7.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests made in payment of the prepetition obligations approved herein that are dishonored as a consequence of these cases with respect to prepetition amounts owed in connection with any prepetition claims of the Trade Claimants.

8.      Upon the Debtors' payment of any Lien Claim, any lien securing same shall be immediately released, void, and of no further force and effect, without further action by the Debtors.

9.      This Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the interim relief requested is necessary to avoid immediate and irreparable harm.

10.     The notice requirement of Bankruptcy Rule 6004(a) is waived.

11.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

12.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related

to the implementation or interpretation of this Interim Order.

*Thomas M. Horan*

**Dated: February 20th, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**