IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 7** |

**INTERIM ORDER (I) APPROVING DEBTORS'
PROPOSED FORM OF ADEQUATE ASSURANCE OF
PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING
PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES,
(III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING
OR DISCONTINUING SERVICES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "'Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (i) approving the proposed form of adequate assurance of payment to the Utility Companies, (ii) establishing procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance, (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing services, and (iv) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing on the Motion shall be held on **March 20, 2025, at 2:00 p.m.**, prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be **received** by the following parties, **by no later than 4:00 p.m., prevailing Eastern Time, on March 13, 2025**: (i) proposed counsel to the Debtors, (a) Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998 (Attn: Joshua D. Morse (joshua.morse@pillsburylaw.com), Jonathan R. Doolittle (jonathan.doolittle@pillsburylaw.com), and Andrew Alfano (andrew.alfano@pillsburylaw.com)), and (b) Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: M. Blake Cleary (bcleary@potteranderson.com), Brett M. Haywood (bhaywood@potteranderson.com), Maria Kotsiras (mkotsiras@potteranderson.com), and Shannon A. Forshay (sforshay@potteranderson.com)); (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801

(Attn: Timothy J. Fox, Jr. (Timothy.Fox@usdoj.gov)); (iv) the DIP lender, if any; and (v) if any statutory committee has been appointed in these cases, counsel to such committee (collectively, the "Notice Parties").

3. The Debtors shall cause a copy of the Motion and this Interim Order to be served on each Utility Company listed on the Utility Company List no later than 2 business days after the date this Interim Order is entered.

4. During the interim period, absent compliance with the Adequate Assurance Procedures and further order of the Court each Utility is restrained from altering, refusing, terminating, or discontinuing utility service to, or discriminating against, the Debtors on the bases of the commencement of these chapter 11 cases or on account of outstanding prepetition invoices.

5. Within 10 days after entry of this Interim Order, the Debtors shall place a deposit in the amount of $212,695.09 (the "Adequate Assurance Deposit") into an interest-bearing, segregated account (the "Adequate Assurance Account"); *provided, however*, that to the extent any Utility Company receives any other value from the Debtors as adequate assurance of payment, the Debtors may, with the consent of the Utility Company, reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account on account of such Utility Company by the amount of such other value. Notwithstanding anything to the contrary in any other order of this Court, including any debtor in possession ("DIP") financing order, no creditor, including the DIP lender, if any, shall have any interest in or lien on the Adequate Assurance Deposit.

6. The Adequate Assurance Deposit shall be held for the purpose of providing adequate assurance of payment to each Utility Company for its postpetition Utility Services to the Debtors.

7. The following Adequate Assurance Procedures are approved on an interim basis:

a) Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional adequate assurance (an "Additional Assurance Request") so that it is actually received by the Notice Parties.

b) An Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; and (iv) set forth why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

c) Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will have 14 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request; *provided that*, the Debtors and the Utility Company may extend the Resolution Period by mutual agreement.

d) The Debtors may, without further order of the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Company and, the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, prepayments, and other forms of security if the Debtors believe such additional assurance is reasonable.

e) If the Debtors determine in their business judgment that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, then the Debtors, during or immediately after the Resolution Period, will request a hearing (the "Determination Hearing") before the Court to determine the adequacy of assurances of payment with respect to that Utility Company pursuant to section 366(c)(3) of the Bankruptcy Code. The Determination Hearing shall be held at the next regularly-scheduled omnibus hearing in these cases unless the Court orders otherwise.

f) Pending resolution of a dispute scheduled for a Determination Hearing or entry of a final order granting this Motion, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

g) All utility providers that have received notice, and for whose benefit Adequate Assurance Deposits are being made, are prohibited from requiring additional adequate assurance of payment other than pursuant to the

     Adequate Assurance Procedures unless and until (i) the Debtors agree in writing to (A) an Additional Assurance Request, or (B) a form of alternative adequate assurance with the Utility Company during the Resolution Period; or (ii) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

  h)  The portion of the Adequate Assurance Deposit attributable to each Utility Company (including any additional amount deposited upon request of any applicable Utility Company), or any portion thereof, shall revert to the Debtors less any amounts owed on account of unpaid, postpetition Utility Services, by no later than 5 business days following the earlier of (i) the date upon which the Debtors reconcile and pay the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company; (ii) the effective date of any chapter 11 plan confirmed in these cases; or (iii) the date these cases are closed.

8.  Absent further order of this Court, all Utility Companies, including any subsequently added Utility Company who have received service of the Motion and this Interim Order, are prohibited from altering, refusing, discontinuing service to, or discriminating against, the Debtors on account of any unpaid prepetition charges, the commencement of these cases, or any perceived inadequacy of the Adequate Assurance Deposit, and from requiring the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than in accordance with the Adequate Assurance Procedures in the Motion. The Utility Companies are also prohibited from drawing upon any existing security deposit, surety bond, or other form of security to secure future payment for Utility Services, other than as agreed to by the Debtors in accordance with the Adequate Assurance Procedures or as permitted by section 366(c)(4) of the Bankruptcy Code with respect to a security deposit provided prepetition.

9.  The Utility Company List shall not be deemed an admission by the Debtors that any entity listed is a utility within the meaning of section 366 of the Bankruptcy Code.

10.  The Debtors may, subject to the terms of this Interim Order, amend or supplement the Utility Company List to add any Utility Company. The Debtors shall file any such amended

5

or supplemental Utility Company List with the Court, and serve a copy of the Motion, this Interim Order, and the amended Utility Company List on any Utility Company that is added to the Utility Company List. Within 10 days from the time a Utility Company is added to the Utility Company List, the Debtors shall increase the Adequate Assurance Deposit in an amount equal to the Debtors' average two-week cost of Utility Services provided by such Utility Company added to the Utility Company List, calculated as a historical average during the six-month period before the Petition Date. Any Utility Company added to the Utility Company List shall be permitted to make an Additional Assurance Request according to the Adequate Assurance Procedures.

11. The Debtors may remove a Utility Company from the Utility Company List by filing with the Court a notice of an amended Utility Company List identifying the Utility Company to be removed, and serving a copy of such notice of amended Utility Company List on the Utility Company to be removed. The Utility Company shall have 14 days after service of the notice of amended Utility Company List upon such Utility Company to object to its removal from the Utility Company List. If the Utility Company does not timely object to its removal from the Utility Company List, the Utility Company's removal from the Utility Company List shall be immediately and automatically effective. If a Utility Company timely objects to its removal from the Utility Company List, the Debtors may request a hearing before this Court at the next omnibus hearing date in these cases, not less than 14 days after the objection is filed, or such other date that the Debtors and the Utility Company may agree, and the Utility Company's removal from the Utility Company List shall not be effective until such objection has been resolved either consensually or by order of this Court. The Debtors shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Company that the Debtors seek to terminate or delete from the Utility Company List unless and until: (i) the Utility Company has failed to timely object to its

removal from the Utility Company List in accordance with this paragraph; or (ii) the Utility Company has timely objected, and such objection has been resolved consensually or by order of the Court.

12. In the event a Utility Company is removed from the Utility Company List pursuant to the terms of this Interim Order, (i) the Debtors are authorized to reduce the amount of the Adequate Assurance Deposit by the amount that was attributable to the removed Utility Company, and (ii) if the removed Utility Company received any additional amount of adequate assurance from the Debtors, the removed Utility Company shall promptly return such amounts to the Debtors (but in no event later than 5 business days after the Utility Company is removed from the Utility Company List).

13. Subject to any further order of the Court, this Interim Order and the Adequate Assurance Procedures shall be binding on all Utility Companies and any Utility Company subsequently added to the Utility Company List, *provided, however,* that this Interim Order is not binding on any Utility Company that has not been served with the Motion and this Interim Order. This Interim Order is without prejudice to any party's rights to contest any amount owed to a Utility Company. Nothing in this Interim Order or the Motion shall be deemed to constitute postpetition assumption of any agreement under section 365 of the Bankruptcy Code.

14. In accordance with this Interim Order and any other order of this Court, each financial institution at which the Debtors maintain their accounts relating to the provision of payment of adequate assurance as provided in this Interim Order is authorized to honor checks and electronic payment requests presented for the provision of adequate assurance as provided in this Interim Order and all funds transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

15. Nothing in the Motion shall be construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (iv) a promise to pay any claim; (v) a concession by the Debtors that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to this Interim Order are valid (and all rights to contest the extent, validity or perfection or seek avoidance of all such liens are expressly reserved); (vi) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code; (vii) a waiver of the obligation of any party in interest to file a proof of claim; or (viii) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Interim Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

16. This Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the interim relief requested is necessary to avoid immediate and irreparable harm.

17. The notice requirement of Bankruptcy Rule 6004(a) is waived.

18. This Interim Order shall be immediately effective and enforceable upon its entry. The 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

19. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

20. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: February 20th, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**