## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: March 20, 2025 at 2:00 p.m. (ET)** |
| | **Objection Deadline: March 11, 2025 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING DEADLINES FOR THE FILING OF PROOFS OF CLAIM AND REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS, (II) APPROVING THE FORMS AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) establishing deadlines for filing proofs of claim and requests for allowance of administrative expense claims in these cases, (ii) approving the forms and manner of notice thereof, and (iii) granting related relief. In support of this motion (this "Motion"), the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated

---

[1]      The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these cases is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory bases for the relief requested herein are sections 105(a), 501, 502, 503, 507(a)(2), and 1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 2002, 3002(a), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1009-2 and 2002-1.

BACKGROUND

4.      On February 19, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made.  As of this Motion, no trustee, examiner or statutory committee of creditors is appointed in these cases.

5.      The Debtors are global leaders in zero-emissions commercial transportation, including the design and manufacture of battery-electric and hydrogen fuel cell electric trucks and the development of infrastructure for hydrogen fueling solutions.  Founded in 2015, the Debtors are headquartered in Phoenix, Arizona and employ more than 850 employees.

6.       Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these cases is set forth in the *Declaration of Stephen J. Girsky in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 18] (the "<u>First Day Declaration</u>"), which is incorporated herein by reference.

7.       The Debtors have not yet filed their schedules of assets and liabilities and statements of financial affairs (collectively, the "<u>Schedules</u>").

8.       The Debtors now seek to establish deadlines by when holders of claims have to file written proof of their claims and requests for allowance of their administrative expense claims (collectively, the "<u>Bar Dates</u>" and, each individually, a "<u>Bar Date</u>").[2]

<b><u>RELIEF REQUESTED</u></b>

9.       To provide sufficient time for creditors to file proofs of claim and requests for allowance of administrative expense claims, the Debtors propose the following deadlines:

| A. | **General Bar Date:** | **<u>The first business day that is thirty-three (33) days after the Non-Administrative Service Date at 5:00 p.m. (ET).</u>** |
|---|---|---|
| B. | **Administrative Claim Bar Date** | **<u>The first business day that is thirty-three (33) days after the Administrative Service Date at 5:00 p.m. (ET).</u>** |
| B. | **Governmental Bar Date:** | **<u>August 18, 2025 at 5:00 p.m. (ET)</u>**. |

---

[2]   Except as otherwise defined herein, all terms used in this Motion that are specifically defined in the Bankruptcy Code shall have the meanings ascribed to such terms in the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

3

| C. | **Amended Schedules Bar Date:** | To the extent applicable, the later of (i) the General Bar Date and (ii) twenty-one (21) days from the date on which the Debtors provide notice of an amendment to the Schedules (such date, the "<u>Amended Schedules Bar Date</u>"). |
|---|---|---|
| D. | **Rejection Bar Date:** | The later of (i) the date set forth in an order authorizing the Debtors to reject contracts or leases pursuant to section 365 of the Bankruptcy Code (including any order confirming a chapter 11 plan in these cases), (ii) the General Bar Date, and (iii) thirty (30) days from the later of the date the rejection order is entered and notice of rejection is provided (the "<u>Rejection Bar Date</u>"). |

<u>**ESTABLISHMENT OF BAR DATES**</u>

10.     Clearly established procedures for filing proofs of claim and requests for payment of administrative expense claims will provide clarity to holders of claims and help the Debtors efficiently administer these chapter 11 cases.

11.     <u>**General Bar Date**</u>.  Bankruptcy Rule 3003(c)(3) requires that the Court fix a time by when proofs of claim must be filed.  The Debtors request that the Court designate the General Bar Date as the **first business day that is thirty-three (33) days after the date of service (the "<u>Non-Administrative Service Date</u>") of the notice of the (i) General Bar Date, (ii) Governmental Bar Date, (iii) Amended Schedules Bar Date, and (iv) Rejection Bar Date (collectively, the "<u>Non-Administrative Bar Dates</u>"), substantially in the form attached to the Proposed Order as <u>Exhibit 1A</u> (the "<u>Non-Administrative Bar Dates Notice</u>") at 5:00 p.m. (prevailing Eastern Time)**.

12.     Here, the Debtors propose to serve the Non-Administrative Bar Dates Notice upon all known entities holding potential claims subject to the Non-Administrative Bar Dates, thereby providing these creditors at least thirty days' actual notice prior to the earliest of the potentially applicable Non-Administrative Bar Dates.  The Debtors will file Schedules on or before March

4

12067224v.4

11, 2025, approximately nine days before the Court hears this Motion. The Debtors expect the Non-Administrative Service Date to be approximately two (2) business days after the Court rules on this Motion. Therefore, all creditors will have adequate time (at least 43 days) to review the Schedules and their own records and file a Proof of Claim, if necessary, before the earliest of the applicable Non-Administrative Bar Dates.

13.     The General Bar Date would be the date by which all persons and entities (excluding governmental units) holding potential prepetition claims must file proofs of claim, unless they fall in one of the exceptions set forth in paragraph 24 of this Motion. Subject to these exceptions, the General Bar Date would apply to all persons or entities holding claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including secured claims, unsecured priority claims (including claims entitled to priority under sections 507(a)(4), (5), and (8) of the Bankruptcy Code), and unsecured nonpriority claims. The Debtors also propose that the filing of a proof of claim be deemed to satisfy the procedural requirements for asserting administrative priority claims under section 503(b)(9) of the Bankruptcy Code (which, despite their administrative priority status, are prepetition claims); *provided, however*, that all other administrative expense claims under section 503(b) of the Bankruptcy Code must be asserted by following the procedures detailed below.

14.     **Administrative Claim Bar Date**. The Debtors are proposing procedures for holders of administrative expense claims to assert Payment Requests (defined below) without needing to file separate motions. These procedures would allow the Debtors to efficiently review and process Administrative Expense Claims (defined below) in connection with the prosecution of a chapter 11 plan in a manner that will preserve estate and judicial resources.

12067224v.4

15.     Currently, the Debtors anticipate that (a) the contemplated sales of substantially all of their assets pursuant to the bidding procedures currently pending before this Court [Docket No. 15] (such sales, collectively, the "Sales") will have closed in 2025 and (b) the Debtors will not be operating entities thereafter.  The Debtors believe that establishing an administrative expense bar date tied to the date upon which the last of the Sales closes (such date, the "Closing Date") will facilitate the orderly winddown of these cases (including pursuant to a plan of liquidation).

16.     Accordingly, the Debtors propose that any person or entity (including individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that holds or wishes to assert an administrative expense claim pursuant to section 503(b) of the Bankruptcy Code (other than those claims arising under section 503(b)(9) as set forth above) (each, an "Administrative Expense Claim"), against the Debtors' estates, that arose after the Petition Date through and including the Closing Date, must file a request for allowance of such Administrative Expense Claim (each, a "Payment Request"), no later than the **first business day that is thirty-three (33) days after the date of service (the "Administrative Service Date") of the notice of the Administrative Claim Bar Date, substantially in the form attached to the Proposed Order as Exhibit 1B (the "Administrative Bar Date Notice") at 5:00 p.m. (prevailing Eastern Time)**.

17.     The Debtors expect the Administrative Service Date to be approximately two (2) business day after the Closing Date.  The proposed Administrative Claim Bar Date provides claimants at least thirty (30) days (after the Administrative Service Date) to file their Administrative Expense Claims relating to the Sales or otherwise.  The Debtors believe that establishing an Administrative Claim Bar Date that covers Administrative Expense Claims that arise through the closing of the Sales will facilitate the orderly winddown of these cases.

18.    **Governmental Bar Date**.  Section 502(b)(9) of the Bankruptcy Code provides that governmental units shall have 180 days after the Petition Date, or such later time as the Bankruptcy Rules may provide, to file proofs of claim.  Accordingly, the Debtors propose that the Court establish **August 18, 2025 at 5:00 p.m. prevailing Eastern Time** as the date by when all governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose or are deemed to have arisen before the Petition Date must file proofs of claim, including claims for unpaid taxes, whether such claims arose from prepetition tax periods or prepetition transactions.

19.    **Amended Schedules Bar Date**.  If the Debtors amend their Schedules, then in accordance with Local Rule 1009-2, the Debtors propose establishing the later of (a) the General Bar Date and (b) twenty-one days from the date on which the Debtors provided notice of an amendment to their respective Schedules, as the date by when holders of claims affected by any amendment to the Schedules must file proofs of claim.

20.    **Rejection Bar Date**.  The Debtors may reject executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code.  As a result, the Debtors anticipate that counterparties to rejected contracts and leases may assert claims in connection with the rejection of their contracts.  The Debtors propose that the Court establish the later of (a) the date set forth in an order authorizing the Debtors to reject a contract or lease pursuant to section 365 of the Bankruptcy Code (including any order confirming a chapter 11 plan in these cases), (b) the General Bar Date, and (c) thirty (30) days from the later of the date the rejection order is entered and notice of rejection is provided, as the date by when a counterparty to a rejected contract or lease must file a proof of claim for rejection damages (the "Rejection Bar Date").

21.     As required by Local Rule 2002-1(e)(i))(b), the Debtors anticipate that Epiq Corporate Restructuring, LLC ("Epiq"), the Debtors' claims and noticing agent in these cases [*See* Docket No. 50], will provide notice of the Bar Dates, either the Non-Administrative Bar Dates Notice or the Administrative Bar Date Notice, as applicable,  (collectively, the "Bar Date Notices" and, each individually, a "Bar Date Notice"), to all known entities holding potential claims against the Debtors.  Together with the applicable Bar Date Notice, the Debtors will send a proof of claim form (a "Proof of Claim") and a Payment Request form (a "Payment Request Form"), substantially in the forms attached to the Proposed Order as **Exhibits 2 and 3**, respectively.  The Non-Administrative Service Date and the Administrative Service Date, as applicable, are each referred to herein as a "Service Date."

### PARTIES REQUIRED TO FILE PROOFS OF CLAIM AND PAYMENT REQUESTS

22.     The Proposed Order provides that each person or entity (including each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a claim against one or more of the Debtors is required to file a Proof of Claim or Payment Request Form, as applicable, in the bankruptcy case of each Debtor against which a claim is asserted.  Each Proof of Claim must substantially comply with Official Bankruptcy Form B 410, a modified copy of which is attached to the Proposed Order as **Exhibit 2**, and each Payment Request must substantially comply with the form attached to the Proposed Order as **Exhibit 3**. Proofs of Claim and Payment Request Forms must be sent (a) by first-class mail, overnight courier, or hand-delivery to Epiq or (b) electronically by submitting a Proof of Claim or a Payment Request Form through Epiq's website at https://dm.epiq11.com/Nikola.  **Proofs of Claim and Payment Request Forms will be deemed timely filed only if they are actually received by Epiq on or before the applicable Bar Date.**

8

23.     Additionally, all Proofs of Claim and all Payment Request Forms must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be written in English; (iii) for Payment Request Forms, denominate the claim in the lawful currency of the United States as of the Administrative Claim Bar Date; (iv) for Proofs of Claim, denominate the claim in the lawful currency[3] of the United States; and (v) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available.

**PARTIES NOT REQUIRED TO FILE
PROOFS OF CLAIM AND PAYMENT REQUESTS**

24.     Notwithstanding the foregoing, the Debtors propose that the following persons or entities holding claims that would otherwise be subject to the Bar Dates need **not** file Proofs of Claim:

a)     any person or entity that already has filed a Proof of Claim against the correct Debtor(s) with Epiq or the Clerk of the Court in a form substantially similar to Official Bankruptcy Form B 410;

b)     any person or entity whose claim is listed on the Debtors' Schedules or any amendments thereto; *unless* (i) the claim is scheduled as "disputed," "contingent," or "unliquidated;" (ii) the claimant disagrees with the amount, nature, or priority of the claim, as set forth in the Schedules; or (iii) the claimant disputes that the claim is an obligation of the particular Debtor against which the claim is listed in the Schedules.  In the case of either (i), (ii), or (iii), a Proof of Claim must be filed on or before the applicable Bar Date;

c)     professionals retained by the Debtors or any committee appointed in these cases, pursuant to orders of the Court, that assert administrative expense claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

d)     a claim on account of indemnification, contribution, or reimbursement by an officer, director, or employee of the Debtors who held such position as of the Petition Date; *provided, however*, that any director, officer, or

---

[3]     If a claim was incurred in foreign currency, then the Proof of Claim must state the amounts claimed in such foreign currency and must also convert the amount to United States dollars as of the Petition Date.

9

employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employment of the Debtors following the Petition Date must file a proof of claim by the later of (i) the General Bar Date or (ii) thirty (30) days following the resignation or termination of employment if the director, officer, or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or for reimbursement related to the foregoing;

e)      a holder of a claim that has previously been allowed by order of the Court;

f)      a holder of a claim that has been paid in full or is otherwise fully satisfied by the Debtors or any other party;

g)      a holder of a claim for which a specific deadline to file a Proof of Claim previously has been fixed by the Court;

h)      any Debtor having a claim against another Debtor;

i)      any present or former employee of the Debtors, solely with respect to any claim based on the payment of an obligation arising in the ordinary course of business as a wage, commission, or benefit and authorized to be paid by an interim or final order granting the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Compensation, Employee Benefits, and Other Employee Obligations and (B) Continue Certain Employee Benefit Programs in the Ordinary Course; (II) Authorizing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief* [Docket No. 10], *provided, however*, that a current or former employee must submit a Proof of Claim by the General Bar Date for all other claims, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance, or any other litigation or pre-litigation claim;

j)      any person or entity who holds an equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim or a Payment Request, as applicable, must be filed on or before the applicable Bar Date pursuant to the procedures set forth herein;[4] and

---

[4]    The Debtors reserve all rights with respect to any such claims, including to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

k) any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates.

25. Additionally, the following claims are **not** required to be filed on or before the Administrative Claim Bar Date:

a) Administrative Expense Claims that (i) have been previously paid by the Debtors in the ordinary course of the Debtors' business or (ii) have otherwise been allowed by order of the Court;

b) Administrative Expense Claims previously filed with Epiq or the Court;

c) Administrative Expense Claims held by a person or entity that filed a motion requesting allowance of such Administrative Expense Claim prior to entry of the Proposed Order;

d) Administrative Expense Claims of any professional retained and employed by the Debtors or any committee appointed in these cases pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, including any ordinary course of business professionals retained, pursuant to an order of this Court approving the employment of ordinary course business professionals, for compensation, indemnification, or reimbursement of costs and expenses relating to professional services performed and expenses incurred on and after the Petition Date;

e) claims for fees payable to the Clerk of this Court;

f) fees payable to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717; and

g) Administrative Expense Claims arising after the Closing Date.

### FILING CLAIMS AGAINST MULTIPLE DEBTORS

26. The Debtors propose that any person or entity asserting claims against more than one Debtor must file a separate Proof of Claim or Payment Request, as applicable, with respect to each such Debtor on or before the applicable Bar Date. In addition, any person or entity filing a Proof of Claim or Payment Request, as applicable, must identify the particular Debtor against which its claim is being asserted. Any Proof of Claim or Payment Request that is filed without identifying a Debtor shall be deemed as filed only against Debtor Nikola Corp.

11

**EFFECT OF FAILURE TO FILE PROOF OF CLAIM AND PAYMENT REQUEST**

27.     The Debtors propose that any person or entity who is required, but fails, to file a Proof of Claim or Payment Request Form in accordance with the Proposed Order, on or before the applicable Bar Date (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or property of the Debtors, or thereafter filing a Proof of Claim or Payment Request Form with respect thereto in these cases, unless otherwise ordered by this Court; (b) shall not, with respect to such claim, be treated as a Creditor of the Debtors for purposes of voting on any chapter 11 plan in these cases; and (c) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim, without further order of the Court.

**PROPOSED PROCEDURES FOR PROVIDING NOTICE OF THE
BAR DATES, FILING PROOFS OF CLAIM, AND FILING PAYMENT REQUESTS**

28.     Notice of the Bar Dates by the applicable Service Date will be provided by mailing a copy of the applicable Bar Date Notice, together with a Proof of Claim form and Payment Request form, by first-class United States mail, postage prepaid, to all known persons and entities that are listed in the Debtors' creditor matrix transmitted to the clerk of the Court (such matrix, the "Creditor Matrix").  In addition to all parties listed on the Creditor Matrix, Epiq will provide notice, via e-mail and first-class United States mail, to all additional parties receiving notice in these cases, including: to (a) all persons and entities (and their counsel if known) known by the Debtors to be holding potential claims or interests in the Debtors, (b) all parties that have requested notice in these cases, (c) all persons or entities listed in the Schedules, (d) all parties to executory contracts and unexpired leases with the Debtors, (e) all parties to litigation with the Debtors, (f) all parties that have already filed a Proof of Claim or Payment Request against the Debtors, (g) all taxing authorities for the jurisdictions in which the Debtors do business, (h) all governmental units that

12

may have claims against the Debtors, (i) all equity security holders; and (j) the U.S. Trustee.  The mailing of the applicable Bar Date Notice by the applicable Service Date will ensure that creditors receive no less than thirty (30) days' notice of the Bar Dates, which exceeds the twenty-one (21) day notice required by Bankruptcy Rule 2002(a)(7).  The Bar Date Notices are consistent with the forms of notice adopted in this District and provide, among other things, that Proofs of Claim and Payment Request Forms must be filed on or before the applicable Bar Date.

29.    In addition, the Debtors intend to provide notice of the Bar Dates to unknown creditors by publishing a notice, substantially in the form attached to the Proposed Order as **Exhibit 4** (the "Publication Notice"), at least once no later than twenty-one (21) days before the General Bar Date in the national edition of *The Wall Street Journal*, *The New York Times*, or *USA Today*, as determined by the Debtors in their sole discretion.  In the Debtors' judgment, such publication is likely to reach the widest possible audience of creditors who may not otherwise have notice of these cases.

30.    The Bar Date Notices and the Publication Notice (a) identify the Bar Dates; (b) advise creditors under what circumstances they must file a Proof of Claim or Payment Request Form; (c) alert creditors of the consequences of failing to properly or timely file a Proof of Claim or Payment Request Form; (d) set forth the addresses to which paper Proofs of Claim and Payment Request Forms must be mailed; (e) list the website where Proofs of Claim and Payment Request Forms may be submitted electronically; (f) notify creditors that Proofs of Claim and Payment Requests must be filed with original signatures; and (g) alert creditors that facsimile or email filings of Proofs of Claim and Payment Request Forms are not acceptable and are not valid for any purpose.

12067224v.4

31.     After the initial mailing of the Bar Date Notices, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date noticing process.  In this regard, the Debtors request that the Court permit the Debtors to make supplemental mailings of the applicable Bar Date Notices in these and similar circumstances at any time up to fourteen days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.

**BASIS FOR RELIEF REQUESTED**

**A.     The Bar Dates**

32.     Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. *See* Fed. R. Bankr. P. 3003(c)(3).  Bankruptcy Rule 3003(c)(2) further provides that any creditor who asserts a claim against a debtor, and whose claim is not scheduled in that debtor's schedules of assets and liabilities, or whose claim is listed on such schedules as disputed, contingent, or unliquidated, must timely file a proof of claim, failing which such creditor shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.  *See* Fed. R. Bankr. P. 3003(c)(2).  Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for

relief . . . ."  11 U.S.C. § 502(b)(9).  Further, section 503(a) of the Bankruptcy Code provides that

"an entity may timely file a request for payment of an administrative expense."  11 U.S.C. § 503(a).

33.     Neither the Bankruptcy Rules nor the Local Rules specify the time by which proofs

of claim or requests for payment of administrative expense claims must be filed in a chapter 11

case.

34.     As a result, the Court has discretion in setting such a date and is authorized to grant

the relief requested herein.  *See* 11 U.S.C. § 105(a) (empowering a court to issue "any order,

process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy

Code"); *see also Polysat, Inc. v. Union Tank Car Co. (In re Polysat, Inc.)*, 152 B.R. 886, 895–96

(Bankr. E.D. Pa. 1993) ("a bankruptcy court has the general authority to impose an administrative

bar date" (citing *In re Holywell Corp.*, 68 B.R. 134, 137 (Bankr. S.D. Fla. 1986)).

35.     The proposed Bar Dates are more than adequate considering that Bankruptcy

Rule 2002(a)(7) requires twenty-one (21) days' notice of the deadlines for filing proofs of claim

and that administrative bar dates are routinely set for thirty (30) or more days after service.  *See,*

*e.g.*, *In re Number Holdings, Inc.*, Case No. 24-10719 (JKS) (Bankr. D. Del. June 4, 2024) [Docket

No. 784] (approving a general bar date and administrative expense claim bar date that is thirty (30)

days from service); *In re Sientra, Inc.*, Case No. 24-10245 (JTD) (Bankr. D. Del. Mar. 26, 2024)

[Docket No. 209] (establishing general and administrative bar date that is thirty (30) days from

service); *In re Sherman/Grayson Hosp., LLC*, Case No. 23-10810 (JKS) (Bankr. D. Del. Mar. 1,

2024) [Docket No. 390] (approving an administrative expense claim bar date that is thirty (30)

days after service).

36.     Under the circumstances of these cases, the Bar Dates provide creditors ample time

to prepare and file their claims, are reasonable and necessary for the efficient administration of

12067224v.4

these cases and should be approved.  The proposed Bar Dates will allow the Debtors to reconcile claims efficiently and expeditiously and will provide the Debtors with greater certainty regarding the extent of all claims.  Moreover, the relief requested will not impair the rights of any parties.

37.    Here, the Debtors propose (i) a General Bar Date and an Administrative Claim Bar Date that gives claimants over thirty (30) days' notice after service of the applicable Bar Date Notice; (ii) an Amended Schedules Bar Date allowing twenty-one (21) days' notice to file a Proof of Claim following any amendment to the Schedules; and (iii) a Rejection Bar Date allowing at least thirty (30) days to file a Proof of Claim following rejection of a contract or lease.

**B.    Bar Date Notices and Procedures**

38.    To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  *See Chemetron Corp. v. Jones (In re Chemetron Corp.)*, 72 F.3d 341, 345 (3d Cir. 1995).  As the Third Circuit in *Chemetron* explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and claims bar date.  For unknown claimants, notification by publication will generally suffice."  *Id.* at 346 (citations omitted).  A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor."  *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).  An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  *Chemetron,* 71 F.3d at 346 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

39.    In defining the efforts required to identify "known" creditors, the Third Circuit stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation . . . .  The requisite search instead focuses on the debtor's own books and records.  Efforts beyond a careful examination of these documents are generally not required.  Only

16

those claimants who are identifiable through a diligent search are "reasonably ascertainable" and hence "known" creditors.

*Id.* at 346-47 (citations omitted).  As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'"  *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir. 1989)).

40.     The proposed notice procedures satisfy the *Chemetron* standard.  The Debtors have identified those persons and entities that are known to the Debtors to hold claims against them or that are likely to hold claims.  The potential claimants were identified following careful review of the Debtors' books and records.

41.     The proposed forms of the Bar Date Notices are also reasonable and appropriate. The proposed Bar Date Notices are easy to comprehend; provides clear notice of the Bar Dates; and provides information regarding (i) who must file a Proof of Claim and a Payment Request Form, (ii) the procedures for filing Proofs of Claim and Payment Request Forms, (iii) the consequences for failing to properly and timely file a Proof of Claim or Payment Request Form, and (iv) instructions for completing a Proof of Claim or a Payment Request Form.  The Proof of Claim form is similar to Official Bankruptcy Form B 410 and to those used effectively in similar chapter 11 cases, and the Payment Request Form will extinguish the need for claimants to file a separate motion to request payment of their Administrative Expense Claims.

42.     The Publication Notice has also been tailored to provide notice of the Bar Dates on an extensive basis throughout the United States.  The Publication Notice is designed to provide any claimants unknown to the Debtors with adequate notice of the Bar Dates and constitutes good and sufficient notice to "unknown" creditors, as defined by the Third Circuit in *Chemetron*.

17

43.     In sum, fixing of the Bar Dates as proposed in this Motion will allow the Debtors to efficiently administer these cases and therefore is in the best interest of the Debtors and their estates.

### RESERVATION OF RIGHTS

44.     Nothing in this Motion is intended to or should be construed as a waiver of the Debtors' rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any claim listed in the Schedules as disputed, contingent, or unliquidated; or (c) amend or supplement the Schedules.

### NOTICE

45.     Notice of this Motion will be provided to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the Debtors' thirty largest unsecured creditors; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; (g) Bank of America, N.A.; (h) Citibank, N.A.; (i) counsel to any committee appointed in these cases; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no further notice is necessary.

### NO PRIOR REQUEST

46.     No prior motion for the relief requested herein has been made to this or any other court.

18

WHEREFORE, the Debtors respectfully request that this Court grant (i) the relief requested in this Motion by entering the Proposed Order and (ii) such other and further relief as this Court deems just and proper.

Dated: February 25, 2025
       Wilmington, Delaware

Joshua D. Morse, Esq.
Jonathan R. Doolittle, Esq.
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, California 94111-5998
Telephone: (415) 983-1000
Facsimile:  (415) 983-1200
Email: joshua.morse@pillsburylaw.com
       jonathan.doolittle@pillsburylaw.com

-and-

Andrew V. Alfano, Esq.
Caroline Tart, Esq.
Chazz C. Coleman, Esq.
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
31 West 52nd Street
New York, New York 10019
Telephone: (212) 858-1000
Facsimile:  (212) 858-1500
Email: andrew.alfano@pillsburylaw.com
       caroline.tart@pillsburylaw.com
       chazz.coleman@pillsburylaw.com

Respectfully submitted,

*/s/ Maria Kotsiras*
M. Blake Cleary (No. 3614)
Brett M. Haywood (No. 6166)
Maria Kotsiras (No. 6840)
Shannon A. Forshay (No. 7293)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: bcleary@potteranderson.com
       bhaywood@potteranderson.com
       mkotsiras@potteranderson.com
       sforshay@potteranderson.com

*Counsel to the Debtors and Debtors in Possession*

19

12067224v.4