## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket No. __** |

**ORDER (I) ESTABLISHING DEADLINES FOR THE FILING
OF PROOFS OF CLAIM AND REQUESTS FOR ALLOWANCE OF
ADMINISTRATIVE EXPENSE CLAIMS, (II) APPROVING THE FORMS AND
MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 501, 502, 503, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002, 3002(a), 3003(c)(3), and 5005(a), and Local Rules 1009-2 and 2002-1, for entry of an order (i) establishing deadlines for filing proofs of claim and requests for allowance of administrative expense claims in these cases, (ii) approving the forms and manner of notice thereof, and (iii) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A).  The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and the hearing thereon having been given as set forth in the Motion; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Each person or entity, including each individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit (as defined in section 101(27) of the Bankruptcy Code) that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim or Payment Request Form, as applicable, in the bankruptcy case of each Debtor against which a claim is asserted.

3.      Proofs of Claim or Payment Request Forms shall be filed by the holder of the claim ("Creditor") or an authorized representative of the Creditor.

4.      **General Bar Date.**  Except as otherwise provided herein, any person or entity (excluding any governmental unit) that wishes to assert a claim against the Debtors in these cases, including any claim arising under section 503(b)(9) of the Bankruptcy Code, shall file a completed and executed Proof of Claim, substantially in the form attached hereto as **Exhibit 2**, so that it is actually received, as provided in paragraphs 9–12 below, by Epiq, the claims and noticing agent in these cases, by **5:00 p.m. (prevailing Eastern Time) on the first business day that is thirty-**

2

**three (33) days after the Non-Administrative Service Date** (the "General Bar Date"). The Debtors shall include the General Bar Date in the Non-Administrative Bar Dates Notice and shall file the Non-Administrative Bar Dates Notice with this Court so as to make the General Bar Date (and all other Non-Administrative Bar Dates) a matter of record in these cases. The Debtors are authorized, but not required, to agree to extend the General Bar Date for any claimant by written stipulation filed with this Court.

5.      **Administrative Claim Bar Date.** Except as otherwise provided herein, any person or entity that wishes to assert an Administrative Expense Claim pursuant to section 503(b) of the Bankruptcy Code (except those claims arising under section 503(b)(9)) that arose from the Petition Date through and including the Closing Date, shall file a completed and executed Payment Request Form, substantially in the form attached hereto as **Exhibit 3**, so that it is actually received, as provided in paragraphs 9–12 below, by Epiq by **5:00 p.m. (prevailing Eastern Time) on the first business day that is thirty-three (33) days after the Administrative Service Date** (the "Administrative Claim Bar Date"). The Debtors shall include the Administrative Claim Bar Date in the Administrative Bar Date Notice. The Debtors are authorized, but not required, to agree to extend the Administrative Bar Date for any claimant by written stipulation filed with this Court.

6.      **Governmental Bar Date.** Any governmental units (as defined in section 101(27) of the Bankruptcy Code) that wish to assert a claim against one or more of the Debtors shall file a completed and executed Proof of Claim, substantially in the form attached hereto as **Exhibit 2**, so that it is received, as provided in paragraphs 9–12 below, by Epiq by **5:00 p.m. (prevailing Eastern Time) on August 18, 2025**.

7.      **Amended Schedule Bar Date.** If the Debtors amend or supplement their Schedules to (a) change the amount, nature, classification, or characterization of a claim, or (b)

3

add a new claim to the Schedules, the affected claimant shall file a completed and executed Proof of Claim, substantially in the form attached hereto as **Exhibit 2**, or amend any previously filed Proof of Claim in respect of the amended scheduled claim in accordance with the procedures described in the Motion so that it is received, as provided in paragraphs 9–12 below, by Epiq **by the later of (a) the General Bar Date and (b) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules**.  If the Debtors amend their Schedules with respect to the claim of a governmental unit, then the affected governmental unit shall file a completed and executed Proof of Claim, substantially in the form attached hereto as **Exhibit 2**, or amend any previously filed Proof of Claim in respect of the amended scheduled claim so that it is received, as provided in paragraphs 9–12 below, by Epiq **by the later of (a) the Governmental Bar Date and (b) twenty-one (21) days after the governmental unit is served with notice of the applicable amendment or supplement to the Schedules**.

8.      **Rejection Bar Date.**  If the Debtors reject executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, a completed and executed Proof of Claim, substantially in the form attached hereto as **Exhibit 2**, shall be filed in connection with any rejection damages claim(s) so that it is received, as provided in paragraphs 9 – 12 below, by Epiq **by the later of (a) the General Bar Date, (b) the date set forth in an order authorizing the Debtors to reject contracts or leases, and (c) thirty (30) days after the later of the date the rejection order is entered and notice of the rejection is provided**; *provided, however*, that parties asserting claims with respect to contracts or leases that are unrelated to rejection damages claims must file Proofs of Claim on account of such claims by the General Bar Date.

4

9.     Proofs of Claim and Payment Request Forms must be sent (a) by first-class mail to Epiq at: Nikola Corporation Claims Processing Center c/o Epiq Corporate Restructuring, LLC, P.O. Box 4419, Beaverton, OR 97076-4419; (b) by overnight mail, courier, or hand delivery to Epiq at: Nikola Corporation Claims Processing Center c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd.. Beaverton, OR 97005 or (c) electronically by submitting a Proof of Claim or a Payment Request Form through Epiq's website at https://dm.epiq11.com/Nikola.

1.     Proofs of Claim and Payment Request Forms sent by mail, overnight mail, courier, or hand delivery in paper must be original and contain original signatures.

2.     Proofs of Claim and Payment Request Forms mailed or delivered to Epiq, or submitted electronically through Epiq's website, will be deemed timely filed only if *actually received* by Epiq on or before the Bar Date associated with such claim at the address listed in paragraph 9 above.

3.     Epiq shall not accept Proofs of Claim or Payment Request Forms by facsimile, telecopy, email, or other electronic submission (except through Epiq's website as set forth in paragraph 9 above), and Proofs of Claim or Payment Request Forms submitted by such means shall not be deemed timely filed.

4.     The following persons or entities whose claims otherwise would be subject to the General Bar Date, are **not** required to file Proofs of Claim:

a)     any person or entity that already has filed a Proof of Claim against the correct Debtor(s) with Epiq or the Clerk of the Court in a form substantially similar to Official Bankruptcy Form B 410;

b)     any person or entity whose claim is listed on the Debtors' Schedules or any amendments thereto; *unless* (i) the claim is scheduled as "disputed," "contingent," or "unliquidated;" (ii) the claimant disagrees with the amount, nature, or priority of the claim, as set forth in the Schedules; or (iii) the claimant disputes that the claim is an obligation of the particular Debtor against which the claim is listed in the Schedules. In the case of either (i),

5

(ii), or (iii), a Proof of Claim must be filed on or before the applicable Bar Date;

c)     professionals retained by the Debtors or any committee appointed in these cases, pursuant to orders of the Court, that assert administrative expense claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

d)     a claim on account of indemnification, contribution, or reimbursement by an officer, director, or employee of the Debtors who held such position as of the Petition Date; *provided, however*, that any director, officer, or employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employment of the Debtors following the Petition Date must file a proof of claim by the later of (i) the General Bar Date or (ii) thirty (30) days following the resignation or termination of employment if the director, officer, or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or for reimbursement related to the foregoing;

e)     a holder of a claim that has previously been allowed by order of the Court;

f)     a holder of a claim that has been paid in full or is otherwise fully satisfied by the Debtors or any other party;

g)     a holder of a claim for which a specific deadline to file a Proof of Claim previously has been fixed by the Court;

h)     any Debtor having a claim against another Debtor;

i)     any present or former employee of the Debtors, solely with respect to any claim based on the payment of an obligation arising in the ordinary course of business as a wage, commission, or benefit and authorized to be paid by an interim or final order granting the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Compensation, Employee Benefits, and Other Employee Obligations and (B) Continue Certain Employee Benefit Programs in the Ordinary Course; (II) Authorizing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief* [Docket No. 10], *provided, however*, that a current or former employee must submit a Proof of Claim by the General Bar Date for all other claims, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance, or any other litigation or pre-litigation claim;

j)     any person or entity who holds an equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or

rights to purchase, sell, or subscribe to such a security or interest; *provided* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim or a Payment Request, as applicable, must be filed on or before the applicable Bar Date pursuant to the procedures set forth herein;[3] and

k)      any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates.

5.  Additionally, the following claims are **not** required to be filed on or before the

Administrative Claim Bar Date:

a)      Administrative Expense Claims that (i) have been previously paid by the Debtors in the ordinary course of the Debtors' business or (ii) have otherwise been allowed by order of the Court;

b)      Administrative Expense Claims previously filed with Epiq or the Court;

c)      Administrative Expense Claims held by a person or entity that filed a motion requesting allowance of such Administrative Expense Claim prior to entry of the this Order;

d)      Administrative Expense Claims of any professional retained and employed by the Debtors or any committee appointed in these cases pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, including any ordinary course of business professionals retained, pursuant to an order of this Court approving the employment of ordinary course business professionals, for compensation, indemnification, or reimbursement of costs and expenses relating to professional services performed and expenses incurred on and after the Petition Date;

e)      claims for fees payable to the Clerk of this Court;

f)      fees payable to the U.S. Trustee under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717; and

g)      Administrative Expense Claims arising after the Closing Date.

15.     Any entity asserting claims against more than one Debtor must file a separate Proof

of Claim or Payment Request Form, as applicable, with respect to each such Debtor on or before

---

[3]      The Debtors reserve all rights with respect to any such claims, including to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

the applicable Bar Date.  In addition, any entity filing a Proof of Claim or Payment Request Form must identify the particular Debtor against which its claim is being asserted.  Any Proof of Claim or Payment Request that is filed without identifying a Debtor shall be deemed as filed only against Debtor Nikola Corp.

16.    The provisions of this Order apply to all claims of whatever character, against the Debtors or their assets, whether secured or unsecured, priority or nonpriority, liquidated or unliquidated, fixed or contingent.

17.    Any person or entity that is required to file a timely Proof of Claim or Payment Request Form in the form and manner specified by this Order and who fails to do so on or before the Bar Date associated with such claim: (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or property of the Debtors, or thereafter filing a Proof of Claim or Payment Request Form with respect thereto in these cases, unless otherwise ordered by this Court; (b) shall not, with respect to such claim, be treated as a Creditor of the Debtors for purposes of voting on any chapter 11 plan in these cases; and (c) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim, without further order of this Court.

18.    The Non-Administrative Bar Dates Notice and the Administrative Bar Date Notice, substantially in the forms attached hereto as **Exhibit 1A** and  **Exhibit 1B**, the Proof of Claim form, substantially in the form attached hereto as **Exhibit 2**, the Payment Request Form, substantially in the form attached hereto as **Exhibit 3**, and the Publication Notice, substantially in the form attached hereto as **Exhibit 4**, are hereby approved in all respects.

19.    The Non-Administrative Bar Dates Notice and the Administrative Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order if it is

served, together with the Proof of Claim form and Payment Request Form, as applicable, by first-class U.S. mail, postage prepaid, and e-mail, where applicable, no later than thirty (30) days before the applicable Bar Date, to (a) all persons and entities (and their counsel if known) known by the Debtors to be holding potential claims or interests in the Debtors, (b) all parties that have requested notice in these cases, (c) all persons or entities listed in the Schedules, (d) all parties to executory contracts and unexpired leases with the Debtors, (e) all parties to litigation with the Debtors, (f) all parties that have already filed a Proof of Claim or Payment Request against the Debtors, (g) all taxing authorities for the jurisdictions in which the Debtors do business, (h) all governmental units that may have claims against the Debtors, (i) all equity security holders, and (j) the U.S. Trustee.

20.    The Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit 4**, in the national edition of one of the following newspapers: *The Wall Street Journal*, *The New York Times*, or *USA Today*, at least once no later than twenty-one (21) days before the General Bar Date.  The Publication Notice shall be deemed good, adequate, and sufficient notice of the Bar Dates on all unknown creditors once published.

21.    After the initial mailings of the Non-Administrative Bar Dates Notice and the Administrative Bar Date Notice, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Non-Administrative Bar Dates Notice and the Administrative Bar Date Notice in these and similar circumstances at

any time up to fourteen days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

22.     Nothing in this Order shall prejudice the right of the Debtors or any other party to dispute, or to assert offsets or defenses to, any claim listed in the Schedules as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent, or unliquidated.

23.     The Debtors are authorized to make non-substantive changes to the exhibits hereto without further order of this Court, including changes to (a) correct typographical and grammatical errors, (b) update references to cited pleadings and orders, and (c) conform changes among this Order, the exhibits, and any other related materials prior to their mailing to parties in interest.

24.     The Debtors are authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Motion.

25.     This Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

**EXHIBIT 1A**

**Non-Administrative Bar Dates Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket No. __** |

## NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CASES. YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**PLEASE TAKE NOTICE THAT:**

On February 19, 2025, the above-captioned debtors (the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the U.S. Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on March [_], 2025, the Court entered an order (the "Bar Date Order")[2] establishing: (i) **April [__], 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date") as the deadline for any person or entity (except governmental units) to file a Proof of Claim in these cases; and (ii) **August 18, 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "Governmental Bar Date") as the deadline for any governmental unit to file a Proof of Claim in these cases.

For your convenience, enclosed with this Notice is a Proof of Claim form (the "Proof of Claim Form").

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A).  The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Bar Date Order.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM AGAINST THE DEBTORS.**

Please take further notice that the Bar Date Order and the procedures set forth herein for filing Proofs of Claim apply to all claims (the holder of any such claim, a "Claimant") that arose, or are deemed to have arisen, before the Petition Date, regardless of their character or nature, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent, including claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code, no matter how remote or contingent.

As used in this Notice, the term "Creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units and the United States Trustee.  In addition, the terms "persons," "Entities" and "Governmental units" have the meanings given such terms in sections 101(41), 101(15) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "Claim" or "Claims" has the meaning given such term in section 101(5) of the Bankruptcy Code, and includes as to or against any Debtor: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## CLAIMS

**A.     PROOFS OF CLAIM AND MANNER OF FILING**

**i.  Proofs of Claim**

Except as otherwise provided herein, any person or entity that has or seeks to assert a Claim which arose, or is deemed to have arisen, before the Petition Date, including a Claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates. For the avoidance of doubt, pursuant to Bankruptcy Rule 3003(c)(2), any Claimant who asserts a Claim that arose, or is deemed to have arisen, before the Petition Date and whose Claim is either (a) not listed on the Debtors' Schedules or (b) is listed on the Schedules as disputed, contingent, or unliquidated, must be file a Proof of Claim on or before the applicable Bar Date to potentially share in the Debtors' estates.  Under the Bar Date Order, the filing of an original, written Proof of Claim Form, or the electronic submission of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for asserting an administrative priority Claim under section 503(b)(9) of the Bankruptcy Code.  All other Administrative Expense Claims under section 503(b) of the Bankruptcy Code must be asserted by the procedures in the Bar Date Order and the Administrative Bar Date Notice (as defined in the *Debtors' Motion for Entry of An Order (I) Establishing Deadlines for the Filing of Proofs of Claim and Requests for Allowance of Administrative Expense Claims, (II) Approving the Forms and Manner of Notice Thereof, and (III) Granting Related Relief*

2

[Docket No ___]) and will not be deemed properly filed if asserted in a Proof of Claim Form. **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the General Bar Date**.  Acts or omissions of the Debtors that occurred on or arose before the Petition Date may give rise to Claims that must be filed by the applicable Bar Date, notwithstanding that such Claims may not have matured, are contingent, or have not become fixed or liquidated prior to or as of the Petition Date.

### 1.  Claims for Which A Proof of Claim Need <u>Not</u> be Filed

Notwithstanding the above, holders of the following Claims are <u>not required</u> to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

a)    any person or entity that already has filed a Proof of Claim against the correct Debtor(s) with Epiq or the Clerk of the Court in a form substantially similar to Official Bankruptcy Form B 410;

b)    any person or entity whose claim is listed on the Debtors' Schedules or any amendments thereto; *unless* (i) the claim is scheduled as "disputed," "contingent," or "unliquidated;" (ii) the claimant disagrees with the amount, nature, or priority of the claim, as set forth in the Schedules; or (iii) the claimant disputes that the claim is an obligation of the particular Debtor against which the claim is listed in the Schedules.  In the case of either (i), (ii), or (iii), a Proof of Claim must be filed on or before the applicable Bar Date;

c)    professionals retained by the Debtors or any committee appointed in these cases, pursuant to orders of the Court, that assert administrative expense claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

d)    a claim on account of indemnification, contribution, or reimbursement by an officer, director, or employee of the Debtors who held such position as of the Petition Date; *provided, however*, that any director, officer, or employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employment of the Debtors following the Petition Date must file a proof of claim by the later of (i) the General Bar Date or (ii) thirty (30) days following the resignation or termination of employment if the director, officer, or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or for reimbursement related to the foregoing;

e)    a holder of a claim that has previously been allowed by order of the Court;

f)    a holder of a claim that has been paid in full or is otherwise fully satisfied by the Debtors or any other party;

g)    a holder of a claim for which a specific deadline to file a Proof of Claim previously has been fixed by the Court;

3

h)      any Debtor having a claim against another Debtor;

i)      any present or former employee of the Debtors, solely with respect to any claim based on the payment of an obligation arising in the ordinary course of business as a wage, commission, or benefit and authorized to be paid by an interim or final order granting the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Compensation, Employee Benefits, and Other Employee Obligations and (B) Continue Certain Employee Benefit Programs in the Ordinary Course; (II) Authorizing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief* [Docket No. 10], *provided, however*, that a current or former employee must submit a Proof of Claim by the General Bar Date for all other claims, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance, or any other litigation or pre-litigation claim;

j)      any person or entity who holds an equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim or a Payment Request, as applicable, must be filed on or before the applicable Bar Date pursuant to the procedures set forth herein;[3] and

k)      any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates.

**Please take notice that any Claimant exempted from filing a Proof of Claim for a Claim as described in the list above must still properly and timely file a Proof of Claim for any other Claim that <u>does not fall within the exemptions</u> described above.**

**CLAIMANTS MAY WISH TO CONSULT AN ATTORNEY IF THEY HAVE QUESTIONS, INCLUDING WHETHER THEY SHOULD FILE A PROOF OF CLAIM. THE DEBTORS' ATTORNEYS, EPIQ, AND THE CLERK OF THE COURT CANNOT ADVISE CLAIMANTS IF THEY SHOULD FILE PROOFS OF CLAIM.**

### ii.   <u>Claims Arising from Rejected Executory Contracts or Unexpired Leases</u>

Any person or entity that holds a Claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General

---

[3]      The Debtors reserve all rights with respect to any such claims, including to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

Bar Date, (b) the date set forth in an order authorizing the Debtors to reject contracts or leases pursuant to section 365 of the Bankruptcy Code (unless the order authorizing such rejection provides otherwise), and (c) thirty (30) days from the later of the date the rejection order is entered and notice of the rejection is provided (the "Rejection Bar Date").

### iii. **Schedules and Amendments Thereto**

You may be listed as the holder of a Claim in the Schedules. The Schedules are available free of charge on Epiq's website at https://dm.epiq11.com/Nikola. If you rely on the Schedules, then it is your responsibility to determine that your Claim is accurately listed in the Schedules. As described above, if (a) you agree with the nature, amount, and status of your Claim as listed in the Schedules, (b) your Claim is NOT listed as "disputed," "contingent," or "unliquidated," and (c) you do not dispute that the Claim is an obligation of the particular Debtor against which the Claim is listed in the Schedules, then you are not required to file a Proof of Claim in these cases with respect to such Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

If the Debtors amend their Schedules, then the Bar Date for Creditors affected by any such amendment will be the later of (a) the General Bar Date or (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) days after the date that the Debtors provided written notice to the affected Creditor that the Schedules have been amended (the "Amended Schedules Bar Date").

## B.    **WHEN AND WHERE TO FILE PROOFS OF CLAIM**

All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, or in person) an original, written: Proof of Claim that substantially conforms to Official Bankruptcy Form No. B 410 or the enclosed Proof of Claim Form so as to be **actually received** by Epiq by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date at the following address:

| (by first-class mail) | (by overnight mail, courier, or hand delivery) |
|---|---|
| **Nikola Corporation Claims Processing Center** | **Nikola Corporation Claims Processing Center** |
| c/o Epiq Corporate Restructuring, LLC | c/o Epiq Corporate Restructuring, LLC |
| P.O. Box 4419 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4419 | Beaverton, OR 97005 |

Alternatively, claimants may submit a Proof of Claim electronically through the Claims filing system available at https://dm.epiq11.com/Nikola.

Proofs of Claim will be deemed timely filed only if actually received by Epiq on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission. Any facsimile, telecopy, or electronic mail submissions will **not** be accepted and will **not** be deemed filed until a Proof of Claim is submitted to Epiq by overnight mail, courier service, hand delivery, regular mail, or in person or through the electronic filing system described above. Claimants wishing to receive acknowledgment that their original, written Proofs of Claim

5

were received by Epiq must submit with their original Proof of Claim (i) a copy of the Proof of Claim, and (ii) a self-addressed, stamped envelope.

## C.    CONTENTS OF A PROOF OF CLAIM

### i.  Proofs of Claim

Enclosed is a Proof of Claim Form for use in these cases.  You may also use another Proof of Claim form that substantially conforms to Official Bankruptcy Form No. B 410.  The Proof of Claim Form is available free of charge on Epiq's website at https://dm.epiq11.com/Nikola.

If your Claim is listed in the Debtors' Schedules, the Proof of Claim Form sent to you will indicate how the Debtors have scheduled your Claim in the Schedules, including (a) the amount of the scheduled Claim, if any; (b) whether the Claim is listed as disputed, contingent, or unliquidated; and (c) whether the Claim is listed as a secured, unsecured priority, or unsecured non-priority Claim.

To be valid, your Proof of Claim **MUST**:   (a) be signed by the Claimant (if submitted electronically, the Claimant may use an electronic signature through the electronic claims filing system described above); (b) be written in the English language; (c) be denominated in the lawful currency of the United States; *provided that* Claims in foreign currency must state the amounts claimed in such foreign currency and must also convert each such amount to United States dollars as of the Petition Date; (d) conform substantially to the enclosed Proof of Claim Form or Official Form B 410; (e) set forth with specificity the legal and factual basis for the Claim; and (f) include supporting documentation or an explanation as to why such documentation is not available.  **You should redact any sensitive information from your supporting documentation before filing your Proof of Claim.**

**For each Claim under section 503(b)(9) of the Bankruptcy Code, you must attach all supporting documents to the Proof of Claim Form and include a statement setting forth with specificity:   (a) the value of the goods the Claimant contends the Debtors received within twenty (20) days before the Petition Date; (b) documentation, including invoices, receipts, purchase orders, bills of lading, and the like, identifying the particular goods for which the Claim is being asserted; and (c) a statement indicating (i) whether the value of such goods listed in the Proof of Claim Form represents a combination of services and goods, (ii) the percentage of value related to services and related to goods, and (iii) whether the Claimant has been paid for any other claim against the Debtors relating to the goods underlying its Proof of Claim Form.**

## D.    CONTINGENT CLAIMS

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, before the Petition Date, including acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to Claims against the Debtors and their estates notwithstanding that such Claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated before the Petition Date.  Therefore, any person or entity that holds a Claim or

potential Claim against the Debtors and their estates, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

**CONSEQUENCES FOR FAILURE TO FILE A**
**PROOF OF CLAIM**

Any Claimant that fails to timely and properly file a Proof of Claim by the applicable Bar Date, (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or property of the Debtors, or thereafter filing a Proof of Claim with respect thereto in these cases, unless otherwise ordered by this Court; (b) shall not, with respect to such claim, be treated as a Creditor of the Debtors for purposes of voting on any chapter 11 plan in these cases; and (c) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim, without further order of the Court.

This Notice is only a summary of the Bar Date Order.  All creditors and other parties-in-interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for additional information regarding the filing and treatment of Proofs of Claim.

**FILING CLAIMS AGAINST MULTIPLE DEBTORS**

Any person or entity asserting claims against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor on or before the applicable Bar Date.  In addition, any person or entity filing a Proof of Claim must identify the particular Debtor against which its claim is being asserted.  Any Proof of Claim that is filed without identifying a Debtor shall be deemed as filed only against Debtor Nikola Corp.

**RESERVATION OF RIGHTS**

Nothing in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including their right to: (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled Claim as disputed, contingent or unliquidated; or (c) otherwise amend or supplement the Schedules.  In addition, nothing in this Notice is intended or should be construed as an admission of the validity of any Claim or an approval, assumption or rejection of any agreement, contract or lease under section 365 of the Bankruptcy Code.  All rights and remedies are reserved.

**ADDITIONAL INFORMATION**

The Proof of Claim Form, the Bar Date Order, and all other pleadings filed in these cases are available free of charge on Epiq's website at https://dm.epiq11.com/Nikola.

If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims and noticing agent, Epiq, by calling the toll-free information line at (855) 627-0143for U.S. claimants, or +1(971) 447-0919 for international claimants, or by submitting an online inquiry via Epiq's website at https://dm.epiq11.com/Nikola.

7

Dated:  March __, 2025
       Wilmington, Delaware

Joshua D. Morse, Esq.
Jonathan R. Doolittle, Esq.
**PILLSBURY WINTHROP SHAW
PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, California 94111-5998
Telephone: (415) 983-1000
Facsimile:  (415) 983-1200
Email: joshua.morse@pillsburylaw.com
      jonathan.doolittle@pillsburylaw.com

-and-

Andrew V. Alfano, Esq.
Caroline Tart, Esq.
Chazz C. Coleman, Esq.
**PILLSBURY WINTHROP SHAW
PITTMAN LLP**
31 West 52nd Street
New York, New York 10019
Telephone: (212) 858-1000
Facsimile:  (212) 858-1500
Email: andrew.alfano@pillsburylaw.com
      caroline.tart@pillsburylaw.com
      chazz.coleman@pillsburylaw.com

Respectfully submitted,

/s/ DRAFT
_____
M. Blake Cleary (No. 3614)
Brett M. Haywood (No. 6166)
Maria Kotsiras (No. 6840)
Shannon A. Forshay (No. 7293)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: bcleary@potteranderson.com
      bhaywood@potteranderson.com
      mkotsiras@potteranderson.com
      sforshay@potteranderson.com

*Counsel to the Debtors and Debtors in Possession*

8

## **EXHIBIT 1B**

**Administrative Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. __** |

## NOTICE OF DEADLINE FOR FILING ADMINISTRATIVE CLAIMS

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CASES. YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

### PLEASE TAKE NOTICE THAT:

On February 19, 2025, the above-captioned debtors (the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the U.S. Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on March [_], 2025, the Court entered an order (the "Bar Date Order")[2] establishing: **[_], 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "Administrative Claim Bar Date") as the deadline for any person or entity to file a request for allowance of an Administrative Expense Claim ("Payment Request") that arose on or after the Petition Date through and including [   ], 2025.

For your convenience, enclosed with this Notice is a Payment Request form (the "Payment Request Form").

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM AGAINST THE DEBTORS.**

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A).   The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Bar Date Order.

As used in this Notice, the term "Creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units and the United States Trustee.  In addition, the terms "persons," "Entities" and "Governmental units" have the meanings given such terms in sections 101(41), 101(15) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "Claim" or "Claims" has the meaning given such term in section 101(5) of the Bankruptcy Code, and includes as to or against any Debtor: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## CLAIMS

### A.    PAYMENT REQUESTS AND MANNER OF FILING

#### i.    Payment Requests

Except as otherwise provided herein, each person or entity (including individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that holds or wishes to assert an Administrative Expense Claim against the Debtors' estates that may have arisen on or after the Petition Date through and including [   ], 2025 **MUST FILE A PAYMENT REQUEST FORM ON OR BEFORE THE ADMINISTRATIVE CLAIM BAR DATE** to potentially share in the Debtors' estates.

#### 1.  Claims for Which a Payment Request Form Need Not be Filed

Pursuant to the terms of the Bar Date Order, the Administrative Claim Bar Date does not apply to the following claims:

a)      Administrative Expense Claims that (i) have been previously paid by the Debtors in the ordinary course of the Debtors' business or (ii) have otherwise been allowed by order of the Court;

b)      Administrative Expense Claims previously filed with Epiq or the Court;

c)      Administrative Expense Claims held by a person or entity that filed a motion requesting allowance of such Administrative Expense Claim prior to entry of the this Order;

d)      Administrative Expense Claims of any professional retained and employed by the Debtors or any committee appointed in these cases pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, including any ordinary course of business professionals retained, pursuant to an order of this Court approving the employment of ordinary course business professionals, for compensation, indemnification, or reimbursement of costs and expenses

2

relating to professional services performed and expenses incurred on and after the Petition Date;

e)    claims for fees payable to the Clerk of this Court;

f)    fees payable to the U.S. Trustee under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717; and

a)    Administrative Expense Claims arising after [    ], 2025.

**Please take notice that any holder of an Administrative Expense Claim exempted from filing a Payment Request Form for a Claim as described in the list above must still properly and timely file a Payment Request Form for any other Claim that <u>does not fall within the exemptions</u> described above.**

**CLAIMANTS MAY WISH TO CONSULT AN ATTORNEY IF THEY HAVE QUESTIONS, INCLUDING WHETHER THEY SHOULD FILE A PAYMENT REQUEST FORM. THE DEBTORS' ATTORNEYS, EPIQ, AND THE CLERK OF THE COURT CANNOT ADVISE CLAIMANTS IF THEY SHOULD FILE PAYMENT REQUEST FORMS.**

**B.    WHEN AND WHERE TO FILE PAYMENT REQUEST FORMS**

All holders of Administrative Expense Claims must submit (by overnight mail, courier service, hand delivery, regular mail, or in person) an original, written Payment Request Form, as applicable, so as to be **actually received** by Epiq by no later than 5:00 p.m. (prevailing Eastern Time) on or before the Administrative Claim Bar Date at the following address:

| (by first-class mail) | (by overnight mail, courier, or hand delivery) |
|---|---|
| **Nikola Corporation Claims Processing Center** | **Nikola Corporation Claims Processing Center** |
| c/o Epiq Corporate Restructuring, LLC | c/o Epiq Corporate Restructuring, LLC |
| P.O. Box 4419 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4419 | Beaverton, OR 97005 |

Alternatively, claimants may submit a Payment Request Form electronically through the Claims filing system available at https://dm.epiq11.com/Nikola.

Payment Request Forms will be deemed timely filed only if actually received by Epiq on or before the Administrative Claim Bar Date.  <u>Payment Request Forms may **not** be delivered by facsimile, telecopy, or electronic mail transmission</u>.  Any facsimile, telecopy, or electronic mail submissions will **not** be accepted and will **not** be deemed filed until a Payment Request Form is submitted to Epiq by overnight mail, courier service, hand delivery, regular mail, or in person or through the electronic filing system described above.  Holders of Administrative Expense Claims wishing to receive acknowledgment that their original, written Payment Request Forms were received by Epiq must submit with their original Payment Request Form (i) a copy of the Payment Request Form, and (ii) a self-addressed, stamped envelope.

3

C.      **CONTENTS OF A PAYMENT REQUEST**

   i.  **Payment Requests**

As noted above, the Debtors are enclosing a Payment Request Form for use in these cases.  The Payment Request Form is available free of charge on Epiq's website at https://dm.epiq11.com/Nikola.

To be valid, each Payment Request Form **MUST**: (i) be signed by the holder of the Administrative Expense Claim or, if the holder of the Administrative Expense Claim is not an individual, by an authorized agent of the holder of the Administrative Expense Claim; (ii) be written English; (iii) be denominated in the lawful currency of the United States; and (iv) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available.  Documentation should include evidence of the nature of the Administrative Expense Claim and of when the Administrative Expense Claim arose.

D.      **CONTINGENT CLAIMS**

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, before the Petition Date, including acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to Claims against the Debtors and their estates notwithstanding that such Claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated before the Petition Date.  Therefore, any person or entity that holds a Claim or potential Claim against the Debtors and their estates, no matter how remote, contingent, or unliquidated, **MUST** file a Payment Request Form on or before the applicable Bar Date.

**CONSEQUENCES FOR FAILURE TO FILE A
PAYMENT REQUEST FORM**

Any holder of an Administrative Expense Claim that fails to timely and properly file a Payment Request Form by the Administrative Claim Bar Date, (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or property of the Debtors, or thereafter filing a Payment Request Form with respect thereto in these cases, unless otherwise ordered by this Court; (b) shall not, with respect to such claim, be treated as a Creditor of the Debtors for purposes of voting on any chapter 11 plan in these cases; and (c) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim, without further order of the Court.

Additionally, any party holding an Administrative Expense Claim against the Debtors that arose between the Petition Date and [   ], 2025 that fails to properly and timely file a Payment Request Form in accordance with the Bar Date Order, will not participate in any distribution in these cases on account of such Administrative Expense Claim or, if these cases are converted, in any case under Chapter 7 of the Bankruptcy Code.

This Notice is only a summary of the Bar Date Order.  All creditors and other parties-in-interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, the Bankruptcy

4

Rules, and the Local Rules for additional information regarding the filing and treatment of Payment Request Forms.

## **FILING CLAIMS AGAINST MULTIPLE DEBTORS**

Any person or entity asserting claims against more than one Debtor must file a separate Payment Request with respect to each such Debtor on or before the Administrative Claim Bar Date.  In addition, any person or entity filing a Payment Request must identify the particular Debtor against which its claim is being asserted.  Any Payment Request that is filed without identifying a Debtor shall be deemed as filed only against Debtor Nikola Corp.

## **RESERVATION OF RIGHTS**

Nothing in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including their right to: (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled Claim as disputed, contingent or unliquidated; or (c) otherwise amend or supplement the Schedules.  In addition, nothing in this Notice is intended or should be construed as an admission of the validity of any Claim or an approval, assumption or rejection of any agreement, contract or lease under section 365 of the Bankruptcy Code.  All rights and remedies are reserved.

*[Remainder of Page Intentionally Left Blank]*

## **ADDITIONAL INFORMATION**

The Payment Request Form, the Bar Date Order, and all other pleadings filed in these cases are available free of charge on Epiq's website at https://dm.epiq11.com/Nikola.

If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims and noticing agent, Epiq, by calling the toll-free information line at (855) 627-0143 for U.S. claimants, or +1(971) 447-0919 for international claimants, or by submitting an online inquiry via Epiq's website at https://dm.epiq11.com/Nikola.

Dated:  March, __, 2025
       Wilmington, Delaware

Joshua D. Morse, Esq.
Jonathan R. Doolittle, Esq.
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, California 94111-5998
Telephone: (415) 983-1000
Facsimile:  (415) 983-1200
Email: joshua.morse@pillsburylaw.com
       jonathan.doolittle@pillsburylaw.com

-and-

Andrew V. Alfano, Esq.
Caroline Tart, Esq.
Chazz C. Coleman, Esq.
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
31 West 52nd Street
New York, New York 10019
Telephone: (212) 858-1000
Facsimile:  (212) 858-1500
Email: andrew.alfano@pillsburylaw.com
       caroline.tart@pillsburylaw.com
       chazz.coleman@pillsburylaw.com

Respectfully submitted,

*/s/ DRAFT*
M. Blake Cleary (No. 3614)
Brett M. Haywood (No. 6166)
Maria Kotsiras (No. 6840)
Shannon A. Forshay (No. 7293)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: bcleary@potteranderson.com
       bhaywood@potteranderson.com
       mkotsiras@potteranderson.com
       sforshay@potteranderson.com

*Counsel to the Debtors and Debtors in Possession*

12067224v.4

**<u>EXHIBIT 2</u>**

**Proof of Claim Form**

United States Bankruptcy Court for the District of Delaware

**Nikola Corporation Claims Processing Center**

c/o Epiq Corporate Restructuring, LLC

P.O. Box 4419

Beaverton, OR 97076-4419

To submit your form online please go to https://epiqworkflow.com/cases/NKL

Name of Debtor:

Case Number:

**Please check box to identify the Debtor (Select only one Debtor per claim form):**

☐ Nikola Corporation (25-10258)
☐ Nikola Properties, LLC (25-10259)
☐ Nikola Subsidiary Corporation (25-10260)
☐ Nikola Motor Company LLC (25-10261)
☐ Nikola Energy Company LLC (25-10262)

☐ Nikola Powersports LLC (25-10263)
☐ Free Form Factory Inc. LLC (25-10264)
☐ Nikola H2 2081 W Placentia Lane LLC (25-10265)
☐ 4141 E Broadway Road LLC (25-10266)
☐ Nikola Desert Logistics LLC (25-10267)

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

# Proof of Claim (Official Form 410)

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☐ No   ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| _____ Name | _____ Name |
| _____ Number     Street | _____ Number     Street |
| _____ City                State            ZIP Code | _____ City                State            ZIP Code |
| Country (if International): _____ | Country (if International): _____ |
| Contact phone: _____ | Contact phone: _____ |
| Contact email: _____ | Contact email: _____ |

**4.  Does this claim amend one already filed?**

☐ No

☐ Yes.   Claim number on court claims register (if known) _____

Filed on _____
　　　　　MM  / DD  / YYYY

**5.  Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes.  Who made the earlier filing?

_____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____ _____ _____ _____

**7. How much is the claim?**

$_____ .

**Does this amount include interest or other charges?**

☐ No

☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____

_____

Basis for perfection: _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed) _____%

                              ☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

*  Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9)**: $_____

| Part 3: | Sign Below |
| --- | --- |

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____    _____
　　　　　　　　　　　 MM / DD / YYYY        Signature

**Print the name of the person who is completing and signing this claim:**

Name     _____
　　　　　 First name            Middle name            Last name

Title     _____

Company  _____
　　　　　 Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
　　　　　 Number          Street

　　　　　 _____
　　　　　 City                      State            ZIP Code

Contact Phone _____    Email _____

## **EXHIBIT 3**

**Payment Request Form**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | ADMINISTRATIVE CLAIM BAR DATE: [month, day, year], at [time] prevailing Eastern Time | **PAYMENT REQUEST FORM** |
|---|---|---|

**Name of Debtor (Select only one Debtor per claim form):**

☐ Nikola Corporation (25-10258)

☐ Nikola Properties, LLC. (25-10259)

☐ Nikola Subsidiary Corporation (25-10260)

☐ Nikola Motor Company LLC (25-10261)

☐ Nikola Energy Company LLC (25-10262)

☐ Nikola Powersports LLC (25-10263)

☐ Free Form Factory Inc. (25-10264)

☐ Nikola H2 2081 W Placentia Lane LLC (25-10265)

☐ 4141 East Broadway Road LLC (25-10266)

☐ Nikola Desert Logistics LLC (25-10267)

**NOTE: THIS FORM SHOULD ONLY BE USED BY CLAIMANTS ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM ARISING AGAINST ONE OF THE ABOVE DEBTORS FOR POSTPETITION ADMINISTRATIVE CLAIMS ARISING AFTER April 2, 2023. THIS FORM SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(B) AND 507(A)(2).**

Name and address of Creditor (The person or other entity to whom the debtor owes money or property):

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone No. of Creditor:

| Creditor Tax ID #: | Account or other number by which Creditor identifies Debtor: | Check here if this claim   ☐ replaces   ☐ amends | a previously filed claim, dated: _____  prior claim number, if known: _____ |
|---|---|---|---|

**1. Basis for Claim**

☐ Goods sold

☐ Services performed

☐ Money loaned

☐ Personal injury/wrongful death

☐ Taxes

☐ Other (Specify):_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)

☐ Wages, salaries and compensation (fill out below)

Last four digits of SS #: _____

Unpaid compensations for services performed

from _____ to _____

(date)                (date)

| **2.   Date debt was incurred:** | **3.   If court judgment, date obtained:** |
|---|---|

**4. Total Amount of Administrative Claim:  $_____**

☐ Check this box if your claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Brief Description of Administrative Claim (attach any additional information):**

**6. Offsets, Credits and Setoffs**

☐ All payments made on this claim by the Debtor have been credited and deducted from the amount claimed hereon

☐ This claim is not subject to any setoff or counterclaim

☐ This claim is subject to setoff or counterclaim as follows:

**7. Assignment:**

☐ If the claimant has obtained this claim by assignment. Attach copy of assignment.

**8.   Supporting Documents:** *Attach copies of supporting documents.* DO NOT SEND ORIGINAL DOCUMENTS.

**9.   Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**Check the appropriate box:**

❒ I am the creditor.

❒ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)

❒ I am the trustee, or the debtor, or their authorized agent.

(See Bankruptcy Rule 3004.)

❒ I am a guarantor, surety, endorser, or other codebtor.

(See Bankruptcy Rule 3005.)

**Sign and print** the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

Signature _____  Date _____

Print Name _____

Title _____

Company _____

Email _____

Telephone (if different from above) _____

Address (if different from notice address above) _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR FILING PROOF OF ADMINISTRATIVE CLAIM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to the general rules.*

**Debtor:**

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor. The full list of debtors in this case is provided under the general information section on the Claims Agent' website at https://dm.epiq11.com/Nikola.

**Creditor:**

A creditor is any person, corporation, or other entity to whom the debtor owes a debt.

**Administrative Bar Date:**

By Order of the United States Bankruptcy Court for the District of Delaware, all requests for the allowance of an Administrative Claim arising after _____, 2025, through and including _____, 2025, must be filed so as to be received at the address set forth no later than **[month, day, year], at [time] prevailing Eastern Time.**

**Submitting Administrative Claim:**

Proofs of Administrative Claim must be submitted either **(i) electronically**, using the interface available on Epiq's website at https://dm.epiq11.com/Nikola; or **(ii) by U.S. Mail**, which Proof of Administrative Claim must include an original signature, at the following address:

Boxed, Inc.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

Or **(iii) by hand delivery or overnight mail**:

Nikola Corporation
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

---

### Items to be completed in Administrative Claim form (if not already filled in):

**Name of Debtor and Case Number:**
Check the name of the debtor against which you assert your administrative expense claim. The Debtors' Names and Case Numbers are listed above.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the Debtors owe money or property, and the Debtors' account number(s), if any. If anyone else has already filed an Administrative Expense Claim form relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this Administrative Claim form replaces or changes an Administrative Claim form that was already filed, check the appropriate box on the form

**1. Basis for Claim:**
Check the type of debt for which the Administrative Claim form is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the Debtors, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the Debtors first owed the debt.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Administrative Claim:**
Fill in the total amount of the entire Claim. If interest or other charges in addition to the principal amount of the Claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Brief Description of Claim:**
Describe the Administrative Claim including, but not limited to, the actual and necessary costs and expenses of operating one or more of the Debtors' Estates or any actual and necessary costs and expenses of operating one or more of the Debtors' businesses.

**6. Offsets, Credits and Setoffs:**
By signing this Administrative Claim form, you are stating under oath that in calculating the amount of your Claim you have given the Debtors credit for all payments received from the Debtors.

**7. Assignments:**
Check the box if the creditor has obtained this claim by assignment. You must attach a copy of the assignment.

**8. Supporting Documents:**
You must attach to this Administrative Claim form copies of documents that show the Debtors owe the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

**9. Date-Stamped Copy:**
To receive an acknowledgment of the filing of your Claim, enclose a stamped, self-addressed envelope and copy of this Administrative Claim form.

**<u>EXHIBIT 4</u>**

**Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al*.,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. __ |

## NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM
## AND REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS

### PLEASE TAKE NOTICE OF THE FOLLOWING:

---

**GENERAL BAR DATE: APRIL [  ], 2025 AT 5:00 P.M. (ET)**

**ADMINISTRATIVE CLAIM BAR DATE: 5:00 p.m. (prevailing Eastern Time) on the first business day that is thirty-three (33) days after the Administrative Service Date**

**GOVERNMENTAL BAR DATE: AUGUST 18, 2025 AT 5:00 P.M. (ET)**

---

On February 19, 2025, the above-captioned debtors (the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the U.S. Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtors' chapter 11 cases are jointly administered under case number 25-10258 (TMH).

On March [__], 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. __] (the "Bar Date Order")[2] establishing certain deadlines for the filing of Proofs of Claim and Payment Requests in these cases.

Pursuant to the Bar Date Order, each person or entity (including each individual, partnership, joint venture, corporation, estate, and trust) that wishes to assert a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, before the Petition Date (including Claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code), no matter how remote or contingent such right to payment or equitable remedy may be (with certain limited exceptions as set forth in the Bar Date Order),

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

**MUST FILE A PROOF OF CLAIM** on or before **April [    ], 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date"), by sending an original Proof of Claim form to: (if by first-class mail) Nikola Corporation Claims Processing Center c/o Epiq Corporate Restructuring, LLC, P.O. Box 4419, Beaverton, OR 97076-4419; (if by overnight mail, courier, or hand delivery) Nikola Corp. Claims Processing Center c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005; or by completing the online Proof of Claim form available at https://dm.epiq11.com/Nikola, so that it is **actually received** on or before the General Bar Date; *provided that*, solely with respect to governmental units (as defined in section 101(27) of the Bankruptcy Code), the deadline for governmental units to file a Proof of Claim is **August 18, 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "Governmental Bar Date").

Any person or entity that wishes to assert a Claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date, (b) the date set forth in an order authorizing the Debtors to reject contracts or leases pursuant to section 365 of the Bankruptcy Code (unless the order authorizing such rejection provides otherwise), and (c) thirty (30) days from the later of the date the rejection order is entered and notice of the rejection is provided (the "Rejection Bar Date").

You may be listed as the holder of a Claim in the Schedules. The Schedules are available free of charge on Epiq's website at https://dm.epiq11.com/Nikola. If you rely on the Schedules, then it is your responsibility to determine that your Claim is accurately listed in the Schedules. If (a) you agree with the nature, amount and status of your Claim as listed in the Schedules, (b) your Claim is NOT described as "disputed," "contingent," or "unliquidated," and (c) you do not dispute that the claim is an obligation of the particular Debtor against which the claim is listed in the Schedules, then you are not required to file a Proof of Claim in these cases with respect to such Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

If the Debtors amend their Schedules, then the Bar Date for creditors affected by any such amendment shall be the later of (a) the General Bar Date or (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) days from the date that the Debtors provided written notice to the affected creditor that the Schedules have been amended (the "Amended Schedules Bar Date").

Proofs of Claim and Payment Request Forms must be sent by overnight mail, courier service, hand delivery, regular mail, or in person, or completed electronically through Epiq's website described above. Proofs of Claim and Payment Request Forms sent by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these cases. There are certain limited exemptions from the requirements to file a Proof of Claim and Payment Request Form, which are described in the Bar Date Order.

**ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM OR PAYMENT REQUEST, AS APPLICABLE, IN THESE CASES WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE DEBTORS BUT FAILS TO DO SO PROPERLY BY THE APPLICABLE BAR DATE, SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM: (A) ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR ESTATES, AND THE DEBTORS AND THEIR PROPERTIES AND ESTATES SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM; AND (B) VOTING ON, OR**

2

**RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THESE CASES OR OTHERWISE IN RESPECT OF OR ON ACCOUNT OF SUCH CLAIM, AND SUCH PERSON OR ENTITY SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR ANY PURPOSE IN THESE CASES.**

The Proof of Claim Form, the Payment Request Form, the Bar Date Order, and all other pleadings filed in these cases are available free of charge on Epiq's website at https://dm.epiq11.com/Nikola. If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims and noticing agent, Epiq, by calling the toll-free information line at (855) 627-0143 for U.S. claimants, or +1(971) 447-0919 for international claimants, or by submitting an online inquiry via Epiq's website at https://dm.epiq11.com/Nikola.

12067224v.4