# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: April 10, 2025 at 10:00 a.m. (ET) |
| | Objection Deadline: April 4, 2025 at 4:00 p.m. (ET) |

## NOTICE OF SALE, BIDDING PROCEDURES, AUCTION, SALE HEARING AND OTHER DEADLINES RELATED THERETO

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 19, 2025, the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a motion [Docket No. 15] (the "Motion") seeking entry of (A) an order (the "Bidding Procedures Order") (i) approving bidding procedures (the "Bidding Procedures")[2] to be used in connection with the sale (each, a "Sale") of all, substantially all, or a portion of the Debtors' assets (the "Assets"); (ii) authorizing the Debtors to designate a Stalking Horse Bidder and provide Bid Protections in accordance with the Stalking Horse Designation Procedures; (iii) scheduling (a) an auction of the Assets (the "Auction") and (b) a final hearing to consider approval of the proposed Sale (the "Sale Hearing"); (iv) approving the form and manner of notice of the Bidding Procedures, the Auction and the Sale Hearing; (v) approving procedures for the assumption and assignment of executory contracts and unexpired leases (collectively, the "Contracts") in connection with the Sale; (vi) approving the form and manner of notice to each relevant non-debtor counterparty to a Contract of the Debtors' calculation of the amount necessary to cure any defaults under an applicable Contract and certain other information regarding the potential assumption and assignment of Contracts in connection with a Sale; and (vii) granting related relief; and (B) an order (the "Sale Order") (i) authorizing the sale of the Assets free and clear of all liens, claims, interests and encumbrances, except certain permitted encumbrances as

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion or the Bidding Procedures, as applicable. Any summary of the Bidding Procedures or the Bidding Procedures Order (or any provision thereof) contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any inconsistency between any summary in this Sale Notice and the terms and conditions of either of the Bidding Procedures or the Bidding Procedures Order, the actual terms and conditions in those documents shall control.

determined by the Debtors and any Successful Bidder (as defined in Section VII.C.1 of the Bidding Procedures), with liens to attach to the proceeds of the Sale; (ii) authorizing the assumption and assignment of certain Contracts in connection with approved Sale; and (iii) granting related relief.

On March 7, 2025, the Court entered the Bidding Procedures Order [Docket No. 133].

## ASSETS FOR SALE

The Debtors intend to sell all, substantially all, or a portion of their Assets.

A Prospective Bidder (as defined in Section III of the Bidding Procedures) may bid on the Assets, subject to the conditions set forth herein.

The ability to undertake and consummate a sale of the Assets shall be subject to competitive bidding, as set forth herein, and approval by the Court. In addition to any Stalking Horse Bid (as defined in the Motion), and as set forth herein, the Debtors will consider bids for the Assets from other parties.

Any party interested in submitting a bid for any of the Debtors' Assets should contact the Debtors' investment banker at Houlihan Lokey Capital, Inc. ("Houlihan Lokey"):

**Houlihan Lokey Capital, Inc.**
245 Park Avenue, 20th Floor
New York, NY 10167
Attn: Drew M. Talarico and Marcus Bellows
DTalarico@HL.com | (212) 497-4240
MBellows@HL.com | (212) 497-4214

## KEY DATES AND DEADLINES

### A. Bid Deadline

Any Prospective Bidder that intends to participate in the Auction must submit in writing to the Bid Notice Parties a Qualified Bid **on or before April 3, 2025, at 4:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline").

The Qualified Bid requirements are set forth in Section VI.A of the Bidding Procedures.

### B. Stalking Horse Bidder Designation

The Debtors may designate a Stalking Horse Bidder and enter into a Stalking Horse Agreement **no later than March 17, 2025, at 4:00 p.m. (prevailing Eastern Time)**, which deadline may be extended by the Debtors (after consultation with the Consultation Parties).

### C. Auction

If the Debtors receive more than one Qualified Bid (including a combination of bids that, when considered together, constitute a Qualified Bid) for the Assets, the Debtors will conduct an

Auction for the Assets. If any Stalking Horse Bid is the only Qualified Bid received in respect of the Assets subject to such Stalking Horse Bid, the Debtors will not conduct an Auction for such applicable Assets and will seek approval of such Stalking Horse Bid at the Sale Hearing.

Professionals and principals for the Debtors, each Qualified Bidder (including, its representative(s), if any), each of the Consultation Parties, and any creditor of the Debtors that has provided notice in writing of its intent to observe the Auction via electronic mail to co-counsel for the Debtors, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: Brett M. Haywood (bhaywood@potteranderson.com) and Maria Kotsiras (mkotsiras@potteranderson.com)) at least one (1) day prior to the start of the Auction shall be able to attend and observe the Auction, along with any other parties the Debtors deem appropriate.

The Auction, if required, will be conducted on **April 7, 2025, at 10:00 a.m. (prevailing Eastern Time)**, either (i) at the offices of Houlihan Lokey Capital, Inc., 245 Park Avenue, 20th Floor, New York, NY 10167, (ii) some other physical location to be determined by the Debtors, or (iii) virtually or at such other date, time or location as designated by the Debtors. If the Debtors conduct the Auction virtually, the Debtors will provide instructions setting forth how to attend the Auction to the participants and other attendees via electronic mail. The Debtors will provide notice (via electronic mail or otherwise) of any change in the date, time or location of the Auction to Qualified Bidders, and will cause publication of such change to occur on the website maintained by Epiq Corporate Restructuring, LLC, the Debtors' claims and noticing agent in these chapter 11 cases, located at https://dm.epiq11.com/Nikola (the "Epiq Website") as soon as reasonably practicable and in any event no later than 24 hours before the Auction.

Upon the earlier to occur of (i) five (5) business hours after the conclusion of the Auction; and (ii) Noon (prevailing Eastern Time) the calendar day after the conclusion of the Auction, the Debtors will file with the Court, serve on the Sale Notice Parties (as defined in Section X.B of the Bidding Procedures) and cause to be published on the Epiq Website, a notice of the results of the Auction, which will, among other things, (i) identify the Successful Bidder and Backup Bidder(s); (ii) either include a copy of the Successful Bid and the Backup Bid or a summary of the material terms of such bids or provide instructions for accessing the Successful Bid and the Backup Bid free of charge from the Epiq Website; and (iii) set forth the date, time, and location of the Sale Hearing and any other relevant dates or other information necessary to reasonably apprise the Sale Notice Parties of the outcome of the Auction.

If the Debtors determine, after consultation with the Consultation Parties, not to hold an Auction for some or all of the Assets, the Debtors shall file with the Court, serve on the Sale Notice Parties, and cause to be published on the Epiq Website, a notice containing the following information (as applicable): (i) a statement that the Auction for the relevant Assets has been canceled; (ii) the identity of the Successful Bidder; (iii) either include a copy of the Successful Bid or a summary of the material terms of such bid or provide instructions for accessing the Successful Bid free of charge from the Epiq Website; and (iv) the date, time, and location of the Sale Hearing.

**D.    Objection Deadlines**

1. <u>Sale Objection Deadline</u>. Except objections to the conduct of the Auction, the Successful Bidder or the Backup Bidder (in each case other than the Stalking

Horse Bidder), all objections to a sale of the Assets, including (a) any objection to a sale of the Assets free and clear of all liens, claims, interests and encumbrances pursuant to section 363(f) of the Bankruptcy Code and (b) entry of any Sale Order must be (i) in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; and (ii) filed with the Court by **no later than April 4, 2025 at 4:00 p.m. (prevailing Eastern Time)** and served on the Objection Notice Parties (as defined in Section X.D of the Bidding Procedures).

2. Cure Objection Deadline. Any objection to the Debtors' proposed Cure Costs (each such objection, a "Cure Objection") shall be (a) in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; (b) filed with the Court by **no later than April 4, 2025, at 4:00 p.m. (prevailing Eastern Time)**; and (c) served on the Objection Notice Parties.

3. Supplemental Sale Objection Deadline. Following service of the Notice of Auction Results, parties may object solely with respect to the particular terms of a proposed Sale or the Successful Bid or Backup Bid (in each case, if such bidder is not the Stalking Horse Bidder). Any Supplemental Sale Objection must be (a) in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; and (b) filed with the Court by no later **April 8, 2025, at 4:00 p.m. (prevailing Eastern Time)** (the "Supplemental Sale Objection Deadline") and served on the Objection Notice Parties.

4. Adequate Assurance Objection. Any objection to the proposed assumption and assignment of a Contract, the subject of which objection is a Successful Bidder's (or any other relevant assignee's), other than the Stalking Horse Bidder's, proposed form of adequate assurance of future performance with respect to the Contract (each such objection, an "Adequate Assurance Objection" and, together with a Cure Objection, a "Contract Objection"), shall be (a) in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; (b) filed with the Court by **no later than April 8, 2025 at 4:00 p.m. (prevailing Eastern Time)**; and (c) served on the Objection Notice Parties.

E. **Sale Hearing**

The Sale Hearing shall take place on **April 10, 2025 at 10:00 a.m. (prevailing Eastern Time)** before The Honorable Thomas M. Horan, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 N. Market Street, Wilmington, Delaware 19801, 5th Floor, Courtroom No. 5. The Debtors may adjourn the Sale Hearing by filing a notice on the Court's docket or by announcing such adjournment at the Auction or in Court on the date of the originally scheduled Sale Hearing.

## RESERVATION OF RIGHTS TO MODIFY BIDDING PROCEDURES

The Debtors reserve the right to, in their reasonable business judgment and after consultation with the Consultation Parties (subject to Section XI.C of the Bidding Procedures) in a manner consistent with their fiduciary duties and applicable law, modify the Bidding Procedures, including to, among other things, extend or waive deadlines or other terms and conditions set forth therein; adopt new rules and procedures for conducting the bidding and Auction process so long as any such modifications are disclosed to all Prospective Bidders and Qualified Bidders, as applicable; or otherwise modify these Bidding Procedures to further promote competitive bidding for and maximizing the of value of the Assets, in each case, to the extent not materially inconsistent with the Bidding Procedures or the Bidding Procedures Order.

## ADDITIONAL INFORMATION

Copies of the Motion, the Bidding Procedures Order and the Bidding Procedures may be obtained free of charge by visiting the Epiq Website located at https://dm.epiq11.com/Nikola.

**FAILURE TO ABIDE BY THE BIDDING PROCEDURES, THE BIDDING PROCEDURES ORDER OR ANY OTHER APPLICABLE ORDER OF THE COURT ENTERED IN THE CHAPTER 11 CASES MAY RESULT IN THE REJECTION OF YOUR BID AND YOUR DISQUALIFICATION FROM PARTICIPATING IN THE BIDDING FOR AND AUCTION OF ANY OF THE DEBTORS' ASSETS.**

**THE FAILURE OF ANY PERSON OR ENTITY TO FILE AND SERVE AN OBJECTION IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER, INCLUDING THE FAILURE TO FILE ANY SUCH OBJECTION BY THE APPLICABLE OBJECTION DEADLINE, SHALL FOREVER BAR SUCH PERSON OR ENTITY FROM ASSERTING, AT THE SALE HEARING OR THEREAFTER, ANY SUCH OBJECTION TO THE RELIEF REQUESTED IN THE MOTION, THE CONSUMMATION OF ANY APPLICABLE SALE, INCLUDING THE SALE OF ANY ASSETS TO A SUCCESSFUL BIDDER FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO SECTION 363(f) OF THE BANKRUPTCY CODE OR THE TERMS OF THE STALKING HORSE AGREEMENT OR OTHER ASSET PURCHASE AGREEMENT EXECUTED BY THE DEBTORS.**

| | |
|---|---|
| Dated: March 7, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Shannon A. Forshay* |
| Joshua D. Morse, Esq.<br>Jonathan R. Doolittle, Esq.<br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, California 94111-5998<br>Telephone: (415) 983-1000<br>Facsimile: (415) 983-1200<br>Email: joshua.morse@pillsburylaw.com<br>　　　　jonathan.doolittle@pillsburylaw.com<br><br>-and-<br><br>Andrew V. Alfano, Esq.<br>Chazz C. Coleman, Esq.<br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>31 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 858-1000<br>Facsimile: (212) 858-1500<br>Email: andrew.alfano@pillsburylaw.com<br>　　　　chazz.coleman@pillsburylaw.com | M. Blake Cleary (No. 3614)<br>Brett M. Haywood (No. 6166)<br>Maria Kotsiras (No. 6840)<br>Shannon A. Forshay (No. 7293)<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: bcleary@potteranderson.com<br>　　　　bhaywood@potteranderson.com<br>　　　　mkotsiras@potteranderson.com<br>　　　　sforshay@potteranderson.com |

*Proposed Counsel to the Debtors and Debtors in Possession*

6

IMPAC - 12093353v.2