# **EXHIBIT 1A**

## **Non-Administrative Bar Dates Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al*.,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. __** |

## NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CASES. YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**PLEASE TAKE NOTICE THAT:**

On February 19, 2025, the above-captioned debtors (the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the U.S. Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on March [_], 2025, the Court entered an order (the "Bar Date Order")[2] establishing: (i) **April [__], 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date") as the deadline for any person or entity (except governmental units) to file a Proof of Claim in these cases; and (ii) **August 18, 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "Governmental Bar Date") as the deadline for any governmental unit to file a Proof of Claim in these cases.

For your convenience, enclosed with this Notice is a Proof of Claim form (the "Proof of Claim Form").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Bar Date Order.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM AGAINST THE DEBTORS.**

Please take further notice that the Bar Date Order and the procedures set forth herein for filing Proofs of Claim apply to all claims (the holder of any such claim, a "Claimant") that arose, or are deemed to have arisen, before the Petition Date, regardless of their character or nature, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent, including claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code, no matter how remote or contingent.

As used in this Notice, the term "Creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units and the United States Trustee. In addition, the terms "persons," "Entities" and "Governmental units" have the meanings given such terms in sections 101(41), 101(15) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "Claim" or "Claims" has the meaning given such term in section 101(5) of the Bankruptcy Code, and includes as to or against any Debtor: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## CLAIMS

**A. PROOFS OF CLAIM AND MANNER OF FILING**

    **i. Proofs of Claim**

Except as otherwise provided herein, any person or entity that has or seeks to assert a Claim which arose, or is deemed to have arisen, before the Petition Date, including a Claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates. For the avoidance of doubt, pursuant to Bankruptcy Rule 3003(c)(2), any Claimant who asserts a Claim that arose, or is deemed to have arisen, before the Petition Date and whose Claim is either (a) not listed on the Debtors' Schedules or (b) is listed on the Schedules as disputed, contingent, or unliquidated, must be file a Proof of Claim on or before the applicable Bar Date to potentially share in the Debtors' estates. Under the Bar Date Order, the filing of an original, written Proof of Claim Form, or the electronic submission of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for asserting an administrative priority Claim under section 503(b)(9) of the Bankruptcy Code. All other Administrative Expense Claims under section 503(b) of the Bankruptcy Code must be asserted by the procedures in the Bar Date Order and the Administrative Bar Date Notice (as defined in the *Debtors' Motion for Entry of An Order (I) Establishing Deadlines for the Filing of Proofs of Claim and Requests for Allowance of Administrative Expense*

*Claims, (II) Approving the Forms and Manner of Notice Thereof, and (III) Granting Related Relief* [Docket No \_\_\_]) and will not be deemed properly filed if asserted in a Proof of Claim Form. **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the General Bar Date**. Acts or omissions of the Debtors that occurred on or arose before the Petition Date may give rise to Claims that must be filed by the applicable Bar Date, notwithstanding that such Claims may not have matured, are contingent, or have not become fixed or liquidated prior to or as of the Petition Date.

### 1. Claims for Which A Proof of Claim Need <u>Not</u> be Filed

Notwithstanding the above, holders of the following Claims are <u>not required</u> to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

a) any person or entity that already has filed a Proof of Claim against the correct Debtor(s) with Epiq or the Clerk of the Court in a form substantially similar to Official Bankruptcy Form B 410;

b) any person or entity whose claim is listed on the Debtors' Schedules or any amendments thereto; *unless* (i) the claim is scheduled as "disputed," "contingent," or "unliquidated;" (ii) the claimant disagrees with the amount, nature, or priority of the claim, as set forth in the Schedules; or (iii) the claimant disputes that the claim is an obligation of the particular Debtor against which the claim is listed in the Schedules. In the case of either (i), (ii), or (iii), a Proof of Claim must be filed on or before the applicable Bar Date;

c) professionals retained by the Debtors, the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), or any other statutory committee appointed in these cases, pursuant to orders of the Court, that assert administrative expense claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

d) a claim on account of indemnification, contribution, or reimbursement by an officer, director, or employee of the Debtors who held such position as of the Petition Date; *provided, however*, that any director, officer, or employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employment of the Debtors following the Petition Date must file a proof of claim by the later of (i) the General Bar Date or (ii) thirty (30) days following the resignation or termination of employment if the director, officer, or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or for reimbursement related to the foregoing;

e) a holder of a claim that has previously been allowed by order of the Court;

3

f)     a holder of a claim that has been paid in full or is otherwise fully satisfied by the Debtors or any other party;

g)     a holder of a claim for which a specific deadline to file a Proof of Claim previously has been fixed by the Court;

h)     any Debtor having a claim against another Debtor;

i)     any present or former employee of the Debtors, solely with respect to any claim based on the payment of an obligation arising in the ordinary course of business as a wage, commission, or benefit and authorized to be paid by the interim order [Docket No. 47] or final order granting the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Compensation, Employee Benefits, and Other Employee Obligations and (B) Continue Certain Employee Benefit Programs in the Ordinary Course; (II) Authorizing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief* [Docket No. 10], *provided, however*, that a current or former employee must submit a Proof of Claim by the General Bar Date for all other claims arising before the Petition Date, including, but not limited to, claims for benefits not provided for by the Court, for wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance, or any other litigation or pre-litigation claim;

j)     any person or entity who holds an equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim or a Payment Request, as applicable, must be filed on or before the applicable Bar Date pursuant to the procedures set forth herein;[3] and

k)     any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates.

**Please take notice that any Claimant exempted from filing a Proof of Claim for a Claim as described in the list above must still properly and timely file a Proof of Claim for any other Claim that <u>does not fall within the exemptions</u> described above.**

---

[3]     The Debtors reserve all rights with respect to any such claims, including to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

**CLAIMANTS MAY WISH TO CONSULT AN ATTORNEY IF THEY HAVE QUESTIONS, INCLUDING WHETHER THEY SHOULD FILE A PROOF OF CLAIM. THE DEBTORS' ATTORNEYS, EPIQ, AND THE CLERK OF THE COURT CANNOT ADVISE CLAIMANTS IF THEY SHOULD FILE PROOFS OF CLAIM.**

### ii. Claims Arising from Rejected Executory Contracts or Unexpired Leases

Any person or entity that holds a Claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date, (b) the date set forth in an order authorizing the Debtors to reject contracts or leases pursuant to section 365 of the Bankruptcy Code (unless the order authorizing such rejection provides otherwise), and (c) thirty (30) days from the later of the date the rejection order is entered and notice of the rejection is provided (the "Rejection Bar Date").

### iii. Schedules and Amendments Thereto

You may be listed as the holder of a Claim in the Schedules. The Schedules are available free of charge on Epiq's website at https://dm.epiq11.com/Nikola. If you rely on the Schedules, then it is your responsibility to determine that your Claim is accurately listed in the Schedules. As described above, if (a) you agree with the nature, amount, and status of your Claim as listed in the Schedules, (b) your Claim is NOT listed as "disputed," "contingent," or "unliquidated," and (c) you do not dispute that the Claim is an obligation of the particular Debtor against which the Claim is listed in the Schedules, then you are not required to file a Proof of Claim in these cases with respect to such Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

If the Debtors amend their Schedules, then the Bar Date for Creditors affected by any such amendment will be the later of (a) the General Bar Date or (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) days after the date that the Debtors provided written notice to the affected Creditor that the Schedules have been amended (the "Amended Schedules Bar Date").

### B. WHEN AND WHERE TO FILE PROOFS OF CLAIM

All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, or in person) an original, written: Proof of Claim that substantially conforms to Official Bankruptcy Form No. B 410 or the enclosed Proof of Claim Form so as to be **actually received** by Epiq by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date at the following address:

| (by first-class mail) | (by overnight mail, courier, or hand delivery) |
|---|---|
| **Nikola Corporation Claims Processing Center** | **Nikola Corporation Claims Processing Center** |
| c/o Epiq Corporate Restructuring, LLC | c/o Epiq Corporate Restructuring, LLC |
| P.O. Box 4419 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4419 | Beaverton, OR 97005 |

12073940v.1
ny-2919523

4898-3252-2023.v3

Alternatively, claimants may submit a Proof of Claim electronically through the Claims filing system available at https://dm.epiq11.com/Nikola.

Proofs of Claim will be deemed timely filed only if actually received by Epiq on or before the applicable Bar Date. <u>Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission</u>. Any facsimile, telecopy, or electronic mail submissions will **not** be accepted and will **not** be deemed filed until a Proof of Claim is submitted to Epiq by overnight mail, courier service, hand delivery, regular mail, or in person or through the electronic filing system described above. Claimants wishing to receive acknowledgment that their original, written Proofs of Claim were received by Epiq must submit with their original Proof of Claim (i) a copy of the Proof of Claim, and (ii) a self-addressed, stamped envelope.

**C.    CONTENTS OF A PROOF OF CLAIM**

   **i.  Proofs of Claim**

Enclosed is a Proof of Claim Form for use in these cases. You may also use another Proof of Claim form that substantially conforms to Official Bankruptcy Form No. B 410. The Proof of Claim Form is available free of charge on Epiq's website at https://dm.epiq11.com/Nikola.

If your Claim is listed in the Debtors' Schedules, the Proof of Claim Form sent to you will indicate how the Debtors have scheduled your Claim in the Schedules, including (a) the amount of the scheduled Claim, if any; (b) whether the Claim is listed as disputed, contingent, or unliquidated; and (c) whether the Claim is listed as a secured, unsecured priority, or unsecured non-priority Claim.

To be valid, your Proof of Claim **MUST**: (a) be signed by the Claimant (if submitted electronically, the Claimant may use an electronic signature through the electronic claims filing system described above) or an authorized agent or legal representative of the Claimant; (b) be written in the English language; (c) be denominated in the lawful currency of the United States; *provided that* Claims in foreign currency must state the amounts claimed in such foreign currency and must also convert each such amount to United States dollars as of the Petition Date; (d) conform substantially to the enclosed Proof of Claim Form or Official Form B 410; (e) set forth with specificity the legal and factual basis for the Claim; and (f) include supporting documentation or an explanation as to why such documentation is not available. **You should redact any sensitive information from your supporting documentation before filing your Proof of Claim.**

**For each Claim under section 503(b)(9) of the Bankruptcy Code, you must attach all supporting documents to the Proof of Claim Form and include a statement setting forth with specificity: (a) the value of the goods the Claimant contends the Debtors received within twenty (20) days before the Petition Date; (b) documentation, including invoices, receipts, purchase orders, bills of lading, and the like, identifying the particular goods for which the Claim is being asserted; and (c) a statement indicating (i) whether the value of such goods listed in the Proof of Claim Form represents a combination of services and goods, (ii) the**

6

12073940v.1
ny-2919523

4898-3252-2023.v3

**percentage of value related to services and related to goods, and (iii) whether the Claimant has been paid for any other claim against the Debtors relating to the goods underlying its Proof of Claim Form.**

D.   **CONTINGENT CLAIMS**

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, before the Petition Date, including acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to Claims against the Debtors and their estates notwithstanding that such Claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated before the Petition Date. Therefore, any person or entity that holds a Claim or potential Claim against the Debtors and their estates, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

## CONSEQUENCES FOR FAILURE TO FILE A PROOF OF CLAIM

Any Claimant that fails to timely and properly file a Proof of Claim by the applicable Bar Date (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or property of the Debtors, or thereafter filing a Proof of Claim with respect thereto in these cases, unless otherwise ordered by this Court; (b) shall not, with respect to such claim, be treated as a Creditor of the Debtors for purposes of voting on any chapter 11 plan in these cases; and (c) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim, without further order of the Court.

This Notice is only a summary of the Bar Date Order. All creditors and other parties-in-interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for additional information regarding the filing and treatment of Proofs of Claim.

## FILING CLAIMS AGAINST MULTIPLE DEBTORS

Any person or entity asserting claims against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor on or before the applicable Bar Date. In addition, any person or entity filing a Proof of Claim must identify the particular Debtor against which its claim is being asserted. Any Proof of Claim that is filed without identifying a Debtor shall be deemed as filed only against Debtor Nikola Corp.

## RESERVATION OF RIGHTS

Nothing in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including their right to: (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled Claim as disputed, contingent or unliquidated; or (c) otherwise amend or supplement the Schedules. In addition, nothing in this

12073940v.1
ny-2919523

4898-3252-2023.v3

Notice is intended or should be construed as an admission of the validity of any Claim or an approval, assumption or rejection of any agreement, contract or lease under section 365 of the Bankruptcy Code. All rights and remedies are reserved.

**ADDITIONAL INFORMATION**

The Proof of Claim Form, the Bar Date Order, and all other pleadings filed in these cases are available free of charge on Epiq's website at https://dm.epiq11.com/Nikola.

If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims and noticing agent, Epiq, by calling the toll-free information line at (855) 627-0143for U.S. claimants, or +1(971) 447-0919 for international claimants, or by submitting an online inquiry via Epiq's website at https://dm.epiq11.com/Nikola.

| | |
|---|---|
| Dated: March __, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ DRAFT*<br>M. Blake Cleary (No. 3614) |
| Joshua D. Morse, Esq.<br>Jonathan R. Doolittle, Esq.<br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, California 94111-5998<br>Telephone: (415) 983-1000<br>Facsimile: (415) 983-1200<br>Email: joshua.morse@pillsburylaw.com<br>       jonathan.doolittle@pillsburylaw.com | Brett M. Haywood (No. 6166)<br>Maria Kotsiras (No. 6840)<br>Shannon A. Forshay (No. 7293)<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: bcleary@potteranderson.com<br>       bhaywood@potteranderson.com<br>       mkotsiras@potteranderson.com<br>       sforshay@potteranderson.com |
| -and-<br><br>Andrew V. Alfano, Esq.<br>Chazz C. Coleman, Esq.<br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>31 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 858-1000<br>Facsimile: (212) 858-1500<br>Email: andrew.alfano@pillsburylaw.com<br>       chazz.coleman@pillsburylaw.com | |

*Counsel to the Debtors and Debtors in Possession*