IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Nikola Corp., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 25-10258 (TMH)<br>(Jointly Administered) |

**MOTION OF TREVOR MILTON TO
ENFORCE PROTECTIVE ORDER AND QUASH
RULE 2004 EXAMINATION AND SUBPOENA DUCES TECUM
PROPOUNDED BY DEBTORS**

Trevor Milton ("Milton"), by and through his undersigned counsel, respectfully submits this motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Bankruptcy Procedure 7026(c) quashing the subpoena duces tecum issued by the Official Committee of Unsecured Creditors (the "Committee") to the Debtors dated April 1, 2025 (the "Subpoena," a true and correct copy of which is attached hereto as **Exhibit A**), and states as follows:

**JURISDICTION**

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334. Venue is proper under 28 U.S.C. § 1409.

**RELIEF REQUESTED**

1.    Milton seeks an order, substantially in the form attached as **Exhibit B**, quashing the Subpoena in its entirety with respect to the document requests pursuant to Federal Rule of Civil Procedure 45, made applicable by Federal Bankruptcy Rule 9016, and Federal Rule of Civil Procedure 26(c)(1)(A), made applicable by Federal Bankruptcy Rule 7026.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

1

**ARGUMENT**

2.	The Subpoena seeks from the Debtors "any and all documents filed and served in" the Arbitration (as the same is defined in the Subpoena) between Nikola Corp. and Milton, "[a]ll transcripts of any hearings in the Arbitration," "[a]n unredacted copy of any awards or rulings by the tribunal in the Arbitration," and "[a]ll exhibits introduced in any hearings in the Arbitration." *See* Ex. A.

3.	However, the Arbitration is subject to a Protective Stipulation and Order (a true and correct copy of which is attached hereto as **Exhibit C**) agreed to by Nikola Corp. and Milton and ordered by the AAA arbitrator.

4.	Under the Protective Stipulation and Order, "Protected Material" means "all information, testimony, discovery material and Documents produced, filed, elicited or changed in connection with the arbitration, including, but not limited to, the following:

   i. all correspondence between or among the Parties, the Panel and/or any non-parties in relation to the Arbitration,

   ii. all Documents filed in the Arbitration, including all pleadings, motions, submissions, witness statements or other evidence, and all Documents produced (whether by a Party or a non-party) in connection with the Arbitration,

   iii. all awards, decisions and orders and directions of the Panel to the extent they reflect Protected Material,

   iv. all records (including recordings), and transcripts of deposition testimony, hearings, meetings and conferences, and

       v. information contained in or derived from any such Documents, including all copies, extracts, excerpts, and summaries thereof."

Ex. A, ¶ I(1)(C).

5. The Protective Stipulation and Order also provides, in pertinent part, that "Protected Materials shall be utilized only for purposes of prosecuting, defending or attempting to settle this Arbitration, and may not be used for any other purpose, other than as described herein." Ex. A, ¶ II(1).

6. Subject to certain limited exceptions which are not applicable here, "Protected Material shall not be furnished, shown or disclosed to any person or entity" "except with the prior written consent of the Producing Party or by Order of the Panel." Milton's consent for the Debtors to provide Protected Material to the Committee was never sought or given, nor did the Panel order such production.

7. Because Milton is seeking to protect his property rights, legitimate interests, and/or privilege in connection with the documents and information sought by the Subpoena, he has standing to object to and seek to quash the Subpoena notwithstanding the fact that it is directed to a third party. *See In re Grand Jury* (*"Grand Jury I"*), 619 F.2d 1022, 1026 (3d Cir. 1980) (finding third party employer had a property interest in the services of his employees and thus had standing to object to subpoenas directed to the employees); *In re Grand Jury Matter* (*"Grand Jury II"*), 770 F.2d 36, 38 (3d Cir. 1985) ("[a]s our prior decisions indicate, an individual or entity claiming a property right or privilege in the subpoenaed documents has standing to contest the denial of a motion to quash the subpoena"). *See also United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) ("[a] party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests"); *Sparks v. Seltzer*, 2006 U.S. Dist. LEXIS

61398, 2006 WL 2358157, at *4 (E.D.N.Y. Aug. 14, 2006) (finding non-party employer had standing to object to subpoena directed to former employee that sought information gained through her employment and was subject to a confidentiality agreement).

8. Accordingly, because the Subpoena seeks documents and information protected by the Protective Stipulation and Order and because Milton has not given his consent to the Debtors' production of Protected Material to the Committee, Milton respectfully requests that the Subpoena be quashed.

## CERTIFICATION OF COUNSEL PURSUANT TO DELAWARE LOCAL BANKRUPTCY RULE OF PROCEDURE 7026-1

The undersigned counsel does hereby certify that a reasonable effort has been made to reach agreement with counsel for the Committee regarding the relief set forth in the foregoing Motion. The Parties were unable to resolve the issues contained therein.

WHEREFORE, for the foregoing reasons and those as may be further raised at any hearing on the motion, Milton respectfully requests that a protective order be entered by the Court quashing the Subpoena served by the Committee and granting Milton such other relief as the Court deems appropriate.

| | |
|---|---|
| Dated: April 3, 2025<br>Wilmington, Delaware | GELLERT SEITZ BUSENKELL & BROWN, LLC<br><br>*/s/ Michael Busenkell*<br>Michael Busenkell (No. 3933)<br>1201 North Orange Street, Suite 300<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-5800<br>Facsimile: (302) 425-5814<br>Email: mbusenkell@gsbblaw.com<br><br>*Attorneys for Trevor Milton* |

5