# **<u>EXHIBIT A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.,*[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |

## NOTICE OF RULE 2004 EXAMINATION

Joshua D. Morse, Esq.
Jonathan R. Doolittle, Esq.
PILLSBURY WINTHROP SHAW
 PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, California 94111-5998
joshua.morse@pillsburylaw.com
jonathan.doolittle@pillsburylaw.com

Andrew V. Alfano, Esq.
Caroline Tart, Esq.
Chazz C. Coleman, Esq.
PILLSBURY WINTHROP SHAW
 PITTMAN LLP
31 West 52nd Street
New York, New York 10019
andrew.alfano@pillsburylaw.com
caroline.tart@pillsburylaw.com
chazz.coleman@pillsburylaw.com

M. Blake Cleary, Esq.
Brett M. Haywood, Esq.
Maria Kotsiras, Esq.
Shannon A. Forshay, Esq.
POTTER ANDERSON & CORROON LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
bcleary@potteranderson.com
bhaywood@potteranderson.com
mkotsiras@potteranderson.com
sforshay@potteranderson.com

*Counsel to the Debtors and Debtors in Possession*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

ny-2937424

On or before April 8, 2025, per agreement with Nikola Corp, et al., (collectively, the "Debtors"), and the Official Committee of Unsecured Creditors (the "Committee"), the Debtors will produce to the Committee the documents requested in the Subpoena, attached hereto as **Exhibit A**. Any and all documents will be electronically delivered to: Theresa A. Foudy (tfoudy@mofo.com) and Chané Buck (cbuck@mofo.com), counsel to the Committee.

| | |
|---|---|
| Dated: April 1, 2025 | **MORRIS JAMES LLP** |

*/s/ Eric J. Monzo*
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Siena B. Cerra (DE Bar No. 7290)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
       bkeilson@morrisjames.com
       scerra@morrisjames.com

-and-

**MORRISON & FOERSTER LLP**
Lorenzo Marinuzzi (admitted *pro hac vice*)
Doug Mannal (admitted *pro hac vice*)
Benjamin Butterfield (admitted *pro hac vice*)
Theresa A. Foudy (admitted *pro hac vice*)
Raff Ferraioli (admitted *pro hac vice*)
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
E-mail: lmarinuzzi@mofo.com
       dmannal@mofo.com
       bbutterfield@mofo.com
       tfoudy@mofo.com
       rferraioli@mofo.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

# **EXHIBIT A**

Subpoena

ny-2937424

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re Nikola Corp., et al.,
Debtors.

Case No. 25-10258 (TMH)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Nikola Corp., et al., Attn: Joshua D. Morse, Esq., Jonathan R. Doolittle, Esq., Pillsbury Wintrhop Shaw Pittman LLP, Four Embarcadero Center, 22nd Fl, San Francisco, California 94111-5998

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Exhibit A attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **April 1, 2025**   CLERK OF COURT   OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Eric J. Monzo*
Eric J. Monzo (DE Bar No. 5214)
Morris James LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *Nikola Corp. et al.,* who issues or requests this subpoena, is: Eric J. Monzo, Esq., of Morris James LLP, 500 Delaware Ave., Suite 1500, Wilmington, Delaware 19081. Tel: (302) 888-6800, email: emonzo@morrisjames.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                                      _____
                                                                      *Server's signature*

                                                                      _____
                                                                      *Printed name and title*

                                                                      _____
                                                                      *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**In re: Nikola Corp.,** *et al.*
**Case No. 25-10258 (TMH)**
**District of Delaware**

# EXHIBIT A

1. Any and all of the documents filed and served in the following matters:
   a. N*ikola Corporation v. Trevor R. Milton,* AAA Case No. 01-21-0017-1964 filed with the American Arbitration Association, Commercial Arbitration Tribunal (the "Arbitration").
   b. *Nikola Corporation v. Trevor Milton*, Case No. 2-23-cv-02635-PHX-DJH (Dist. Ariz.).
2. All transcripts of any hearings in the Arbitration.
3. An unredacted copy of any awards or rulings by the tribunal in the Arbitration.
4. All exhibits introduced in any hearings in the Arbitration.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2025, I caused to be filed with the Court electronically, and I caused to be served a true and correct copy of the *Notice of Rule 2004 Examination* upon the parties that are registered to receive notice via the Court's CM/ECF notification system, and additional service was completed by U.S. Mail and/or electronic mail on the parties indicated below.

| | |
|---|---|
| Joshua D. Morse, Esq.<br>Jonathan R. Doolittle, Esq.<br>PILLSBURY WINTHROP SHAW<br> PITTMAN LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, California 94111-5998<br>joshua.morse@pillsburylaw.com<br>jonathan.doolittle@pillsburylaw.com | Andrew V. Alfano, Esq.<br>Caroline Tart, Esq.<br>Chazz C. Coleman, Esq.<br>PILLSBURY WINTHROP SHAW<br> PITTMAN LLP<br>31 West 52nd Street<br>New York, New York 10019<br>andrew.alfano@pillsburylaw.com<br>caroline.tart@pillsburylaw.com<br>chazz.coleman@pillsburylaw.com |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

| | |
|---|---|
| M. Blake Cleary, Esq.<br>Brett M. Haywood, Esq.<br>Maria Kotsiras, Esq.<br>Shannon A. Forshay, Esq.<br>POTTER ANDERSON & CORROON LLP<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>bcleary@potteranderson.com<br>bhaywood@potteranderson.com<br>mkotsiras@potteranderson.com<br>sforshay@potteranderson.com | Timothy Jay Fox, Jr., Esq.<br>Office of the United States Trustee<br>U. S. Department of Justice<br>844 King Street, Suite 2207<br>Lockbox #35<br>Wilmington, DE 19801<br>timothy.fox@usdoj.gov |

*/s/ Eric J. Monzo*
Eric J. Monzo (DE Bar No. 5214)