# **<u>EXHIBIT C</u>**

AMERICAN ARBITRATION ASSOCIATION

Nikola Corporation,

    *Claimant*,

-against-

Trevor R. Milton,

    *Respondent*.

AAA Case No. 01-21-0017-1964

## PROTECTIVE STIPULATION AND ORDER

WHEREAS, this matter comes before the Panel empaneled by the American Arbitration Association ("AAA") by stipulation and agreement between parties Nikola Corporation ("Claimant" or "Nikola") and Trevor R. Milton ("Respondent" or "Milton") (individually, "Party," and collectively, "Parties") for the entry of a Confidentiality Stipulation and Order pursuant to Rules 22 and 23 of the Commercial Arbitration Rules and Mediation Procedures for the AAA, to govern the above-entitled arbitration (the "Arbitration"); and

WHEREAS, the Parties acknowledge that neither the documents, information and materials created, filed, or otherwise disclosed in connection with the proceeding, nor the subject matter of the proceeding, may be shared with or discussed with any non-party outside the context of this proceeding other than as provided herein;

It is hereby ORDERED that:

**I.    DEFINITIONS**

    1.    As used herein:

        A.    "<u>Documents</u>" shall mean any item contemplated within the scope of Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all original,

written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

      B.    "Panel" shall mean arbitrators authorized to hear and adjudicate the above-captioned dispute.

      C.    "Protected Material" shall mean all information, testimony, discovery material and Documents produced, filed, elicited or exchanged in connection with the Arbitration, including, but not limited to, the following:

    i.    all correspondence between or among the Parties, the Panel and/or any non-parties in relation to the Arbitration,

    ii.    all Documents filed in the Arbitration, including all pleadings, motions, submissions, witness statements or other evidence, and all Documents produced (whether by a Party or a non-party) in connection with the Arbitration,

    iii.    all awards, decisions and orders and directions of the Panel to the extent they reflect Protected Material,

    iv.    all records (including recordings), and transcripts of deposition testimony, hearings, meetings and conferences, and

    v.    information contained in or derived from any such Documents, including all copies, extracts, excerpts, and summaries thereof.

Protected Material does not include information or materials that are or become public other than as a result of disclosure in connection with this Arbitration.

      D.    "Producing Party" shall mean the Parties to this Arbitration and any non-parties producing "Protected Material" in connection with discovery, depositions, or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

      E.    "Receiving Party" shall mean the Parties to this Arbitration and/or any non-party receiving "Protected Material" in connection with discovery, depositions, or otherwise.

II. **ACCESS TO AND USE OF PROTECTED MATERIAL.**

1. Protected Materials shall be utilized only for purposes of prosecuting, defending or attempting to settle this Arbitration, and may not be used for any other purpose, other than as described herein.

2. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order.

3. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4. Any person receiving Protected Materials shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Protected Materials so as to prevent unauthorized disclosure.

5. If a Producing Party believes that material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection ("Privileged Material") and was inadvertently produced, the Producing Party may notify any Party that received the information of the claim and the basis for the material being privileged or protected. After receipt of such notice, the Receiving Party to whom the Privileged Material was inadvertently produced shall (i) promptly return or destroy the original and any copies of the Privileged Material in its possession, custody or control; provided that the Receiving Party may retain one copy of such Privileged Material for purposes of objecting to the designation of that material as privileged or protected; (ii) not use or disclose the information until the claim is resolved; and (iii) take reasonable steps to retrieve the information if the Receiving

Party disclosed it before receiving the notice of inadvertent production described in this Paragraph. Nothing in this Stipulation shall be construed as preventing any Party from objecting to the designation of any Documents or testimony as privileged or protected, or from seeking further protection for any material it produces in discovery. The inadvertent production of Privileged Material in this Arbitration shall be without prejudice to any claim that such material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection, and no Party shall be deemed to have waived any claims or arguments due to any inadvertent production.

Notwithstanding the above, Respondent may make applications to the presiding judge in the matter of the *United States v. Milton*, Case 1:21-cr-00478-ER, in the United States District Court for the Southern District of New York to use any Protected Material in that proceeding. Such application shall be filed under seal, in a manner consistent with the rules of that court, and counsel for claimant shall be given notice of the application at the time it is filed.

III.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

6.  Except with the prior written consent of the Producing Party or by Order of the Panel, Protected Material shall not be furnished, shown or disclosed to any person or entity except the following:

   A.  Current and former personnel of the Parties actually engaged in assisting in the arbitration of this dispute and who have been advised of their obligations hereunder;

   B.  counsel for the Parties to this Arbitration and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly employed by counsel or their law firms and are assisting

such counsel in the arbitration of this dispute, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

        C.      expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this arbitration or to give testimony with respect to the subject matter of this arbitration; provided, however, that such Protected Material is furnished, shown or disclosed in accordance with paragraph 7 hereof;

        D.      the Panel and anyone providing administrative or other assistance to members of the Panel in performing their duties;

        E.      the AAA and AAA personnel involved in administering this proceeding;

        F.      an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

        G.      hearing and deposition witnesses, if furnished, shown or disclosed in accordance with paragraph 7, respectively, hereof; and

        H.      any other person agreed to by the Producing Party.

        7.      Before any disclosure of Protected Material is made to (i) an expert witness or consultant, or (ii) a deposition witness, counsel for the Party making such disclosure shall provide to such individual a copy of this Stipulation and Order and obtain his or her written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at the hearing is not required to be supplied.

8. Counsel of record shall maintain a list of all persons to whom that Party discloses Protected Material and shall retain all the executed Certifications. Such list and executed Certifications shall be provided to the adverse party upon order of the Panel for good cause shown.

## IV. MISCELLANEOUS

9. This Stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by application to the Panel or to challenge any designation of confidentiality as inappropriate under the Commercial Arbitration Rules and Mediation Procedures for the American Arbitration Association or other applicable law.

10. This Stipulation shall continue to be binding after the conclusion of this arbitration except that a Receiving Party may seek the written permission of the Producing Party or further order of the Panel with respect to dissolution or modification of the Stipulation.

11. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

12. Within sixty (60) days after the final termination of this Arbitration by settlement or exhaustion of all appeals, all Protected Material produced or designated, including all original and reproductions thereof, shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed, with the exception of any documents designated as Protected Material but determined by the Panel not to be Protected Material and/or other documents designated as Protected Material that the Parties agree, in writing, need not be returned or destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this arbitration that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical

objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of submissions, discovery responses, deposition transcripts and deposition and hearing exhibits, and all awards, decisions and orders and directions of the Panel. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

13.     If a Receiving Party is called upon to produce Protected Material in order to comply with a court or arbitration order, subpoena, or other direction by any law, court, the AAA, administrative agency, or regulatory or legislative body, the Receiving Party from which the Protected Material is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party fourteen (14) business days to object to the production of such Protected Material, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this Paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any law, court or arbitration order, subpoena, or other direction by a court, the AAA, regulatory or administrative agency, or legislative body.

Nothing in this Confidentiality Stipulation and Order shall be construed to limit Nikola's or its shareholders' ability to disclose information regarding the Arbitration as required by their reporting obligations to the Securities and Exchange Commission or other regulatory body.

DATED:    August 3, 2022

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By    *s/ Marc E. Kasowitz*
Marc E. Kasowitz
Daniel J. Fetterman
Ronald R. Rossi
Ryan P. Montefusco
1633 Broadway
New York, NY 10019
(212) 506-1700

Daniel A. Saunders
2029 Century Park East, Suite 2000
Los Angeles, CA 90067
Tel.  (424) 288-7904

*Attorneys for Claimant Nikola Corporation*

HUGHES HUBBARD & REED LLP

By    *s/ Terence Healy*
Terence Healy
One Battery Park Plaza
New York, NY 10004
(212) 837-6338

James Boykin
1775 I Street NW
Washington, DC 20016
(202) 721-4751

*Attorneys for Respondent Trevor R. Milton*

SO ORDERED
[signature]
8/5/22

8

## EXHIBIT "A"

### AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| Nikola Corporation,<br><br>      *Claimant*,<br><br>-against-<br><br>Trevor R. Milton,<br><br>      *Respondent*. | AAA Case No. No. 01-21-0017-1964<br><br>**AGREEMENT WITH RESPECT TO PROTECTED MATERIAL** |

I, _____, state that:

1. My address is _____.

2. My present occupation or job description is _____.

3. I have received a copy of the Confidentiality Stipulation and Order (the "**Stipulation**") entered in the above-captioned Arbitration on _____.

4. I have carefully read and understand the provisions of the Stipulation.

5. I will comply with all of the provisions of the Stipulation.

6. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this Arbitration, any Protected Material that is disclosed to me.

7. I will return all Protected Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Protected Material.

8.   I hereby submit to the jurisdiction of the AAA for the purpose of enforcement of the Stipulation in this Arbitration.


Dated: _____                    _____