**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 157 |

**ORDER (I) APPROVING DE MINIMIS ASSET SALE PROCEDURES
AND RELATED DE MINIMIS SALE TRANSACTIONS;
AND (II) GRANTING RELATED RELIEF**

Upon the Motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to (a) implement the De Minimis Asset Sale Procedures, including the Assumption and Assignment Procedures, and the form and manner of notice thereof; (b) consummate sales and transfers of the De Minimis Assets, free and clear of any Liens without further notice or order from the Court; (c) pay any necessary fees and expenses incurred in connection with the sale of such assets; and this Court having reviewed the Motion; and upon the First Day Declaration and upon the record of the hearing and all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0139); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Any objections to the Motion not resolved or otherwise withdrawn are overruled.

3. Pursuant to Section 363(b) of the Bankruptcy Code, the Debtors are authorized, but not directed, to sell or transfer the De Minimis Assets without any further order of the Court in accordance with the De Minimis Sale Procedures as set forth herein.

4. Any uses, sales, or transfers to "insiders," as that term is defined in section 101(31) of the Bankruptcy Code, as well as any uses, sales, or transfers from a Debtor entity to a non-Debtor affiliate, are excluded from this Order.

5. With regard to sales or transfers of the De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers (each a "De Minimis Asset Purchaser") with an aggregate value[3] greater than $50,000 and equal to or less than $3,000,000, the following De Minimis Asset Sale Procedures are hereby approved; *provided*, *however*, that any De Minimis Sale Transaction with an aggregate selling price equal to or less than $50,000 to a De Minimis Asset Purchaser shall not be subject to the following procedures, and such transaction may be consummated, after three (3) business days advance written notice (email being sufficient) is provided to the Official Committee of Unsecured Creditors (the "Committee"), without further notice or hearing following entry of this Order:

    a. The Debtors are authorized to consummate De Minimis Asset Sale transaction(s) if the Debtors determine in the reasonable exercise of their business judgment, and after consultation with the Committee, that such sales or transfers are in the best interest of their estates without further order of the Court or notice to any party, subject only to the De Minimis Asset Sale Procedures set forth herein;

    b. Any such transaction(s) shall be free and clear of all Liens, with such Liens attaching only to the sale or transfer proceeds, if any, pursuant to section 363 of the

---

[3] For purposes of these De Minimis Asset Sale Procedures, "value" shall refer to the greater of (a) the gross sale price or value set forth in the applicable purchase and sale agreement and (b) the book value of the De Minimis Assets as calculated within the Debtors' reasonable discretion.

        Bankruptcy Code, with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to such sale or transfer;

c. At least seven (7) calendar days prior to the proposed closing of any De Minimis Asset Sale, the Debtors shall give written notice of each sale substantially in the form attached to this Order as **Exhibit 1** (the "De Minimis Asset Sale Notice") by email, if available, or otherwise by overnight delivery to (i) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Timothy J. Fox, Jr. (Timothy.Fox@usdoj.gov)); (ii) proposed counsel to the Committee, proposed counsel to the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attn: Lorenzo Marinuzzi (lmarinuzzi@mofo.com), Douglas Mannal (dmannal@mofo.com), Benjamin Butterfield (bbutterfield@mofo.com), and Raff Ferraioli (rferraioli@mofo.com)); (iii) proposed co-counsel to the Committee, Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com); (iv) the holders of the thirty (30) largest unsecured claims; (v) any known lienholders (including their counsel, if known) with respect to such De Minimis Assets; (vi) any contract counterparties (including their counsel, if known) to any contract proposed to be assumed in connection with such De Minimis Asset Sale; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "De Minimis Asset Notice Parties");

d. The content of the De Minimis Asset Sale Notice shall consist of (i) reasonably specific identification of the proposed De Minimis Assets being sold or transferred; (ii) identification of the proposed De Minimis Asset Purchaser and their relationship (if any) to the Debtors; (iii) the proposed selling price; (iv) any liabilities to be assumed in such De Minimis Asset Sale; (v) cure amounts, if any, to be satisfied by the proposed De Minimis Asset Purchaser; (vi) identification of the holders of any liens, claims, and encumbrances on the De Minimis Assets being sold or transferred as reflected in the Debtors' books and records; and (vii) the material terms of the sale or transfer agreement, including, but not limited to, any payments to be made by the Debtors on account of commissions or other fees to agents, brokers, auctioneers, and liquidators;

e. For each of the Target Contracts to be assumed and assigned pursuant to these procedures, if any, an "Adequate Assurance Package" will be sent to the applicable counterparty not later than twenty-four (24) hours after a De Minimis Asset Purchaser executes an assignment agreement without the need for the applicable counterparty to execute a confidentiality agreement, provided that such counterparty agrees to keep the Adequate Assurance Package confidential and only use or disclose the information as may be necessary to conduct due diligence on the proposed De Minimis Asset Purchaser or object to a proposed assignment of its Target Contract. The Adequate Assurance Package may also include financial statements, tax returns, bank account statements (to the extent such financial statements, tax returns, and bank account statements exist), and any other reasonably necessary documentation that the Debtors deem appropriate;

  f.  If no written objections from the (i) De Minimis Asset Notice Parties are filed with the Court within seven (7) calendar days after service of such De Minimis Asset Sale Notice (or such longer period as agreed to by the Debtors) or (ii) to the extent that the sale involves a Target Contract, no objections from the counterparties to the Target Contracts are filed with the Court within seven (7) calendar days after service of the Adequate Assurance Package (or such longer period as agreed to by the Debtors), then the Debtors are authorized to immediately consummate such sale or transfer; provided that in the event a De Minimis Asset Purchaser requests an order of the Court approving an assumption and assignment, the Debtors shall be permitted to obtain such order through the filing of a certification of counsel;

  g.  If (i) any De Minimis Asset Notice Party files a written objection to any such sale or transfer with the Court within seven (7) calendar days after service of such De Minimis Asset Sale Notice (or such longer period as agreed to by the Debtors) or (ii) any counterparty files a written objection to the De Minimis Asset Purchaser's adequate assurance of future performance within seven (7) calendar days after service of the Adequate Assurance Package, then the relevant De Minimis Asset shall be sold or transferred only upon submission of a consensual form of order resolving the objection as between the Debtors and the objecting party or further order of the Court after notice and a hearing. Any such objections shall be served on the De Minimis Asset Notice Parties; and

  h.  In the event a hearing is required to resolve an objection and a written objection has not otherwise been filed with the Court, the objecting party shall file an objection within seven (7) calendar days of a demand by the Debtors and such objection shall be heard at the next scheduled omnibus hearing date that is at least seven (7) calendar days from the date of the filing of such notice or such other date set by the Court based upon the exigencies of the circumstances surrounding such assignment.

6.  The De Minimis Asset Sale Notice, substantially in the form attached to the Order as **Exhibit 1**, is approved, and no further notice procedures are required unless otherwise directed by the Court.

7.  All buyers shall take assets sold by the Debtors pursuant to the De Minimis Sale Procedures "as is" and "where is," without any representations or warranties from the Debtors as to quality or fitness of such assets for either their intended or any particular purpose.

8.  All buyers shall take the De Minimis Assets sold by the Debtors pursuant to the De Minimis Sale Procedures approved by this Order free and clear of Liens, claims and encumbrances, pursuant to section 363(f) of the Bankruptcy Code. All such Liens, claims and encumbrances shall

4

attach to the proceeds of the sale transaction with the same validity, extent and priority such Lien had immediately prior to the sale of the De Minimis Assets, subject to any rights and defenses of the Debtors with respect thereto.

9. Notwithstanding anything to the contrary in this Order, if the Debtors propose to sell any of the MHCA Equipment (defined below), MHCA (defined below) shall have seven (7) days after receipt of the De Minimis Asset Sale Notice related to such sale to submit to the Debtors a competing offer for the MHCA Equipment, which may include a credit bid (if any) pursuant to section 363(k) of the Bankruptcy Code. For purposes of De Minimis Asset Sale Notices, delivery to MHCA shall be via email to (a) Wayne Pass (wpass@mhccna.com) and to (b) MHCA's counsel, Brian R. Trumbauer (btrumbauer@bodmanlaw.com), Robert J. Diehl, Jr. (rdiehl@bodmanlaw.com) and Matthew Ward (matthew.ward@wbd-us.com). For the avoidance of doubt, any sale of the MHCA Equipment shall be subject to higher and better offers. For purposes of this paragraph, "MHCA Equipment" means that certain equipment under a Security Agreement dated June 3, 2022, as amended by an Amendment to Promissory Note and Amendment to Security Agreement dated August 4, 2022 and a Commercial Lease Agreement dated February 28, 2023, each between Mitsubishi HC Capital America, Inc., successor in interest to Engs Commercial Finance Co. ("MHCA") and Nikola Corporation, in which MHCA asserts a first priority security interest in such equipment.

10. Notwithstanding the foregoing, until the earlier of (a) entry of a final order of judgment in the consolidated litigation captioned as *In re Nikola Corporation Derivative Litigation*, C.A. No. 2022-0023-KSJM (Del. Ch.) (the "Delaware Action"), (b) replacement of the plaintiffs in the Delaware Action with the Debtor Nikola Corporation or the Committee, or (c) the final resolution (including any settlement) of the Delaware Action, the Debtors and any De

Minimis Asset Purchaser seeking approval of a sale or transfer of De Minimis Assets containing any of the Debtors' books, records, documents, files, or electronic data (in whatever format, including native format), potentially relevant to the Delaware Action based on document requests delivered to the Debtors as of such date, wherever stored (collectively, the "Potentially Relevant Books and Records") shall not transfer, or otherwise render unavailable, such Potentially Relevant Books and Records without first providing a copy of the De Minimis Asset Sale Notice by email to counsel to the plaintiffs in the Delaware Action, Lowenstein Sandler LLP (Attn: Michael Etkin (MEtkin@lowenstein.com) and Andrew D. Behlmann (ABehlmann@lowenstein.com)) at least fourteen (14) days prior to the proposed closing of such De Minimis Asset Sale. If counsel to the plaintiffs in the Delaware Action files a written objection with the Court to any such sale or transfer with the Court within fourteen (14) calendar days after service of such De Minimis Asset Sale Notice (or such longer period as agreed to by the Debtors), then the relevant De Minimis Asset shall be sold or transferred only upon submission of a consensual form of order resolving the objection as between the Debtors and counsel to the plaintiffs in the Delaware Action, with the consent of the Committee (not to be unreasonably withheld), or further order of the Court after notice and a hearing. Any such objections shall be served on the De Minimis Asset Notice Parties.

11. The Debtors shall provide a written report or reports, within fourteen (14) calendar days after the preceding twenty-one (21) calendar day period (to the extent De Minimis Asset Sales were consummated for the relevant twenty-one (21) calendar day period), concerning any such sales or transfers made in accordance with the relief granted by this Order (including the names of the purchasing parties, a description of the De Minimis Assets sold, the sale price of such De Minimis Assets, and the net book value of such De Minimis Assets) to the De Minimis Notice Parties and those parties requesting notice under Bankruptcy Rule 2002.

12. The Debtors may withdraw from any De Minimis Asset Sale prior to the consummation of the assumption and assignment of a Target Contract, in their sole discretion, in the event that there is a dispute regarding a cure amount or adequate assurance of future performance, which cannot be resolved in a manner that is satisfactory to the Debtors.

13. This Order shall be immediately effective, notwithstanding any stay imposed by Bankruptcy Rules 6004(h) and 6006(d).

14. This Order shall be sole and sufficient evidence of the transfer of title to any purchaser of a De Minimis Asset pursuant to this Order.

15. Nothing in this Order shall be construed to prevent the Debtors, in their sole discretion, from seeking approval at any time of any proposed sale after notice and an opportunity for a hearing.

16. Nothing in this Order is or should be construed as: (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any other party in interest's rights (including the Committee) to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) a promise to pay any claim, (e) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code, (f) a waiver of the obligation of any party in interest to file a proof of claim, or (g) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Order is not an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute any claim.

17. The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

18. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

 

**Dated: April 7th, 2025**  
**Wilmington, Delaware**

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT 1

**De Minimis Asset Sale Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ENTRY OF DE MINIMIS ASSET SALE
ORDER AND PROPOSED DE MINIMIS ASSET SALE**

  **PLEASE TAKE NOTICE** that Nikola Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), on February 19, 2025 (the "Petition Date"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors are seeking to sell certain of their assets with a fair market value of under $3,000,000 (the "De Minimis Assets"), free and clear of all liens, claims, encumbrances, and other interests.

  **PLEASE TAKE FURTHER NOTICE** that by order dated March [●], 2025 [Docket No. [●]] (the "De Minimis Asset Sale Order"),[2] the Bankruptcy Court approved, among other things, certain procedures for the sale of De Minimis Assets (the "De Minimis Asset Sale Procedures"). All interested parties should carefully read the De Minimis Asset Sale Order and the De Minimis Asset Sale Procedures set forth therein. The De Minimis Asset Sale Order is available upon request to the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC, at NikolaInfo@epiqglobal.com and is available for download from the Case Website, https://dm.epiq11.com/case/nikola.

  **PLEASE TAKE FURTHER NOTICE** that, in accordance with the De Minimis Asset Sale Procedures, the Debtors intend to sell or transfer the De Minimis Assets (the "De Minimis Asset Sale") set forth on **Schedule 1** attached hereto (the "Sale Schedule"). In accordance with the De Minimis Asset Sale Procedures, the Asset Schedule provides (i) reasonably specific identification of the proposed De Minimis Assets being sold or transferred; (ii) identification of the proposed De Minimis Asset Purchaser and their relationship (if any) to the Debtors; (iii) the proposed selling price; (iv) any liabilities to be assumed in such De Minimis Asset Sale; (v) cure amounts, if any, to be satisfied by the proposed De Minimis Asset Purchaser; and (vi) the material terms of the sale or

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the De Minimis Assets Sale Order.

IMPAC - 12117058v.1

transfer agreement, including, but not limited to, any payments to be made by the Debtors on account of commissions or other fees to agents, brokers, auctioneers, and liquidators.

**PLEASE TAKE FURTHER NOTICE** that any objections to the De Minimis Asset Sale, the adequate assurance of future performance of the De Minimis Asset Sale Purchaser (if applicable), or the relief requested in connection therewith (a "Sale Objection"), must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Clerk of this Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, together with proof of service, on or before 4:00 p.m. (ET) on _____ [●], 2025 (the "Sale Objection Deadline"); and (e) be served so as to be actually received on or before the Sale Objection Deadline, upon the following parties (the "Objection Notice Parties"): (i) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Timothy J. Fox, Jr.); (ii) the holders of the thirty (30) largest unsecured claims; (iii) counsel to the Debtors, (a) Pillsbury Winthrop Shaw Pittman LLP, Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111 (Attn: Joshua D. Morse, Jonathan R. Doolittle, and Andrew Alfano), and (b) Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: M. Blake Cleary, Brett M. Haywood, Maria Kotsiras, and Shannon A. Forshay); (iv) proposed counsel to the Official Committee of Unsecured Creditors (the "Committee"), Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attn: Lorenzo Marinuzzi (lmarinuzzi@mofo.com), Douglas Mannal (dmannal@mofo.com), Benjamin Butterfield (bbutterfield@mofo.com), and Raff Ferraioli (rferraioli@mofo.com)); (v) proposed co-counsel to the Committee, Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com); (vi) any known lienholders with respect to such De Minimis Assets; (vi) any contract counterparties to any contract proposed to be assumed in connection with such De Minimis Asset Sale; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE THAT, SHOULD AN OBJECTION BE TIMELY FILED, A HEARING ON THE OBJECTION WILL BE HELD BEFORE THE HONORABLE THOMAS M. HORAN ON _____ [●], 2025, AT [●] _.M. (ET) IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 3RD FLOOR, WILMINGTON, DELAWARE 19801, OR AT SUCH OTHER DATE AND TIME AS MAY BE DETERMINED BY THE DEBTORS OR THE COURT MAY DESIGNATE UPON NOTICE TO AFFECTED PARTIES.**

**PLEASE TAKE FURTHER NOTICE THAT, IF A SALE OBJECTION IS NOT FILED AND SERVED ON OR BEFORE THE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE DE MINIMIS ASSET SALE ORDER, THEN THE DEBTORS SHALL BE AUTHORIZED, PURSUANT TO THE DE MINIMIS ASSET SALE ORDER, TO CONSUMMATE THE PROPOSED DE MINIMIS ASSET SALE IN ACCORDANCE WITH THE TERMS SET FORTH ON THE ATTACHED SALE SCHEDULE WITHOUT FURTHER NOTICE OR HEARING, AND YOU SHALL BE DEEMED TO HAVE WAIVED AND RELEASED ANY RIGHT TO ASSERT SUCH AN OBJECTION.**

| | |
|---|---|
| Dated: March __, 2025<br>Wilmington, Delaware | Respectfully submitted, |
| | */s/ DRAFT* |
| Joshua D. Morse, Esq.<br>Jonathan R. Doolittle, Esq.<br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, California 94111-5998<br>Telephone: (415) 983-1000<br>Facsimile: (415) 983-1200<br>Email: joshua.morse@pillsburylaw.com<br>         jonathan.doolittle@pillsburylaw.com | M. Blake Cleary (No. 3614)<br>Brett M. Haywood (No. 6166)<br>Maria Kotsiras (No. 6840)<br>Shannon A. Forshay (No. 7293)<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: bcleary@potteranderson.com<br>         bhaywood@potteranderson.com<br>         mkotsiras@potteranderson.com<br>         sforshay@potteranderson.com |
| -and- | |
| Andrew V. Alfano, Esq.<br>Chazz C. Coleman, Esq.<br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>31 West 52nd Street<br>New York, New York 10019<br>Telephone: (212) 858-1000<br>Facsimile: (212) 858-1500<br>Email: andrew.alfano@pillsburylaw.com<br>         chazz.coleman@pillsburylaw.com | |

*Counsel to the Debtors and Debtors in Possession*

3

**Schedule 1 to De Minimis Asset Sale Notice**

**Sale Schedule**

(To be filed)