IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nikola Corp., *et al.*,[1] | Case No. 25-10258 (TMH) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 848 and 1326 |

**DECLARATION OF TREVOR MILTON IN SUPPORT
OF ISSO LLC's (I) OBJECTION TO NOTICE OF PROPOSED ORDER APPROVING
AMENDMENT TO SCHEDULE 2.1(B) OF THE ASSET PURCHASE AGREEMENT
BETWEEN SIMONETA, LTD., D/B/A HYROAD ENERGY AND NIKOLA
CORPORATION, (II) REQUEST TO SET ASIDE SALE ORDER OF AUGUST 6, 2025,
AND (III) NOTICE OF SUPERIOR OFFER**

I, Trevor Milton, on behalf of ISSO, LLC ("ISSO"), do hereby declare under oath:

I am over the age of 21 and competent to provide this declaration.

I am an interest holder in ISSO and authorized to speak on its behalf. ISSO is no stranger to this case. ISSO qualified to participate in and did bid on different combinations of Nikola assets for significantly larger amounts at the April 7 auction held in New York City, pursuant to a sale process approved by this Court ("April Auction"). ISSO's ability to close at a significantly higher amount than now for a different set of assets was vetted and verified by the Debtors at the time of the April Auction.

ISSO has readily available funds and is ready to close on the assets in the Simoneta APA as now revised at $7,000,000. Had ISSO known that the assets being approved for sale at the

---

[1] Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are: Nikola Corporation (registered to do business in California as Nikola Truck Manufacturing Corporation) (1153); Nikola Properties, LLC (3648); Nikola Subsidiary Corporation (1876); Nikola Motor Company LLC (0193); Nikola Energy Company LLC (0706); Nikola Powersports LLC (6771); Free Form Factory Inc. (2510); Nikola H2 2081 W Placentia Lane LLC (N/A); 4141 E Broadway Road LLC (N/A); and Nikola Desert Logistics LLC (N/A). The Debtors' headquarters are located at 4141 East Broadway Road, Phoenix, AZ 85040.

August 6, 2025 hearing included the full set of assets now known, it would have been willing to bid more than it did at the time.

When the sale to Simoneta was originally noticed in early August it was impossible to tell exactly what was being sold and not being sold. I never saw the full list of asset schedules until the night prior to the hearing set on 5 days notice.

There are now an additional 10 pages of some 387 IP assets being added to the sale. I have reviewed them and ISSO is interested in acquiring them along with the assets noticed for sale in August and described in the Simoneta APA.

This is the third irregularity in the auction process in this bankruptcy case I have witnessed, each showing me that the Debtors' duty in maximizing asset value to the estate has been compromised.

Since the end of the April Auction, ISSO remained interested in different subsets of Nikola assets and did purchase substantial assets at the August 13 – 15, 2025 Coolidge auction conducted by Investment Recovery Services, Gordon Brothers and HilcoStreambank pursuant to the Court-approved marketing process. I witnessed irregularities in that sale process which caused ISSO to pay substantially more than it should have at that auction. I instructed counsel to put those parties on preservation notice of the irregularities in that auction, and already an adversary complaint brought by the Debtors exists concerning that sale. See 25-52373-TMH, Nikola Corp. v Odin Energy Group, LLC.

I am comfortable that Nikola estate assets have been adequately presented to the market. As part of that process ISSO made multiple purchase offers to Nikola after conclusion of the April Auction. Nikola did not accept any of ISSO's several offers and overtures for acquisition of various Nikola assets in different combinations. Nikola's continued reluctance to move forward with any ISSO offer is unexplained except one vague reference alleging the ISSO offers as not "actionable" (Doc 811, page 4 at footnote 3).

I directed ISSO's counsel to object to the rushed August 6 sale to Simoneta because 1) ISSO had offered to purchase those assets and remained interested in purchasing them, and 2) there

were multiple problems with the Simoneta Offer.  For example, at that time the sale notice and APA were incomplete and required revision and supplementation.  The sale motion (Doc 811) and the Simoneta APA referenced a Schedule 2.1(b), but it was not attached to the Motion or the APA until the day prior to the hearing. Likewise, ISSO referenced Schedule 2.6(a) which was also not included in the record until just prior to the hearing.  A lengthy Schedule 2.1(a) was referenced and attached showing 198 pages of items to be sold.   As originally noticed it was impossible to tell exactly what was being sold and not being sold, and all on an accelerated basis.  Now four months later comes Nikola's request to clean up this sale by adding 10 new pages of 387 IP assets to the list of assets to be included in the sale.  This rushed sale was flawed from the time it was filed and noticed.  ISSO stands by to bid.

     ISSO's current offer of $7,000,000 is over $3,150,000 or 82% larger than that provided by Simoneta. The rushed sale to Simoneta was flawed and the attempt to clean it up now, should allow for the open bidding that was never provided.

     In the event the Court will not reopen the bidding on the August 6 sale, then ISSO is willing to make a separate bid on the 10 pages of 387 IP assets as described.

Dated: Dec. 9, 2025

                                          */s/   Trevor R Milton*
                                          Trevor R. Milton for ISSO, LLC